Steven Weinberg, Esq. (SW4382)
Stewart W. Lee, Esq. (SL7698)
GOTTESMAN, WOLGEL, MALAMY,
FLYNN & WEINBERG, P.C.
11 Hanover Square, 4th Floor
New York, New York 10005
Tel.: (212) 495-0100

*Attorneys for Plaintiff*
*Jefftex International Ltd.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------x
JEFFTEX INTERNATIONAL LTD.,     Civ. Case No.

           Plaintiff,

       -against-               **COMPLAINT**

JPI TRADING CORP. and JOSEPH
SAFDIEH,            Assigned to:

          Defendants.
-------------------------------------------------x

     Plaintiff JEFFTEX INTERNATIONAL LTD. ("JEFFTEX"), by its attorneys,

Gottesman, Wolgel, Malamy, Flynn & Weinberg, P.C., alleges as and for its Complaint

against the above captioned defendants JPI Trading Corp. ("JPI") and Joseph Safdieh

("Safdieh") as follows:

### Jurisdiction and Venue

     1.     The Court has jurisdiction over this action based upon the diversity of

citizenship pursuant to 28 U.S.C. § 1332.

     2.     The amount in controversy, exclusive of interest and costs, exceeds

$75,000.

3.    Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(a) & 1391(c), as defendant JPI resides in this judicial district at the time of the commencement of this action and as a substantial part of the events or omissions giving rise to the JEFFTEX' claim occurred in this judicial district.

## The Parties

4.    Plaintiff JEFFTEX is and was at all times relevant herein, a foreign corporation organized and existing under the laws of the Republic of China, having its principal office at No. 57, Fu Hsing North Road, Taipei, Taiwan, Republic of China. Jefftex is a manufacturer of children's apparel.

5.    Upon information and belief, defendant JPI is and was at all times relevant herein, a corporation duly organized and existing under and by virtue of the laws of the State of New York.

6.    Upon information and belief, JPI maintains a principal place of business at 1370 Broadway, New York, New York 10018.

7.    Upon information and belief, JPI is a resident of the State of New York.

8.    Upon information and belief, JPI is an importer of apparel.

9.    Upon information and belief, defendant SAFDIEH is the president of JPI.

10.    Upon information and belief, defendant SAFDIEH is the chief executive officer of JPI.

11.    Upon information and belief, defendant SAFDIEH is and was at all times relevant herein, a domiciliary of the State of New York.

12.    Upon information and belief, defendant SAFDIEH is and was at all times relevant herein, a resident of the State of New York.

13.     Upon information and belief, defendant SAFDIEH is and was at all times relevant herein, a part-time resident of the State of New York.

14.     Upon information and belief, defendant SAFDIEH is and was at all times relevant herein, a domiciliary of the State of New Jersey.

15.     Upon information and belief, defendant SAFDIEH is and was at all times relevant herein, a resident of the State of New Jersey.

16.     Upon information and belief, defendant SAFDIEH is and was at all times relevant herein, a part-time resident of the State of New Jersey.

**Background**

17.     From time to time, JEFFTEX received purchase orders from JPI for the manufacturing of apparels.

18.     JPI placed these orders with JEFFTEX via telephone, fax and/or e-mails.

19.     All the aforesaid orders were communicated to JEFFTEX' office in Taipei, Taiwan.

20.     JEFFTEX does not have offices in the United States.

21.     The price for the ordered apparel was agreed upon by JPI and JEFFTEX before each order of children's apparel was shipped.

22.     At issue here is the ordered apparel billed under, and which is more particularly described in the following 83 different invoices from JEFFTEX' suppliers (the "Ordered Merchandise"):

| | | |
|---|---|---|
| CZH-03260 | HOL-22-H-2 | JIL-74-J-9 |
| CZH-03261 | HTL-79-HP-11 | JIL-69-J-7 |
| CZH-03262 | HTL-80-HP-12 | JIL-89-J-10 |
| CZH-03326 | HOL-51-H-2 | JIL-110-J-12 |
| CZH-03352 | HTL-63-HP-6 | GHT-111-G-11 |
| CZH-03159 | YBC-115-Y-1 | JIL-112-J-13 |
| CZH-03169 | HTL-116-HP-17 | KIL-23-K-1 |
| CZH-03187 | JIL-117-J-2 | JIL-22-J-4 |

| | | |
|---|---|---|
| CZH-03188 | JIL-118-J-3 | JIL-40-J-7 |
| CZH-03189 | KIL-88-K-7 | GHT-39-G-1 |
| CZH-03190 | HTL-89-HP-13 | KIL-85-K-2 |
| CZH-03191 | GHT-90-G-4 | JIL-86-J-9 |
| CZH-03214 | HTL-92-HHP-14 | GHT-96-G-4 |
| CZH-03219 | HTL-94-HP-15 | HTL-97-HP-3 |
| CZH-03283 | KIL-95-K-8 | JIL-98-J-12 |
| CZH-03286 | GHT-58-G-2 | CZH-03438 |
| GHT-27-G-1 | JIL-60-J-4 | CZH-03439 |
| HTL-47-HP-5 | GHT-25-G-4 | CZH-03430 |
| CZH-03365 | CZH-02032 | CZH-03431 |
| JIL-11-J-1 | KIL-50-K-3 | CZH-03432 |
| CZH-03379 | CZH-03409 | CZH-03433 |
| CZH-00387 | CZH-03410 | CZH-03434 |
| CZH-03428 | CZH-03411 | CZH-03435 |
| KIL-16-K3 | CZH-03416 | CZH-03436 |
| GHT-15-G4 | CZY-040013 | CZH-03437 |
| JIL-66-J4 | CZH-03395 | JIL-100-J-14 |
| JIL-65-J3 | CZH-03396 | |
| | JIL-36-J-2 | |
| | JIL-99-J-13 | |
| | CWL-3-CW-30/11 | |
| | CZY-040066 | |

23.    The total sum due and owed by JPI to JEFFTEX for the Ordered Merchandise was $7,658,843.39 (the "Total Price").

24.    The Total Price is tabulated as follows:

| Invoice No. | Total Price |
|---|---|
| | |
| CZH-03260 | $102,525.00 |
| CZH-03261 | $99,225.00 |
| CZH-03262 | $64,050.00 |
| CZH-03326 | $84,830.00 |
| CZH-03352 | $114,618.50 |
| CZH-03159, CZH-03169, CZH-03187, CZH-03188, CZH-03189, CZH-03190, CZH-03191, CZH-03214, CZH-03219, CZH-03283, CZH-03286 | $641,501.75 |
| GHT-27-G-1 | $89,504.00 |
| HTL-47-HP-5 | $66,048.00 |
| CZH-03365 | $123,985.00 |
| JIL-11-J-1 | $137,440.00 |
| CZH-03379 | $100,400.00 |
| CZH-00387 | $100,619.00 |

| | |
|---|---|
| CZH-03428, KIL-16-K3, GHT-15-G4, JIL-66-J4, JIL-65-J3 | $646,055.20 |
| HOL-22-H-2, HTL-79-HP-11, HTL-80-HP-12, HOL-51-H-2, HTL-63-HP-6, YBC-115-Y-1, HTL-116-HP-17, JIL-117-J-2, JIL-118-J-3, KIL-88-K-7, HTL-89-HP-13, GHT-90-G-4, HTL-92-HHP-14, HTL-94-HP-15, KIL-95-K-8, GHT-58-G-2, JIL-60-J-4, GHT-25-G-4, CZH-02032, KIL-50-K-3 | $1,847,864.88 |
| CZH-03409, CZH-03410, CZH-03411, CZH-03416, CZY-040013 | $433,316.50 |
| CZH-03395, CZH-03396, JIL-36-J-2, JIL-99-J-13, CWL-3-CW-30/11, CZY-040066 | $420,669.75 |
| JIL-74-J-9, JIL-69-J-7, JIL-89-J-10, JIL-110-J-12, GHT-111-G-11, JIL-112-J-13, KIL-23-K-1, JIL-22-J-4, JIL-40-J-7, GHT-39-G-1, KIL-85-K-2, JIL-86-J-9 | $1,135988.31 |
| GHT-96-G-4, HTL-97-HP-3, JIL-98-J-12 | $466,600.00 |
| CZH-03438, CZH-03439, CZH-03430, CZH-03431, CZH-03432, CZH-03433, CZH-03434, CZH-03435, CZH-03436, CZH-03437 | $859,718.25 |
| JIL-100-J-14 | $124,065.00 |
| | |
| **TOTAL PRICE:** | **$7,658,843.39** |

25.     JPI instructed and directed JEFFTEX to ship the Ordered Merchandise.

26.     The original shipping documents for the Ordered Merchandise (the "Shipping Documents"), such as the bills of ladings and visas, must be presented to take possession of and title to the Ordered Merchandise.

27.     Between late 2003 to the middle of 2004, JPI instructed and directed JEFFTEX to release the Shipping Documents before the Total Price was paid in full.

28.     At the time of said instructions and directions were made, there were significant sum of monies due and owing to JEFFTEX by JPI for other merchandise

covered by other invoices, which though were delivered to and accepted by JPI, remained unpaid or partially unpaid.

29.    JPI also claimed to have financial cash-flow problems.

30.    JPI has previously tendered checks to JEFFTEX which could not be negotiated because of insufficient funds.

31.    JPI has previously tendered checks to JEFFTEX which could not be negotiated because JPI issued a stop payment order.

32.    JEFFTEX and JPI eventually negotiated and agreed that JPI will continue to pay down its unpaid debt.

33.    JEFFTEX and JPI also negotiated and agreed that JPI will pay JEFFTEX the sum of $6,617,948.65 for the Ordered Merchandise (the "Total Agreed Price").

34.    JEFFTEX and JPI negotiated and agreed that JPI approved and accepted the Ordered Merchandise for shipment for the Total Agreed Price.

35.    As part of said negotiation and agreement for JEFFTEX to release the Shipping Documents in advance of full payment of the Ordered Merchandise, JPI and SAFDIEH represented and promised to JEFFTEX that JPI would immediately pay a mutually agreed percentage of the Total Agreed Price, with the balance paid by post-dated checks and with the personal guaranty of SAFDIEH guarantying the payment of said balance.

36.    Partial payment was made by JPI to JEFFTEX leaving $4,521,675.26 as the unpaid balance of the Total Agreed Price.

37.    Between late 2003 to the middle of 2004, JPI delivered to JEFFTEX the following twenty-four (24) post-dated checks as payment of the balanced owed on Ordered Merchandise at the Total Agreed Price:

| Check No. | Check Date | Check Sum | Invoice No. |
|---|---|---|---|
|  |  |  |  |
| 3602 | 12/11/2003 | $94,972.50 | CZH-03260 |
| 3357 | 11/20/2003 | $89,302.50 | CZH-03261 |
| 3358 | 11/22/2003 | $57,645.00 | CZH-03262 |
| 3492 | 12/24/2003 | $42,415.00 | CZH-03326 |
| 3542 | 12/27/2003 | $74,502.00 | CZH-03352 |
| 3600<br><br>3601 | 01/07/2004<br><br>02/06/2004 | $301,182.73<br><br>$301,182.73 | CZH-03159, CZH-03169, CZH-03187, CZH-03188, CZH-03189, CZH-03190, CZH-03191, CZH-03214, CZH-03219,CZH-03283, CZH-03286 |
| 3666 | 01/30/2004 | $44,752.00 | GHT-27-G-1 |
| 3668 | 02/01/2004 | $33,024.00 | HTL-47-HP-5 |
| 3802 | 02/10/2004 | $61,992.50 | CZH-03365 |
| 3857 | 02/25/2004 | $68,720.00 | JIL-11-J-1 |
| 3982 | 03/15/2004 | $50,200.00 | CZH-03379 |
| 3988 | 03/20/2004 | $50,309.50 | CZH-00387 |
| 4055 | 04/14/2004 | $323,027.60 | CZH-03428, KIL-16-K3, GHT-15-G4, JIL-66-J4, JIL-65-J3 |
| 3939<br><br>3940<br><br>3941 | 04/21/2004<br><br>05/11/2004<br><br>05/31/2004 | $254,081.00<br><br>$254,081.00<br><br>$254,081.00 | HOL-22-H-2, HTL-79-HP-11, HTL-80-HP-12, HOL-51-H-2, HTL-63-HP-6, YBC-115-Y-1, HTL-116-HP-17, JIL-117-J-2, JIL-118-J-3, KIL-88-K-7, HTL-89-HP-13, GHT-90-G-4, HTL-92-HHP-14, HTL-94-HP-15, KIL-95-K-8, GHT-58-G-2, JIL-60-J-4, GHT-25-G-4, CZH-02032, KIL-50-K-3 |
| 4131 | 04/25/2004 | $216,658.25 | CZH-03409, CZH-03410, CZH-03411, CZH-03416, CZY-040013 |
| 4168 | 03/11/2004 | $210,285.00 | CZH-03395, CZH-03396, JIL-36-J-2, JIL-99-J-13, CWL-3-CW-30/11, CZY-040066 |
| 4090<br><br>4091 | 05/24/2004<br><br>06/23/2004 | $434,515.50<br><br>$434,515.50 | JIL-74-J-9, JIL-69-J-7, JIL-89-J-10, JIL-110-J-12, GHT-111-G-11, JIL-112-J-13, KIL-23-K-1, JIL-22-J-4, JIL-40-J-7, GHT-39-G-1, KIL-85-K-2, |

| | | | JIL-86-J-9 |
|---|---|---|---|
| 4330 | 06/01/2004 | $279,960.00 | GHT-96-G-4, HTL-97-HP-3, JIL-98-J-12 |
| 4331 | 06/10/2004 | $515,830.95 | CZH-03438, CZH-03439, CZH-03430, CZH-03431, CZH-03432, CZH-03433, CZH-03434, CZH-03435, CZH-03436, CZH-03437 |
| 4367 | 06/10/2004 | $74,439.00 | JIL-100-J-14 |
| | | | |
| **TOTAL CHECKS:** | | **$4,521,675.26** | |

38.     The twenty-four (24) checks described above were all post-dated (the "24 Post-Dated Checks"). A true copy of the checks are annexed hereto and made a part hereof as Exhibits A through and including T, each check being having its own exhibit letter.

39.     The 24 Post-Dated Checks totaled $4,521,675.26.

40.     JEFFTEX is the intended beneficiary of the 24 Post-Dated Checks.

41.     JEFFTEX is the holder of the 24 Post-Dated Checks.

42.     JEFFTEX is the assignee of the payee's rights and remedies with respect to the 24 Post-Dated Checks.

43.     During that same period, JPI also delivered to JEFFTEX the following written guaranties of payment by SAFDIEH, who through those instruments personally guaranteed the balance of the payment for the Total Agreed Price for the Ordered Merchandise:

| Guaranty Dated | Guaranty Sum | Invoice No. |
|---|---|---|
| | | |
| 10/14/2003 | $241,920.00 | CZH-03260 |
| | | CZH-03261 |
| | | CZH-03262 |
| 11/10/2003 | $42,415.00 Plus Interest | CZH-03326 |
| | | |

| Date | Amount | References |
|---|---|---|
| 11/18/2003 | $74,502.00 Plus Interest | CZH-03352 |
| 12/02/2003 | $602,365.46 Plus Interest | CZH-03159, CZH-03169, CZH-03187, CZH-03188, CZH-03189, CZH-03190, CZH-03191, CZH-03214, CZH-03219, CZH-03283, CZH-03286 |
| 12/12/2003 | $77,776.00 Plus Interest | GHT-27-G-1 |
| | | HTL-47-HP-5 |
| 12/29/2003 | $61,992.50 Plus Interest | CZH-03365 |
| 01/07/2004 | $68,720.00 Plus Interest | JIL-11-J-1 |
| 02/03/2004 | $50,200.00 | CZH-03379 |
| 02/03/2004 | $50,309.50 | CZH-00387 |
| 02/11/2004 | $323,027.60 | CZH-03428, KIL-16-K3, GHT-15-G4, JIL-66-J4, JIL-65-J3 |
| 01/26/2004 | $762,243.00 | HOL-22-H-2, HTL-79-HP-11, HTL-80-HP-12, HOL-51-H-2, HTL-63-HP-6, YBC-115-Y-1, HTL-116-HP-17, JIL-117-J-2, JIL-118-J-3, KIL-88-K-7, HTL-89-HP-13, GHT-90-G-4, HTL-92-HHP-14, HTL-94-HP-15, KIL-95-K-8, GHT-58-G-2, JIL-60-J-4, GHT-25-G-4, CZH-02032, KIL-50-K-3 |
| 03/03/2004 | $216,658.25 | CZH-03409, CZH-03410, CZH-03411, CZH-03416, CZY-040013 |
| 03/10/2004 | $210,285.00 | CZH-03395, CZH-03396, JIL-36-J-2, JIL-99-J-13, CWL-3-CW-30/11, CZY-040066 |
| 02/24/2004 | 482,795.000 | JIL-74-J-9, JIL-69-J-7, JIL-89-J-10, JIL-110-J-12, GHT-111-G-11, JIL-112-J-13, KIL-23-K-1, JIL-22-J-4, JIL-40-J-7, GHT-39-G-1, KIL-85-K-2, JIL-86-J-9 |
| 04/15/2004 | $795,790.95 | GHT-96-G-4, HTL-97-HP-3, JIL-98-J-12 |
| | | CZH-03438, CZH-03439, CZH-03430, CZH-03431, CZH-03432, CZH-03433, CZH-03434, CZH-03435, CZH-03436, CZH-03437 |
| 04/15/2004 | $74,439.00 | JIL-100-J-14 |

**TOTAL GUARANTEED SUM: $4,135,438.78**

A copy of the each written personal guaranty is annexed hereto as part of the Exhibits A through and including T, with each written personal guaranty directly behind its corresponding check.

44.     Each of the aforementioned written personal guaranties was an absolute and unconditional guaranty of payment.

45.     The written personal guaranty of SAFDIEH was required in addition to the 24 Post-Dated Checks (i) because JPI had in the past delivered numerous checks which when presented for payment were not honored either because insufficient funds or because JPI issued a stop payment on the check, and (ii) because the checks themselves were post-dated.

46.     JEFFTEX could not immediately present the 24 Post-Dated Checks for payment and negotiation since the checks were all post-dated.

47.     Upon receiving both the 24 Post-Dated Checks and written personal guaranties, as they are delivered separately or together from time to time to JEFFTEX' local New York counsel, JEFFTEX would release to JPI the Shipping Documents for those invoices which corresponded to the check and guaranty received.

48.     JPI obtained the original Shipping Documents for the Ordered Merchandise in exchange for the 24 Post-Dated Checks made for the benefit of JEFFTEX and as payment of the Ordered Merchandise.

49.     Sometime after receiving the original Shipping Documents for the Ordered Merchandise and before the date of each of the 24 Post-Dated Checks, JPI placed a stop payment order on each of the 24 Post-Dated Checks.

50. Sometime after receiving the original Shipping Documents for the Ordered Merchandise and before the date of each of the 24 Post-Dated Checks, SAFDIEH placed a stop payment order on each of the 24 Post-Dated Checks.

51. The stop payment order on each of the 24 Post-Dated Checks made it impossible for each check to be paid when they were presented.

52. None of the 24 Post-Dated Checks have been replaced by JPI.

53. Still remaining due, owing and unpaid on the Ordered Merchandised based on the Total Agreed Price is the sum of $4,521,675.26.

54. $4,135,438.78 of $4,521,675.26 sum is personally guaranteed by SAFDIEH for payment.

55. The 24 Post-Dated Checks subject to the stop payment orders created a $4,521,675.26 unpaid debt and monetary obligation owed by JPI to JEFFTEX.

### As and for a First Cause of Action
### (Liability as Drawer/Maker)

56. Plaintiff JEFFTEX repeats and realleges paragraph 1-55 above with the same force and effect as thought the allegation plead therein are separately set forth hereinafter.

57. The 24 Post-Dated Checks totaled $4,521,675.26.

58. Each of the 24 Post-Dated Checks was properly and duly indorsed.

59. Each of 24 Post-Dated Checks was presented for payment but payment was refused because JPI placed a stop payment order on all of the 24 Post-Dated Checks.

60. Each of 24 Post-Dated Checks were presented for payment but payment was refused because SAFDIEH placed a stop payment order on all of the 24 Post-Dated Checks.

61. JPI was the drawer for all of the 24 Post-Dated Checks.

62.    JPI took delivery of and accepted the Ordered Merchandise.

63.    None of the Ordered Merchandise was rejected by JPI.

64.    None of the Ordered Merchandise was returned by JPI.

65.    No claim of defect was communicated to JEFFTEX before the 24 Post-Dated Checks were presented for payment and negotiation.

66.    No claim of non-conformity was communicated to JEFFTEX before the 24 Post-Dated Checks were presented for payment and negotiations.

67.    JPI did not notify JEFFTEX that it placed a stop payment order on the 24 Post-Dated Checks at any time before the checks were presented for payment.

68.    SAFIDEH did not notify JEFFTEX that it placed a stop payment order on the 24 Post-Dated Checks at any time before the checks were presented for payment.

69.    There was no cause or justification for any stop payment order.

70.    Any conditions precedent to the full payment of the checks has been performed or has occurred.

71.    JEFFTEX took these 24 Post-Dated Checks in good faith and for value in payment of the $4,521,675.26 unpaid balance of Total Agreed Price for the Ordered Merchandise.

72.    Notice of the refusal of payment of the check and notice of the stop payment was given to JPI for each of the 24 Post-Dated Checks.

73.    Demands were made upon JPI for the payment of each of the sums represented by the 24 Post-Dated Checks.

74.    Neither payment nor replacement checks were delivered to JEFFTEX as of the date of this Complaint.

75.    There is still $4,521,675.26 due, owing and unpaid on the account of the Ordered Merchandise at the Total Agreed Price.

76.    By reason of the foregoing, plaintiff JEFFTEX is entitled to a judgment against JPI for the sum of $4,521,675.26, the aggregate sum of the 24 Post-Dated Checks, together with interest accruing from the date of each of the 24 Post-Dated Checks.

### As and for a Second Cause of Action
### (Breach of Contract)

77.    Plaintiff JEFFTEX repeats and realleges paragraph 1-76 above with the same force and effect as thought the allegation plead therein are separately set forth hereinafter.

78.    In consideration of JEFFTEX manufacturing and/or procuring the manufacturing of the Ordered Merchandise, JPI promised to pay JEFFTEX for same in the amount equal to the Total Price.

79.    Subsequently thereafter, and pursuant to negotiations and agreements between JEFFTEX and JPI, JEFFTEX sold and delivered the Ordered Merchandise to JPI at the Total Agreed Price.

80.    Subsequently thereafter, and pursuant to the negotiations and agreements between JEFFTEX and JPI, JPI directed and authorized JEFFTEX to ship the Ordered Merchandise to JPI at the Total Agreed Price.

81.    Subsequently thereafter, and pursuant to the negotiation and agreements between JEFFTEX and JPI, JPI purchased and accepted delivery of the Ordered Merchandise from JEFFTEX at the Total Agreed Price.

82.    JPI took possession of the Ordered Merchandise.

83.    JPI took possession of the Ordered Merchandise through its agents, subsidiaries and/or related entities.

84.    No part of the Ordered Merchandise was rejected.

85.    No part of the Ordered Merchandise was returned.

86.    $4,521,675.26 of the Total Agreed Price, is still due, owing and unpaid on the account of the Ordered Merchandise.

87.    Notice of the unpaid balance due on the Ordered Merchandise was given to JPI and demand for the payment was made upon JPI.

88.    No part of $4,521,675.26 unpaid balance of the Total Agreed Price has been paid as of the date of this Complaint.

89.    By reason of the foregoing, plaintiff JEFFTEX is entitled to a judgment against JPI for the sum of $4,521,675.26, the unpaid balance of Total Agreed Price, together with interest accruing from the date JPI took possession of the Ordered Merchandise.

### As and for a Third Cause of Action
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

90.    Plaintiff JEFFTEX repeats and realleges paragraph 1-89 above with the same force and effect as thought the allegation plead therein are separately set forth hereinafter.

91.    Each of the Ordered Merchandise constituted a valid contract between JEFFTEX and JPI.

92.    Implied in every contract and agreement, including the ones for the Ordered Merchandise, is a covenant to refrain from intentionally and purposely doing anything to prevent the other party from receiving the benefits of its agreement.

93.    JPI, by intentionally and purposefully not abiding by the terms of the contract despite representing that it would do so, has breach the parties' contract and implied covenant of good faith and dealing therein.

94.    JPI, by refusing to pay JEFFTEX for the Ordered Merchandise, has frustrated and deprived JEFFTEX from receiving the benefits of its contract.

95.    By reason of the foregoing, plaintiff JEFFTEX is entitled to a judgment against JPI for the sum of $4,521,675.26, the unpaid balance of the Total Agreed Price, together with interest accruing from the date JPI took possession of the Ordered Merchandise.

### As and for a Fourth Cause of Action
### (Account Stated)

96.    Plaintiff JEFFTEX repeats and realleges paragraph 1-95 above with the same force and effect as thought the allegation plead therein are separately set forth hereinafter.

97.    Invoices for the Ordered Merchandises were presented to JPI for payment.

98.    An account was taken and stated between JEFFTEX and JPI for the agreed upon sum due and owing for the Ordered Merchandise, and that agreed upon sum was the Total Agreed Price of $6,617,948.65.

99.    Based on this account stated, a portion of the Total Agreed Price was paid by JPI, leaving $4,521,675.26 as the unpaid balance of the Total Agreed Price.

100.    JPI delivered and tendered 24 Post-Dated Checks totaling in the sum of and equal to $4,521,675.26, the unpaid balance of the Total Agreed Price, as full payment on the account of the invoices for the Ordered Merchandise at the Total Agreed Price.

101.    The payments made by JPI in the form of 24 Post-Dated Checks totaling to the sum of $4,521,675.26, the same sum as unpaid balance of the Total Agreed Price for the Ordered Merchandise, is evidence of, and the reaffirmation of, an "Account Stated".

102.    Demand was duly made upon JPI for the payment of unpaid balance of the Total Agreed Price for the Ordered Merchandise, which entire sum still remains unpaid as of the date hereof.

103.    By reason of the foregoing, plaintiff JEFFTEX is entitled to a judgment against JPI for the sum of $4,521,675.26, the unpaid balance of the Total Agreed Price, together with interest accruing from the date JPI took possession of the Ordered Merchandise.

### As and for a Fifth Cause of Action
### (Promissory Estoppel)

104.    Plaintiff JEFFTEX repeats and realleges paragraph 1-103 above with the same force and effect as thought the allegation plead therein are separately set forth hereinafter.

105.    JPI made clear and unambiguous promises will pay the Ordered Merchandise at the Total Agreed Price.

106.    SAFDIEH made clear and unambiguous promises that JPI and SAFDIEH will pay the Ordered Merchandise at the Total Agreed Price.

107.    JPI made clear and unambiguous promises to accept the Ordered Merchandise at the Total Agreed Price.

108.    SAFDIEH made clear and unambiguous promises that JPI will accept the Ordered Merchandise at the Total Agreed Price.

109.    JEFFTEX reasonably and foreseeably relied on those promises by shipping the Ordered Merchandise to JPI at the Total Agreed Price.

110.    JEFFTEX reasonably and foreseeably relied on those promises by releasing the Shipping Documents for the Ordered Merchandise to JPI.

-16-

111.    JPI's refusal to pay to Jefftex $4,521,675.26, the unpaid balance of the Total Agreed Price, constitutes a breach of its promises.

112.    SAFDIEH's refusal to pay Jefftex the $4,521,675.26, the unpaid balance of Total Agreed Price, constitutes a breach of his promises.

113.    Defendants are now, jointly and severally, estopped from acting it derogation of their promises.

114.    By reason of the foregoing, plaintiff JEFFTEX is entitled to a judgment against Defendants for the sum of $4,521,675.26, the unpaid balance of the Total Agreed Price, together with interest accruing from the date JPI took possession of the Ordered Merchandise.

### As and for a Sixth Cause of Action
### (Quantum Meruit)

115.    Plaintiff JEFFTEX repeats and realleges paragraph 1-114 above with the same force and effect as thought the allegation plead therein are separately set forth hereinafter.

116.    JEFFTEX manufactured the Ordered Merchandise pursuant to JPI's purchase order.

117.    JEFFTEX, through its contractors, manufactured the Ordered Merchandise pursuant to JPI's purchaser order.

118.    The Ordered Merchandise was delivered to JPI.

119.    The Ordered Merchandise was delivered to JPI's agents, subsidiaries or related companies.

120.    JEFFTEX and JPI agreed that the fair and reasonable value of the Ordered Merchandise to be the Total Agreed Price, which was $6,617,948.65.

121.    JPI agreed to pay JEFFTEX the Total Agreed Price

122.    JPI accepted the Ordered Merchandise.

123.    JPI's agent(s) accepted the Ordered Merchandise.

124.    JPI paid a portion of the Total Agreed Price which left an unpaid balance in the sum of $4,521,675.26.

125.    The entire $4,521,675.26 unpaid balance continues to be owe and due.

126.    JPI did not reject the Ordered Merchandise.

127.    JPI did not return the Ordered Merchandise.

128.    JEFFTEX is entitled to payment of the reasonable value of their goods and services which the JPI agreed was the Total Agreed Price, demand for which was duly made upon JPI, but $4,521,675.26 of the Total Agreed Price remains unpaid.

129.    By reason of the foregoing, plaintiff JEFFTEX is entitled to a judgment against JPI for the sum of $4,521,675.26, the unpaid balance of the Total Agreed Price, together with interest accruing from the date JPI took possession of the Ordered Merchandise.

### As and for a Seventh Cause of Action
### (Unjust Enrichment)

130.    Plaintiff JEFFTEX repeats and realleges paragraph 1-129 above with the same force and effect as thought the allegation plead therein are separately set forth hereinafter.

131.    JPI will be unjustly enriched at JEFFTEX' expense.

132.    JPI took delivery of the Ordered Merchandise without paying for same in full at the Total Agreed Price.

133.    No part of the Ordered Merchandise was rejected.

134.    No part of the Ordered Merchandise was returned.

135.    It would be inequitable and against good conscience to permit JPI to keep the Ordered Merchandises without requiring JPI to pay for same in its entirety.

136.    By reason of the foregoing, plaintiff JEFFTEX is entitled to a judgment against JPI for the sum of $4,521,675.26, the unpaid balance of the Total Agreed Price, together with interest accruing from the date JPI took possession of the Ordered Merchandise.

### As and for a Eight Cause of Action
### (Breach of Guaranty)

137.    Plaintiff JEFFTEX repeats and realleges paragraph 1-136 above with the same force and effect as thought the allegation plead therein are separately set forth hereinafter.

138.    SAFDIEH executed and delivered to JEFFTEX his written personal guaranties to pay the monies due and owing by JPI for the various invoices covered by the Ordered Merchandise.  Specifically, those guaranties were:

   a.    a Guaranty of Payment dated October 14, 2003 which guaranteed payment of $241,920.00 of the sums due for invoices CZH03260; CZH03261 and CZH03262 (*See* Exhibits A, B & C);

   b    a Guaranty of Payment dated November 10, 2003 which guaranteed payment of $42,415.00 of the sums due for invoice CZH03326 with interest thereon at the rate of 12% per annum (*See* Exhibit D);

   c.    a Guaranty of Payment dated November 18, 2003 which guaranteed payment of $74,502.03 of the sums due for invoices CZH03352 with interest thereon at the rate of 12% per annum pursuant (*See* Exhibit E);

   d    a Guaranty of Payment dated December 2, 2003 which guaranteed payment of $602,365.45 of the sums due for invoices CZH03159, CZH03169,

CZH03187, CZH03188; CZH03189, CZH03190, CZH03191, CZH03214, CZH03283 and CZH03286 with interest (*See* Exhibit F);

    e.    a Guaranty of Payment dated December 12, 2003 which guaranteed payment of $77,776.00 of the sums due for invoices HTL-47-HP-5 and GHT-27-G-1 with interest thereon at the rate of 12% per annum (*See* Exhibits G & H);

    f    a Guaranty of Payment dated December 29, 2003 which guaranteed payment of $61,992.50 of the due for invoice CZH03365 with interest thereon at the rate of 12% per annum (*See* Exhibit I);

    g.    a Guaranty of Payment dated January 7, 2004 which guaranteed payment of $68,720.00 of the sums due for invoice JIL-11-J-1 with interest thereon at the rate of 12% per annum (*See* Exhibit J);

    h    a Guaranty of Payment dated February 3, 2004 which guaranteed payment of $50,200.00 of the sums due for invoice CZH03379 (*See* Exhibit K);

    i.    a Guaranty of Payment dated February 3, 2004 which guaranteed payment of $50,309.00 of the sums due for invoice CZH03387 (*See* Exhibit L);

    j    a Guaranty of Payment dated February 11, 2004 which guaranteed payment of $323,027.60 of the sums due for invoices CZH03428, KIL-16-K-3, CHT-15-G-4, JIL-66-J-4 and JIL-66-J-3 (*See* Exhibit M;

    k.    a Guaranty of Payment dated January 26, 2004 which guaranteed payment of $762,243.00 of the sums due for invoices HOL-22-H-2, HTL-79-HP-11, HTL-80-HP-12, HOL-51--H-2, HTL-63-HP-6, YBC-115-Y-1, HTL-116-HP-17, JIL-117-J-2, JIL-118-J-3, KIL-88-K-7, HTL-89-HP-13, GHT-90-G-4, HTL-

92-HHP-14, HTL-94-HP-15, KIL-95-K-8, GHT-58-G-2, JIL-60-J-4, GHT-25-G-4, CZH-02032, and KIL-50-K-3 (*See* Exhibit N);

   l. a Guaranty of Payment dated March 3, 2004 which guaranteed payment of $216,658.25 of the sum due for invoices CZH03409, CZH03410, CZH03411, CZH03416; and CZY040013 (*See* Exhibit O);

   m. a Guaranty of Payment dated March 10, 2004 which guaranteed payment of $210,285.00 of the sums due for invoices, CZH03395, CZH03396, JIL-36-J-2, JIL-99-J-13, CWL-03-CW-30/11 and CZY040066 (*See* Exhibit P);

   n. a Guaranty of Payment dated February 24, 2004 which guaranteed payment of $482,795.00 of the sums due for invoices JIL-74-J-9, JIL-69-J-7, JIL-89-J-10, JIL-110-J-12, GHT-111-G-11, JIL-112-J-13, KIL-23-K-1, JIL-22-J-4, JIL-40-J-7, GHT-39-G-1, KIL-85-K-2 and JIL-86-J-9 (*See* Exhibit Q).

   o. a Guaranty of Payment dated April 15, 2004 which guaranteed payment of $795,790.95 of the sums due for invoices CZH03438, CZH03439, CZH03430, CZH03431, CZH03432, CZH03433, CZH03434, CZH03435, CZH03436, CZH03437, GHT-96-G-4, HTL-97-HP-3 and JIL-98-J-12 (*See* Exhibits R & S); and

   p. a Guaranty of Payment dated April 15, 2004 which guaranteed payment of $74,439.00 of the sums due for invoice JIL-100-J-14 (*See* Exhibit T);

  139. Each of the aforesaid written personal guaranties included the following term agreed by SAFDIEH:

> The undersigned [SAFDIEH] further agrees to pay and shall be liable for all costs, expenses, and fees, including attorney fees, which may be incurred by Jefftex in enforcing or attempting to enforce this Guaranty against the undersigned [SAFDIEH]

140.    The total sum guaranteed by the above guaranties, before interest, costs, expenses and fees, total $4,135,438.78.

141.    JPI failed to pay the $4,521,675.26 balance due and owing for Ordered Merchandise.

142.    JPI did not dispute the $4,521,675.26 balance due and owing for the Ordered Merchandise.

143.    JPI did not reject the Ordered Merchandise.

144.    JPI did not return the Ordered Merchandise.

145.    Notices were given to SAFDIEH of JPI's breach and failure to pay the Ordered Merchandise.

146.    Demands were made upon SAFDIEH for SAFDIEH's payments of the sums guaranteed by SAFDIEH, namely, $4,135.438.78, which payments was due and payable immediately upon demand.

147.    SAFDIEH failed to and did not honor his written personal guaranties after demands were made therefore.

148.    SAFDIEH breached his written personal guaranties by failing to pay in accordance of said guaranties.

149.    Said guaranties still remains valid, effective and enforceable as of the date hereof.

150.    By reason of the foregoing, plaintiff JEFFTEX is entitled to a judgment against SAFDIEH for the sum of $4,135,439.25, the aggregate sum SAFDIEH guaranteed and is obligated to pay pursuant to the aforesaid written personal guaranties, together with interest at the rate of 12% per annum as specified by the guaranty or 9% per annum if the guaranty did not specify an interest rate, accruing from the date JPI took

-22-

possession of the Ordered Merchandise, plus all costs, expenses and fees, including attorneys' fees, incurred by JEFFTEX in enforcing the aforesaid guaranties.

### As and for a Ninth Cause of Action
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

151.    Plaintiff JEFFTEX repeats and realleges paragraph 1-150 above with the same force and effect as thought the allegation plead therein are separately set forth hereinafter.

152.    Each of the aforementioned written personal guaranties constituted a valid agreement between JEFFTEX and SAFDIEH.

153.    Implied in every agreement, including those written personal guaranties, is a covenant to refrain from intentionally and purposely doing anything to prevent the other party from receiving the benefits of its agreement.

154.    SAFDIEH, by intentionally and purposefully not abiding by the terms of the written personal guaranties despite representing that it would do so, has breach the parties' agreement and implied covenant of good faith and dealing therein.

155.    SAFDIEH, by refusing to pay JEFFTEX for the sums personally guaranteed, has frustrated and deprived JEFFTEX from receiving the benefits of its agreement.

156.    By reason of the foregoing, plaintiff JEFFTEX is entitled to a judgment against SAFDIEH for the sum of $4,135,439.25, together with interest accruing from the date JPI took possession of the Ordered Merchandise.

### As and for a Tenth Cause of Action
### (Fraud, Fraudulent Inducement and Misrepresentation)

157.    Plaintiff JEFFTEX repeats and realleges paragraph 1-156 above with the same force and effect as thought the allegation plead therein are separately set forth hereinafter.

158.    JPI has an ongoing pattern and history of non-payment and delinquent payment, with aged accounts in the millions of dollars.

159.    Because of the aged accounts, JEFFTEX refused to release Ordered Merchandise ordered by and manufactured for JPI without advance payment and security by a third-party.

160.    In order to induce JEFFTEX to release the Shipping Documents for the Ordered Merchandise to JPI in lieu of actual collection and verification of full payment, JPI and SAFDIEH jointly and severally requested that JEFFTEX accept the 24 Post-Dated Checks as payment of the sums due for the Ordered Merchandise together with the written personal guaranties of SAFDIEH.

161.    JPI and SAFDIEH jointly and severally represented that JEFFTEX will be paid in full for the Ordered Merchandise at the Total Agreed Price.

162.    JEFFTEX relying upon the representations of JPI and SAFDIEH, accepted the 24 Post-Dated Checks and SAFDIEH's written personal guaranties, and upon which released the original Shipping Documents to JPI for the Ordered Merchandise.

163.    The 24 Post-Dated Checks were duly and properly indorsed and presented for payment, but payment thereon was refused because of JPI's stop payment order on each of the 24 Post-Dated Checks.

164.    The stop payment orders prevented JEFFTEX from actually receiving the payment for the Ordered Merchandise.

165.    None of the Ordered Merchandise was rejected.

166.    None of the Ordered Merchandise was returned.

167.    No claim of defect was communicated to JEFFTEX before the 24 Post-Dated Checks were presented for payment and negotiation.

168.    No claim of non-conformity was communicated to JEFFTEX before the 24 Post-Dated Checks were presented for payment and negotiations.

169.    JPI did not notify JEFFTEX that it placed a stop payment order on the 24 Post-Dated Checks at any time before the checks were presented for payment.

170.    SAFIDEH did not notify JEFFTEX that it placed a stop payment order on the 24 Post-Dated Checks at any time before the checks were presented for payment.

171.    There is no cause or justification for the stop payment orders.

172.    JPI never intended to pay for the Ordered Merchandise.

173.    SAFDIEH never intended to pay for the Ordered Merchandise.

174.    JPI caused a stop payment order on each of the 24 Post-Dated Checks.

175.    SAFDIEH caused a stop payment order on each of the 24 Post-Dated Checks.

176.    JPI and SAFDIEH, jointly and severally, affirmatively made material statements and representations alleged herein and that they knew the statements to be false, for the purpose of and to fraudulently induce JEFFTEX to release the shipping documents for the Ordered Merchandise, which statements and representations JEFFTEX reasonably believed and relied upon when it released said shipping documents.

177.    JPI and SAFDIEH, jointly and severally, fraudulently induced and misrepresented JPI's payment of the Ordered Merchandise by issuing what appeared to

be valid negotiable checks, and upon receiving the shipping documents it sought from JEFFTEX, JPI then issued stop payment orders thereon.

178.    JPI and SAFDIEH, jointly and severally, knew: that JPI would rely on written personal guarantees of SAFDIEH; that JEFFTEX would not accept the 24 Post-Dated Checks without the additional security of the written personal guaranties of SAFDIEH; and that this reliance would cause JEFFTEX damage.

179.    As a consequence of JEFFTEX' reliance upon the aforesaid statements, representations, 24 Post-Dated Checks and the written personal guaranties of SAFDIEH, JEFFTEX was damaged by the sum of 4,521,675.26, the unpaid balance of Total Agreed Price for the Ordered Merchandises, together with interest accruing from the date JPI took possession of the Ordered Merchandise.

180.    By reason of the foregoing, plaintiff JEFFTEX is entitled to a judgment based upon fraud, fraudulent inducement and/or misrepresentations against JPI and SAFDIEH, jointly and severally, for the sum of $4,521,675.26, the unpaid balance of the Total Agreed Price for the Ordered Merchandise, together with interest accruing from the date JPI took possession of the Ordered Merchandise, as well as an award for PUNITIVE DAMAGES.

### As and for an Eleventh Cause of Action
### (Alter Ego)

181.    Plaintiff JEFFTEX repeats and realleges paragraph 1-180 above with the same force and effect as thought the allegation plead therein are separately set forth hereinafter.

182.    JPI exists solely to serve SAFDIEH.

183.    SAFDIEH exercised complete dominion and control of JPI.

184.    JPI is operated with a complete disregard of corporate formalities.

-26-

185.    JPI is operated with inadequate capitalization.

186.    JPI has an overlap in ownership, officers, directors and personnel, and shares common office spaces, address and telephone numbers other entities where SAFDIEH is or was the president, chief executive officer, chairman or controlling person.

187.    JPI is a vehicle used by SAFDIEH to pay for his personal obligations.

188.    JPI is the alter ego of SAFDIEH.

189.    The adherence to the fiction of a separate corporate existence of JPI from SAFDIEH would result in an injustice to JEFFTEX.

190.    By reason of the foregoing, the corporate identity of JPI should be disregarded and the court should find JPI and SAFDIEH, jointly and severally, liable to JEFFTEX for the sum of $4,521,675.26, which is the unpaid balance of the Total Agreed Price as well as the aggregate sum of the 24 Post-Dated Checks, together with interest accruing from the date JPI took possession of the Ordered Merchandise.

**WHEREFORE,** plaintiff JEFFTEX demands judgment in favor of plaintiff JEFFTEX and against the above captioned defendants as follows:

a.    on the First Cause of Action, a judgment against defendant JPI in the sum of $4,521,675.26, the aggregate sum of the 24 Post-Dated Checks, together with interest accruing from the date of each of the 24 Post-Dated Checks;

b.    on the Second Cause of Action, a judgment against defendant JPI in the sum of $4,521,675.26, the unpaid balance of the Total Agreed Price, together with interest accruing from the date JPI took possession of the Ordered Merchandise;

-27-

c.      on the Third Cause of Action, a judgment against defendant JPI in the sum
        of $4,521,675.26, the unpaid balance of the Total Agreed Price, together
        with interest accruing from the date JPI took possession of the Ordered
        Merchandise;

d.      on the Fourth Cause of Action, a judgment against defendant JPI in the
        sum of $4,521,675.26, the unpaid balance of the Total Agreed Price,
        together with interest accruing from the date JPI took possession of the
        Ordered Merchandise;

e.      on the Fifth Cause of Action, a judgment against defendants JPI and
        SAFDIEH in the sum of $4,521,675.26, the unpaid balance of the Total
        Agreed Price, together with interest accruing from the date JPI took
        possession of the Ordered Merchandise;

f.      on the Sixth Cause of Action, a judgment against defendant JPI in the sum
        of $4,521,675.26, the unpaid balance of the Total Agreed Price, together
        with interest accruing from the date JPI took possession of the Ordered
        Merchandise;

g.      on the Seventh Cause of Action, a judgment against defendant JPI in the
        sum of $4,521,675.26, the unpaid balance of the Total Agreed Price,
        together with interest accruing from the date JPI took possession of the
        Ordered Merchandise;

h.      on the Eight Cause of Action, a judgment against defendant SAFDIEH in
        the sum of $4,135,439.25, the aggregate sum SAFDIEH guaranteed to pay,
        together with interest at the rate of 12% per annum if the guaranty
        specified the rate of interest or 9% per annum if the guaranty did not

-28-

specify an interest rate, accruing form the date JPI took possession of the Ordered Merchandise, plus all costs, expenses and fees, including attorney's fees, incurred by JEFFTEX in enforcing the aforesaid guaranties;

i.    on the Ninth Cause of Action, a judgment against defendant SAFDIEH in the sum of $4,135,439.25, together with interest accruing from the date of JPI took possession of the Order Merchandise;

j.    on the Tenth Cause of Action, a judgment based upon fraud against JPI and SAFDIEH, jointly and severally, in the sum of $4,521,675.26, the unpaid balance of the Total Agreed Price, together with interest accruing from the date JPI took possession of the Ordered Merchandise, as well as an award for punitive damages.;

k.    on the Eleventh Cause of Action, a judgment that JPI and Safdieh are alter ego and the corporate identify of JPI should be disregarded, and a judgment against JPI and SAFDIEH, jointly and severally, in the sum of $4,521,675.26, which is the unpaid balance of the Total Agreed Price as well as the aggregate sum of the 24 Post-Dated Checks, together with interest accruing from the date JPI took possession of the Ordered Merchandise; and

l.    together with costs, expenses, attorneys fees and disbursements, and such other and further relief as this Court deems just and proper.

Dated: New York, New York
       November 19, 2007

GOTTESMAN, WOLGEL, MALAMY,
FLYNN & WEINBERG, P.C.

By: _____
    STEVEN WEINBERG (SW4382)
    STEWART W. LEE (SWL7698)
    11 Hanover Square
    New York, NY 10005
    Tel. (212) 495-0100

*Attorneys for Plaintiff*
*Jefftex International Ltd.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEFFTEX INTERNATIONAL LTD.,

Plaintiff,

JPI TRADING CORP. and JOSEPH SAFDIEH

Defendants.

COPY

## COMPLAINT

**GOTTESMAN, WOLGEL, MALAMY,
FLYNN & WEINBERG, P.C.**

Attorneys for          Plaintiff

11 HANOVER SQUARE
NEW YORK, N.Y. 10005
TEL. NO. (212) 495-0100
FAX NO. (212) 480-9797

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.*

Dated: ................................          Signature ...................................................................................................

                                                Print Signer's Name..............................................................................

*Service of a copy of the within*                                                    *is hereby admitted.*

Dated:

                                                ..................................................................................
                                                *Attorney(s) for*

*PLEASE TAKE NOTICE*

☐          *that the within is a (certified) true copy of a*
NOTICE OF  *entered in the office of the clerk of the within-named Court on*                    *20*
ENTRY

☐          *that an Order of which the within is a true copy will be presented for settlement to the*
NOTICE OF  *Hon.                              , one of the judges of the within-named Court,*
SETTLEMENT *at*
           *on                    20        , at              M.*

Dated:                                          GOTTESMAN, WOLGEL, MALAMY,
                                                FLYNN & WEINBERG, P.C.
                                        *Attorneys for*

To:                                             11 HANOVER SQUARE
                                                NEW YORK, N.Y. 10005
                                                TEL. NO. (212) 495-0100
                                                FAX NO. (212) 480-9797

# PLAINTIFF'S EXHIBIT A

JPI TRADING CORP.

| REFERENCE NO. | DESCRIPTION | INVOICE DATE | INVOICE AMOUNT | DISCOUNT TAKEN | AMOUNT PAID |
|---|---|---|---|---|---|
| CZH03260 | 75% OLD | | 105,525.00 | | 79,143.75 |
| CZH03260 | 15% OLD | | 105,525.00 | | 15,828.75 |

*Replaces check# 3306* 11/6/04

| CHECK DATE | CHECK NO. | PAYEE | | CHECK AMOUNT |
|---|---|---|---|---|
| 12/11/2003 | 3602 | JEFF YOUNG | | 94,972.50 |

3602

---

1370 BROADWAY, STE 1200
NEW YORK, NY 10018

NFB
NORTH FORK BANK
MATTITUCK, NY 11952
50-570/214

3602

CHECK NO.        DATE                AMOUNT
3602          December 11, 2003*********$94,972.50

PAY
TO THE
ORDER
OF        JEFF YOUNG

Ninety Four Thousand Nine Hundred Seventy Two and 50/100 Dollars

MEMO: 75% + 15% OLD
Invoice #CZH03260

STOP PAYMENT

AUTHORIZED SIGNATURE

⑆00360⑆ ⑈0214087040⑈ 2704 0446 3⑈

Security Features Included   Details on Back.

Oct-15-03 01:19P PAN & CHU LLP                 2123919780        P.01

# GUARANTY OF PAYMENT

In consideration of Jefftex International Ltd (Jefftex), releasing the invoices Nos. **CZH03285, O3260, 03261, 03262** and the related import documents, without full payment therefor, to JPI Trading Corp. (JPI), the undersigned guarantees unto Jefftex, its successors, or assigns, the prompt payment by JPI, of all promissory notes, or other negotiable instruments or other evidences of indebtedness made by JPI with Jefftex, representing unpaid balance in an amount equal to **75%** plus **15%** of the value of such invoices, within thirty (30) days from the date hereof, with interest at **12%** per annum after thirty (30) days, all in accordance with the tenor and effect of such promissory notes and other negotiable instrument or evidences of indebtedness.

It is the intent of the undersigned that this Guaranty shall constitute an absolute, unconditional and continuing guaranty of JPI's obligations for the purposes hereinbefore set forth, to be and continue in full force and effect until JPI's aforesaid obligations are paid in full.

The undersigned further agrees to pay and shall be liable for all costs, expenses, and fees, including attorney fees, which may be incurred by Jefftex in enforcing or attempting to enforce this Guaranty against the undersigned.

The obligations hereof shall survive the demise or death of the undersigned guarantor and shall be binding on the estate of the deceased the same as though such death had not occurred.

The undersigned hereby waive notice of advancements hereunder, demand for payment, notice of default, notice of extension of time of payment of said obligations, or notice or renewal thereof, and all rights it might otherwise have to require Jefftex, as condition to requiring the undersigned to perform hereunder, to first (i) institute suite, obtain a judgment, or exhaust any remedies against JPI or any others liable on such obligations, (ii) make any other efforts at collection, or (iii) require Jefftex to join JPI as a party in any suit on this Guaranty.

Dated: New York, New York
      October 14, 2003

In the Presence of

_____  ___           _____          _____
                                                              Joseph Sardieh

## GUARANTY OF PAYMENT

In consideration of Jefftex International Ltd. (Jefftex), releasing the invoices Nos. **CZH03285, O3260, 03261, 03262** and the related import documents, without full payment therefor, to JPI Trading Corp. (JPI), the undersigned guarantees unto Jefftex, its successors, or assigns, the prompt payment by JPI, of all promissory notes, or other negotiable instruments or other evidences of indebtedness made by JPI with Jefftex, representing unpaid balance in an amount equal to 75% plus 15% of the value of such invoices, within thirty (30) days from the date hereof, with interest at 12% per annum after thirty (30) days, all in accordance with the tenor and effect of such promissory notes and other negotiable instrument or evidences of indebtedness.

It is the intent of the undersigned that this Guaranty shall constitute an absolute, unconditional and continuing guaranty of JPI's obligations for the purposes hereinbefore set forth, to be and continue in full force and effect until JPI's aforesaid obligations are paid in full.

The undersigned further agrees to pay and shall be liable for all costs, expenses, and fees, including attorney fees, which may be incurred by Jefftex in enforcing or attempting to enforce this Guaranty against the undersigned.

~~The obligations hereof shall survive the demise or death of the undersigned guarantor and shall be binding on the estate of the deceased the same as though such death had not occurred.~~

The undersigned hereby waive notice of advancements hereunder, demand for payment, notice of default, notice of extension of time of payment of said obligations, or notice or renewal thereof, and all rights it might otherwise have to require Jefftex, as condition to requiring the undersigned to perform hereunder, to first (i) institute suite, obtain a judgment, or exhaust any remedies against JPI or any others liable on such obligations, (ii) make any other efforts at collection, or (iii) require Jefftex to join JPI as a party in any suit on this Guaranty.

Dated: New York, New York
         October 14, 2003

In the Presence of

Najmson Adens                          Joseph Safdieh         10/15/03

# PLAINTIFF'S EXHIBIT B

JPI TRADING CORP.
1370 BROADWAY, STE 1200
NEW YORK, NY 10018

NFB
NORTH FORK BANK
MATTITUCK, NY 11952
50-870/214

2004 JAN 2 CHECK NO.
3357-2 03

DATE
Nov. 20, 2003

AMERASIA BANK
08

3357

AMOUNT
************$89,302.50

PAY
TO THE
ORDER
OF

· Jeff Young

Memo: 75% plus 15% old
Invoice #CZH03261

· Eighty Nine Thousand Three Hundred Two & 50/100 Dollars

STOP PAYMENT

AUTHORIZED SIGNATURE

Security Features Included    Details on Back.

⑈003357⑈  ⑆0214087041⑆  27040446³⑈  ⑆0008930250⑈

**JPI TRADING CORP.**

| CHECK DATE | CHECK NO. | PAYEE | | | | | | CHECK AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 11/20/03 | 3357 | Jeff Young | | | | | | 89302.50 |

| REFERENCE NO. | DESCRIPTION | INVOICE DATE | INVOICE AMOUNT | DISCOUNT TAKEN | AMOUNT PAID |
|---|---|---|---|---|---|
| 15% old 75% | CZH03261 CZH03261 | | 99225.00 " | | 14883.75 74418.75 |

3357

Oct-15-03 01:19P PAN & CHU LLP                    2123919780                    P.01

# GUARANTY OF PAYMENT

In consideration of Jefftex International Ltd (Jefftex), releasing the invoices Nos. CZH03285, O3260, 03261, 03262 and the related import documents, without full payment therefor, to JPI Trading Corp. (JPI), the undersigned guarantees unto Jefftex, its successors, or assigns, the prompt payment by JPI, of all promissory notes, or other negotiable instruments or other evidences of indebtedness made by JPI with Jefftex, representing unpaid balance in an amount equal to 75% plus 15% of the value of such invoices, within thirty (30) days from the date hereof, with interest at 12% per annum after thirty (30) days, all in accordance with the tenor and effect of such promissory notes and other negotiable instrument or evidences of indebtedness.

It is the intent of the undersigned that this Guaranty shall constitute an absolute, unconditional and continuing guaranty of JPI's obligations for the purposes hereinbefore set forth, to be and continue in full force and effect until JPI's aforesaid obligations are paid in full.

The undersigned further agrees to pay and shall be liable for all costs, expenses, and fees, including attorney fees, which may be incurred by Jefftex in enforcing or attempting to enforce this Guaranty against the undersigned.

The obligations hereof shall survive the demise or death of the undersigned guarantor and shall be binding on the estate of the deceased the same as though such death had not occurred.

The undersigned hereby waive notice of advancements hereunder, demand for payment, notice of default, notice of extension of time of payment of said obligations, or notice or renewal thereof, and all rights it might otherwise have to require Jefftex, as condition to requiring the undersigned to perform hereunder, to first (i) institute suite, obtain a judgment, or exhaust any remedies against JPI or any others liable on such obligations, (ii) make any other efforts at collection, or (iii) require Jefftex to join JPI as a party in any suit on this Guaranty.

Dated: New York, New York
       October 14, 2003

In the Presence of

Joseph Saidieh

## GUARANTY OF PAYMENT

In consideration of Jefftex International Ltd. (Jefftex), releasing the invoices Nos. **CZH03285, O3260, 03261, 03262** and the related import documents, without full payment therefor, to JPI Trading Corp. (JPI), the undersigned guarantees unto Jefftex, its successors, or assigns, the prompt payment by JPI, of all promissory notes, or other negotiable instruments or other evidences of indebtedness made by JPI with Jefftex, representing unpaid balance in an amount equal to 75% plus 15% of the value of such invoices, within thirty (30) days from the date hereof, with interest at 12% per annum after thirty (30) days, all in accordance with the tenor and effect of such promissory notes and other negotiable instrument or evidences of indebtedness.

It is the intent of the undersigned that this Guaranty shall constitute an absolute, unconditional and continuing guaranty of JPI's obligations for the purposes hereinbefore set forth, to be and continue in full force and effect until JPI's aforesaid obligations are paid in full.

The undersigned further agrees to pay and shall be liable for all costs, expenses, and fees, including attorney fees, which may be incurred by Jefftex in enforcing or attempting to enforce this Guaranty against the undersigned.

~~The obligations hereof shall survive the demise or death of the undersigned guarantor and shall be binding on the estate of the deceased the same as though such death had not occurred.~~

The undersigned hereby waive notice of advancements hereunder, demand for payment, notice of default, notice of extension of time of payment of said obligations, or notice or renewal thereof, and all rights it might otherwise have to require Jefftex, as condition to requiring the undersigned to perform hereunder, to first (i) institute suite, obtain a judgment, or exhaust any remedies against JPI or any others liable on such obligations, (ii) make any other efforts at collection, or (iii) require Jefftex to join JPI as a party in any suit on this Guaranty.

Dated: New York, New York
        October 14, 2003

In the Presence of

Naymoon Allenis

Joseph Safdieh       10/15/03

# PLAINTIFF'S EXHIBIT C

**JPI TRADING CORP.**
1370 BROADWAY, STE 1200
NEW YORK, NY 10018

3358

CHECK NO. 3358

2004 JAN -5 PM 3:42

NFB
NORTH FORK BANK
MATTITUCK, NY 11952
14

AMERI-STAT

Nov. 22, 2003

AMOUNT
************$57,645.00

PAY TO THE ORDER OF:  Jeff Young

Fifty Seven Thousand Six Hundred Forty Five and 00/100 Dollars

STOP PAYMENT

Memo: 75% plus 15% old
Invoice #CZH03262

AUTHORIZED SIGNATURE

⑆003358⑆ ⑈0 2 1408 704⑇ 2704 0 44 63 ⑈ ⑆ 1⑈

⑆0002801148⑇     ⑈0005764500⑈

"0005764500"

— Security Features Included ▣ ▷ Details on Back.

---

**JPI TRADING CORP.**

| REFERENCE NO. | DESCRIPTION | INVOICE DATE | INVOICE AMOUNT | DISCOUNT TAKEN | AMOUNT PAID |
|---|---|---|---|---|---|
| CHECK DATE | CHECK NO. | PAYEE | | DISCOUNTS TAKEN | CHECK AMOUNT |
| 15% old | CZH03262 | | 64050.00 | | 9607.50 |
| 75% | CZH03262 | | " | | 48037.50 |
| 11/22/03 | 3358 | Jeff Young | | | 57645.00 |

3358

Oct-15-03 01:19P PAN & CHU LLP

# GUARANTY OF PAYMENT

In consideration of Jefftex International Ltd (Jefftex), releasing the invoices Nos. CZH03285, 03260, 03261, 03262 and the related import documents, without full payment therefor, to JPI Trading Corp. (JPI), the undersigned guarantees unto Jefftex, its successors, or assigns, the prompt payment by JPI, of all promissory notes, or other negotiable instruments or other evidences of indebtedness made by JPI with Jefftex, representing unpaid balance in an amount equal to 75% plus 15% of the value of such invoices, within thirty (30) days from the date hereof, with interest at 12% per annum after thirty (30) days, all in accordance with the tenor and effect of such promissory notes and other negotiable instrument or evidences of indebtedness.

It is the intent of the undersigned that this Guaranty shall constitute an absolute, unconditional and continuing guaranty of JPI's obligations for the purposes hereinbefore set forth, to be and continue in full force and effect until JPI's aforesaid obligations are paid in full.

The undersigned further agrees to pay and shall be liable for all costs, expenses, and fees, including attorney fees, which may be incurred by Jefftex in enforcing or attempting to enforce this Guaranty against the undersigned.

The obligations hereof shall survive the demise or death of the undersigned guarantor and shall be binding on the estate of the deceased the same as though such death had not occurred.

The undersigned hereby waive notice of advancements hereunder, demand for payment, notice of default, notice of extension of time of payment of said obligations, or notice or renewal thereof, and all rights it might otherwise have to require Jefftex, as condition to requiring the undersigned to perform hereunder, to first (i) institute suite, obtain a judgment, or exhaust any remedies against JPI or any others liable on such obligations, (ii) make any other efforts at collection, or (iii) require Jefftex to join JPI as a party in any suit on this Guaranty.

Dated: New York, New York
        October 14, 2003

In the Presence of

Joseph Sardieh

## GUARANTY OF PAYMENT

In consideration of Jefftex International Ltd. (Jefftex), releasing the invoices Nos. CZH03285, O3260, 03261, 03262 and the related import documents, without full payment therefor, to JPI Trading Corp. (JPI), the undersigned guarantees unto Jefftex, its successors, or assigns, the prompt payment by JPI, of all promissory notes, or other negotiable instruments or other evidences of indebtedness made by JPI with Jefftex, representing unpaid balance in an amount equal to 75% plus 15% of the value of such invoices, within thirty (30) days from the date hereof, with interest at 12% per annum after thirty (30) days, all in accordance with the tenor and effect of such promissory notes and other negotiable instrument or evidences of indebtedness.

It is the intent of the undersigned that this Guaranty shall constitute an absolute, unconditional and continuing guaranty of JPI's obligations for the purposes hereinbefore set forth, to be and continue in full force and effect until JPI's aforesaid obligations are paid in full.

The undersigned further agrees to pay and shall be liable for all costs, expenses, and fees, including attorney fees, which may be incurred by Jefftex in enforcing or attempting to enforce this Guaranty against the undersigned.

~~The obligations hereof shall survive the demise or death of the undersigned guarantor and shall be binding on the estate of the deceased the same as though such death had not occurred.~~

The undersigned hereby waive notice of advancements hereunder, demand for payment, notice of default, notice of extension of time of payment of said obligations, or notice or renewal thereof, and all rights it might otherwise have to require Jefftex, as condition to requiring the undersigned to perform hereunder, to first (i) institute suite, obtain a judgment, or exhaust any remedies against JPI or any others liable on such obligations, (ii) make any other efforts at collection, or (iii) require Jefftex to join JPI as a party in any suit on this Guaranty.

Dated: New York, New York
      October 14, 2003

In the Presence of

_Najmeen Alleris_

_Joseph Safdieh_ — 10/15/03

# PLAINTIFF'S EXHIBIT D

**JPI TRADING CORP.**

| REFERENCE NO. | DESCRIPTION | INVOICE DATE | INVOICE AMOUNT | DISCOUNT TAKEN | AMOUNT PAID |
|---|---|---|---|---|---|
| CZH-03326 | 50% | 11/10/03 | 84,830.00 | | 42,415.00 |

| CHECK DATE | CHECK NO. | PAYEE | | DISCOUNTS TAKEN | CHECK AMOUNT |
|---|---|---|---|---|---|
| 12/24/2003 | 3492 | JEFF YOUNG | | | 42,415.00 |

3492

---

**JPI TRADING CORP.**
1370 BROADWAY, STE 1200
NEW YORK, NY 10018

3492

MEMO: 50% ON INVOICE #CZH-03326

AMERASIA BANK
NORTH FORK BANK
MATTITUCK, NY 11952
NFB
90-870/214

FORTY TWO THOUSAND FOUR HUNDRED FIFTEEN AND 00/100 DOLLARS

STOP PAYMENT

2004 JANUARY 08
3492         12-03

DATE
DECEMBER 24, 2003***********$42,415.00

PAY
TO THE
ORDER
OF

JEFF YOUNG

AUTHORIZED SIGNATURE

AMOUNT
$42,415.00

3492

## GUARANTY OF PAYMENT

In consideration of Jefftex International Ltd. (Jefftex), releasing the invoices Nos. CZH03326, and the related import documents, without full payment therefor, to JPI Trading Corp. (JPI), the undersigned guarantees unto Jefftex, its successors, or assigns, the prompt payment by JPI, of all promissory notes, or other negotiable instruments or other evidences of indebtedness made by JPI with Jefftex, representing unpaid balance in an amount equal to 50% plus 15% of the value of such invoices, within thirty (30) days from the date hereof, with interest at 12% per annum thereafter, all in accordance with the tenor and effect of such promissory notes and other negotiable instrument or evidences of indebtedness.

It is the intent of the undersigned that this Guaranty shall constitute an absolute, unconditional and continuing guaranty of JPI's obligations for the purposes hereinbefore set forth, to be and continue in full force and effect until JPI's aforesaid obligations are paid in full.

The undersigned further agrees to pay and shall be liable for all costs, expenses, and fees, including attorney fees, which may be incurred by Jefftex in enforcing or attempting to enforce this Guaranty against the undersigned.

The obligations hereof shall survive the demise or death of the undersigned guarantor and shall be binding on the estate of the deceased the same as though such death had not occurred.

The undersigned hereby waive notice of advancements hereunder, demand for payment, notice of default, notice of extension of time of payment of said obligations, or notice or renewal thereof, and all rights it might otherwise have to require Jefftex, as condition to requiring the undersigned to perform hereunder, to first (i) institute suite, obtain a judgment, or exhaust any remedies against JPI or any others liable on such obligations, (ii) make any other efforts at collection, or (iii) require Jefftex to join JPI as a party in any suit on this Guaranty.

Dated: New York, New York
      November 10, 2003

In the Presence of

_Maymoon Adenis_

_Joseph Sardieh_   11/10/03

# PLAINTIFF'S EXHIBIT E

JPI TRADING CORP.

| REFERENCE NO. | DESCRIPTION | | INVOICE DATE | INVOICE AMOUNT | DISCOUNT TAKEN | AMOUNT PAID |
|---|---|---|---|---|---|---|
| CZH-03352 | 50% | Plus | 11/18/2003 | 114,618.50 | 57,309.25 | |
| CZH-03352 | 15% Old | | | | 17,192.75 | |

| CHECK DATE | CHECK NO. | PAYEE | | | DISCOUNTS TAKEN | CHECK AMOUNT |
|---|---|---|---|---|---|---|
| 12/27/2003 | 3542 | JEFF YOUNG | | | | 74,502.00 |

3542

---

JPI TRADING CORP.
1370 BROADWAY, STE 1200
NEW YORK, NY 10018

MEMO:  50% of Invoice #CZH03352
       Plus 15% Old

PAY
TO THE
ORDER
OF          JEFF YOUNG

Seventy Four Thousand Five Hundred Two and 00/100 Dollars

**STOP PAYMENT**

AMERASIA BANK

NFB
NORTH FORK BANK
MATTUCK, NY 11952
50-870/214

CHECK NO.
3542

DATE
December 27, 2003    ********$74,502.00

AMOUNT
$74,502.00

AUTHORIZED SIGNATURE

3542

Security Features Included    Details on Back.

## GUARANTY OF PAYMENT

In consideration of Jefftex International Ltd. (Jefftex), releasing the invoices Nos. CZH03352, CZH03355, and the related import documents, without full payment therefor, to JPI Trading Corp. (JPI), the undersigned guarantees unto Jefftex, its successors, or assigns, the prompt payment by JPI, of all promissory notes, or other negotiable instruments or other evidences of indebtedness made by JPI with Jefftex, representing unpaid balance in an amount equal to 50% plus 15% of the value of such invoices, within thirty (30) days from the date hereof, with interest at 12% per annum thereafter, all in accordance with the tenor and effect of such promissory notes and other negotiable instrument or evidences of indebtedness.

It is the intent of the undersigned that this Guaranty shall constitute an absolute, unconditional and continuing guaranty of JPI's obligations for the purposes hereinbefore set forth, to be and continue in full force and effect until JPI's aforesaid obligations are paid in full

The undersigned further agrees to pay and shall be liable for all costs, expenses, and fees, including attorney fees, which may be incurred by Jefftex in enforcing or attempting to enforce this Guaranty against the undersigned.

The obligations hereof shall survive the demise or death of the undersigned guarantor and shall be binding on the estate of the deceased the same as though such death had not occurred.

The undersigned hereby waive notice of advancements hereunder, demand for payment, notice of default, notice of extension of time of payment of said obligations, or notice or renewal thereof, and all rights it might otherwise have to require Jefftex, as condition to requiring the undersigned to perform hereunder, to first (i) institute suite, obtain a judgment, or exhaust any remedies against JPI or any others liable on such obligations, (ii) make any other efforts at collection, or (iii) require Jefftex to join JPI as a party in any suit on this Guaranty.

Dated: New York, New York
      November 18, 2003

In the Presence of

_Najmoon Aldenis_

_Joseph Safdich_    11/70/03
Joseph Safdich

**PLAINTIFF'S EXHIBIT F**

**JPI TRADING CORP.**
1370 BROADWAY, STE 1200
NEW YORK, NY 10018

NFB
NORTH FORK BANK
MATTITUCK, NY 11952
50-870/214

AMERASIA BANK

CHECK NO. 3600    DATE January 17, 2004

PAY
TO THE
ORDER
OF    JEFF YOUNG

Three Hundred One Thousand One Hundred Eighty Two and 73/100 Dollars

AMOUNT ********$301,182.73

MEMO:

STOP PAYMENT

AUTHORIZED SIGNATURE

"003600"  ":021408704:"  "2704=0463="1"

3600

---

**JPI TRADING CORP.**

| REFERENCE NO. | DESCRIPTION | INVOICE DATE | INVOICE AMOUNT | DISCOUNT TAKEN | AMOUNT PAID |
|---|---|---|---|---|---|
| Various | | | 669,294.95 | | $301,182.73 |
| CZH-03159 | | | | | |
| CZH-03169 | | | | | |
| CZH-03187 | | | | | |
| CZH-03188 | | | | | |
| CZH-03189 | | | | | |
| CZH-03190 | | | | | |
| CZH-03191 | | | | | |
| CZH-03214 | | | | | |
| CZH-03219 | | | | | |
| CZH-03283 | | | | | |
| CZH-03286 | | | | | |

| CHECK DATE | CHECK NO. | PAYEE | DISCOUNTS TAKEN | CHECK AMOUNT |
|---|---|---|---|---|
| 1/17/2004 | 3600 | JEFF YOUNG | | $301,182.73 |

3600

JPI TRADING CORP.

3601

| REFERENCE NO. | DESCRIPTION | INVOICE DATE | INVOICE AMOUNT | DISCOUNT TAKEN | AMOUNT PAID |
|---|---|---|---|---|---|
| Various | | | | | |
| CZH-03159 | | | | | |
| CZH-03169 | | | | | |
| CZH-03187 | | | | | |
| CZH-03188 | | | | | |
| CZH-03189 | | | | | |
| CZH-03190 | | | | | |
| CZH-03191 | | | | | |
| CZH-03214 | | | | | |
| CZH-03219 | | | | | |
| CZH-03283 | | | | | |
| CZH-03286 | | | | 669,294.95 | $301,182.72 |

| CHECK DATE | CHECK NO. | PAYEE | DISCOUNTS TAKEN | CHECK AMOUNT |
|---|---|---|---|---|
| 2/1/6/2004 | 3601 | JEFF YOUNG | $301,182.72 | $301,182.72 |

JPI TRADING CORP.
1370 BROADWAY, STE 1200
NEW YORK, NY 10018

MEMO: Various Invoices

Three Hundred One Thousand One Hundred Eighty Two and 72/100 Dollars

STOP PAYMENT

PAY
TO THE
ORDER
OF      JEFF YOUNG

04 FEB -9    CHECK NO. 3601-5

AMERASIA BANK

NFB
NORTH FORK BANK
MATTITUCK, NY 11952
50-870/214

DATE    February 6, 2004**********$301,182.72
AMOUNT

3601

AUTHORIZED SIGNATURE

Security Features Included.    Details on Back.

⑈003601⑈ ⑈021408704⑈ 2704 044 63⑈

## GUARANTY OF PAYMENT

In consideration of Jefftex International Ltd. (Jefftex), releasing the invoices Nos. CZH-03159, -03169, -03187, -03188, -03189, -03190, -03191, -03214, -03283, -03286, and the related import documents, without full payment therefor, to JPI Trading Corp. (JPI), the undersigned guarantees unto Jefftex, its successors, or assigns, the prompt payment by JPI, of all promissory notes, or other negotiable instruments or other evidences of indebtedness made by JPI with Jefftex, representing unpaid balance in an amount equal to 45% of the value of such invoices, within forty-five (45) days, and 45% of the value of such invoices, within sixty (60) days, from the date hereof, with interest at 12% per annum thereafter, all in accordance with the tenor and effect of such promissory notes and other negotiable instrument or evidences of indebtedness.

It is the intent of the undersigned that this Guaranty shall constitute an absolute, unconditional and continuing guaranty of JPI's obligations for the purposes hereinbefore set forth, to be and continue in full force and effect until JPI's aforesaid obligations are paid in full.

The undersigned further agrees to pay and shall be liable for all costs, expenses, and fees, including attorney fees, which may be incurred by Jefftex in enforcing or attempting to enforce this Guaranty against the undersigned.

The obligations hereof shall survive the demise or death of the undersigned guarantor and shall be binding on the estate of the deceased the same as though such death had not occurred.

The undersigned hereby waive notice of advancements hereunder, demand for payment, notice of default, notice of extension of time of payment of said obligations, or notice or renewal thereof, and all rights it might otherwise have to require Jefftex, as condition to requiring the undersigned to perform hereunder, to first (i) institute suite, obtain a judgment, or exhaust any remedies against JPI or any others liable on such obligations, (ii) make any other efforts at collection, or (iii) require Jefftex to join JPI as a party in any suit on this Guaranty.

Dated: New York, New York
　　　December 2, 2003

In the Presence of

_Najmoon Adeis_

_Joseph Saldieh_

# PLAINTIFF'S EXHIBIT G

**JPI TRADING CORP.**

| REFERENCE NO. | DESCRIPTION | | | | | 3666 |
|---|---|---|---|---|---|---|
| GHT-27-G-1 | 50% | | | | | |

| CHECK DATE | CHECK NO. | PAYEE | INVOICE DATE | INVOICE AMOUNT | DISCOUNT TAKEN | AMOUNT PAID |
|---|---|---|---|---|---|---|
| 1/30/2004 | 3666 | JEFF YOUNG | 12/12/03 | 89,504.00 | | 44,752.00 |

| | | DISCOUNTS TAKEN | CHECK AMOUNT |
|---|---|---|---|
| | | | 44,752.00 |

---

**JPI TRADING CORP.**
1370 BROADWAY, STE 1200
NEW YORK, NY 10018

3666

MEMO: 50% OF INVOICE #GHT-27-G-1

PAY
TO THE
ORDER
OF

JEFF YOUNG

FORTY FOUR THOUSAND SEVEN HUNDRED FIFTY TWO AND 00/100 DOLLARS

**STOP PAYMENT**

CK.CHECK NO.            CK CHECK NO.
3666                   3666

NFB
NORTH FORK BANK
MATTITUCK, NY 11952
50-570/214

DATE
JANUARY 30, 2004 ************$44,752.00

AMOUNT

AUTHORIZED SIGNATURE

⑆003666⑆  ⑈021408701⑆ 2704⑆0448 63⑈ ¹¦¹

Security Features included  ⊞-⊡  Details on Back

⑆0003666⑆    ⑈0214082850 1148⑆:

⑆000447500⑈

## GUARANTY OF PAYMENT

In consideration of Jefftex International Ltd. (Jefftex), releasing the invoices Nos. G2~~110030~~, **NO** HTL-47-HP-5, GHT-27-G-1, and the related import documents, without full payment therefor, to JPI Trading Corp. (JPI), the undersigned guarantees unto Jefftex, its successors, or assigns, the prompt payment by JPI, of all promissory notes, or other negotiable instruments or other evidences of indebtedness made by JPI with Jefftex, representing unpaid balance in an amount equal to 65% of the value of such invoices, within thirty (30) days, with interest at 12% per annum thereafter, all in accordance with the tenor and effect of such promissory notes and other negotiable instrument or evidences of indebtedness.

It is the intent of the undersigned that this Guaranty shall constitute an absolute, unconditional and continuing guaranty of JPI's obligations for the purposes hereinbefore set forth, to be and continue in full force and effect until JPI's aforesaid obligations are paid in full

The undersigned further agrees to pay and shall be liable for all costs, expenses, and fees, including attorney fees, which may be incurred by Jefftex in enforcing or attempting to enforce this Guaranty against the undersigned.

The obligations hereof shall survive the demise or death of the undersigned guarantor and shall be binding on the estate of the deceased the same as though such death had not occurred.

The undersigned hereby waive notice of advancements hereunder, demand for payment, notice of default, notice of extension of time of payment of said obligations, or notice or renewal thereof, and all rights it might otherwise have to require Jefftex, as condition to requiring the undersigned to perform hereunder, to first (i) institute suite, obtain a judgment, or exhaust any remedies against JPI or any others liable on such obligations, (ii) make any other efforts at collection, or (iii) require Jefftex to join JPI as a party in any suit on this Guaranty.

Dated: New York, New York
      December 12, 2003

In the Presence of

_Najmoon Adenis_

_Joseph Saffdieh_        12/12/03

_Under protest_

**PLAINTIFF'S EXHIBIT H**

| JPI TRADING CORP. | | | | | | 3668 |
|---|---|---|---|---|---|---|
| REFERENCE NO. | DESCRIPTION | | INVOICE DATE | INVOICE AMOUNT | DISCOUNT TAKEN | AMOUNT PAID |
| HTL—47—HP—5 | 50% | | 12/12/03 | 66,048.00 | | 33,024.00 |
| CHECK DATE | CHECK NO. | PAYEE | | | DISCOUNTS TAKEN | CHECK AMOUNT |
| 2/1/2004 | 3668 | JEFF YOUNG | | | | 33,024.00 |

JPI TRADING CORP.
1370 BROADWAY, STE 1200
NEW YORK, NY 10018

MEMO: 50% ON INVOICE #HTL—47—HP—5

PAY
TO THE
ORDER
OF    JEFF YOUNG

THIRTY THREE THOUSAND TWENTY FOUR AND 00/100 DOLLARS

STOP PAYMENT

NFB
NORTH FORK BANK
MATTITUCK, NY 11952
50-870/214

DATE    FEBRUARY 1, 2004    AMOUNT    ***********$33,024.00

3668

AUTHORIZED SIGNATURE

CHECK NO.
3668

Security Features Included ⊞⊙    Details on Back

⑆⑉⑆ 3668 ⑆⑉⑆    ⑆⑆ 0 2⑊408 704⑊⑆ 2 704⑊0 4⑊483⑊⑆⑆ ⑆⑆    ⑆⑉ 0 280⑊⑊84⑊⑊⑆

⑆⑉⑆ 0 0 0 330 2400 ⑆⑆

## GUARANTY OF PAYMENT

In consideration of Jefftex International Ltd. (Jefftex), releasing the invoices Nos. GZH00004, HTL-47-HP-5, GHT-27-G-1, and the related import documents, without full payment therefor, to JPI Trading Corp. (JPI), the undersigned guarantees unto Jefftex, its successors, or assigns, the prompt payment by JPI, of all promissory notes, or other negotiable instruments or other evidences of indebtedness made by JPI with Jefftex, representing unpaid balance in an amount equal to 65% of the value of such invoices, within thirty (30) days, with interest at 12% per annum thereafter, all in accordance with the tenor and effect of such promissory notes and other negotiable instrument or evidences of indebtedness.

It is the intent of the undersigned that this Guaranty shall constitute an absolute, unconditional and continuing guaranty of JPI's obligations for the purposes hereinbefore set forth, to be and continue in full force and effect until JPI's aforesaid obligations are paid in full

The undersigned further agrees to pay and shall be liable for all costs, expenses, and fees, including attorney fees, which may be incurred by Jefftex in enforcing or attempting to enforce this Guaranty against the undersigned.

The obligations hereof shall survive the demise or death of the undersigned guarantor and shall be binding on the estate of the deceased the same as though such death had not occurred.

The undersigned hereby waive notice of advancements hereunder, demand for payment, notice of default, notice of extension of time of payment of said obligations, or notice or renewal thereof, and all rights it might otherwise have to require Jefftex, as condition to requiring the undersigned to perform hereunder, to first (i) institute suite, obtain a judgment, or exhaust any remedies against JPI or any others liable on such obligations, (ii) make any other efforts at collection, or (iii) require Jefftex to join JPI as a party in any suit on this Guaranty.

Dated: New York, New York
     December 12, 2003

In the Presence of

_Najmoon Adens_

Joseph Safdieh    12/12/03

Under protest

# PLAINTIFF'S EXHIBIT I

| JPI TRADING CORP. | | | | | | 3802 |
|---|---|---|---|---|---|---|
| REFERENCE NO. | DESCRIPTION | | INVOICE DATE | INVOICE AMOUNT | DISCOUNT TAKEN | AMOUNT PAID |
| | 50% ON INVOICE CZH03365 | | 11/13/03 | 123,985.00 | | 61,992.50 |
| CHECK DATE | CHECK NO. | PAYEE | | | | |
| 2/10/2004 | 3802 | JEFF YOUNG | | | DISCOUNTS TAKEN | CHECK AMOUNT |
| | | | | | $61,992.50 | $61,992.50 |

**JPI TRADING CORP.**
1370 BROADWAY, STE 1200
NEW YORK, NY 10018

MEMO: 50% ON INVOICE #CZH03365

PAY
TO THE
ORDER
OF        JEFF YOUNG

SIXTY ONE THOUSAND NINE HUNDRED NINETY TWO AND 50/100 DOLLARS

**STOP PAYMENT**

NORTH FORK BANK
MATTITUCK, NY 11952
60-670/214

CHECK NO.    3802
DATE    FEBRUARY 10, 2004    ********$61,992.50

AMOUNT    $61,992.50

AUTHORIZED SIGNATURE

3802

Security Features Included    Details on Back.

## GUARANTY OF PAYMENT

In consideration of Jefftex International Ltd. (Jefftex), releasing the invoices Nos. C7.H03365, and the related import documents, without full payment therefor, to JPI Trading Corp. (JPI), the undersigned guarantees unto Jefftex, its successors, or assigns, the prompt payment by JPI, of all promissory notes, or other negotiable instruments or other evidences of indebtedness made by JPI with Jefftex, representing unpaid balance in an amount equal to 65% of the value of such invoices, within thirty (30) days, with interest at 12% per annum thereafter, all in accordance with the tenor and effect of such promissory notes and other negotiable instrument or evidences of indebtedness.

It is the intent of the undersigned that this Guaranty shall constitute an absolute, unconditional and continuing guaranty of JPI's obligations for the purposes hereinbefore set forth, to be and continue in full force and effect until JPI's aforesaid obligations are paid in full.

The undersigned further agrees to pay and shall be liable for all costs, expenses, and fees, including attorney fees, which may be incurred by Jefftex in enforcing or attempting to enforce this Guaranty against the undersigned.

The obligations hereof shall survive the demise or death of the undersigned guarantor and shall be binding on the estate of the deceased the same as though such death had not occurred.

The undersigned hereby waive notice of advancements hereunder, demand for payment, notice of default, notice of extension of time of payment of said obligations, or notice or renewal thereof, and all rights it might otherwise have to require Jefftex, as condition to requiring the undersigned to perform hereunder, to first (i) institute suite, obtain a judgment, or exhaust any remedies against JPI or any others liable on such obligations, (ii) make any other efforts at collection, or (iii) require Jefftex to join JPI as a party in any suit on this Guaranty.

Dated: New York, New York
      December 29, 2003

In the Presence of

_Najmoon Adonis_

_Joseph Safdieh_    12/29/03

UNDER protest

**PLAINTIFF'S EXHIBIT J**

**JPI TRADING CORP.**

| REFERENCE NO. | DESCRIPTION | | | | | | 3857 |
|---|---|---|---|---|---|---|---|

| CHECK DATE | CHECK NO. | PAYEE | | | | |
|---|---|---|---|---|---|---|
| 2/25/2004 | 3857 | JEFF YOUNG | | | | |

| DESCRIPTION | INVOICE DATE | INVOICE AMOUNT | DISCOUNT TAKEN | AMOUNT PAID |
|---|---|---|---|---|
| 50% INVOICE #JIL-11-J-1 | | $137,440.00 | | $68,720.00 |

| DISCOUNTS TAKEN | CHECK AMOUNT |
|---|---|
| | $68,720.00 |

*(handwritten)* presented 3/2/04 stopped payment

---

**JPI TRADING CORP.**
1370 BROADWAY, STE 1200
NEW YORK, NY 10018

MEMO: 50% ON INVOICE #JIL-11-J-1

PAY TO THE ORDER OF: JEFF YOUNG

SIXTY EIGHT THOUSAND SEVEN HUNDRED TWENTY AND 00/100 DOLLARS

CHECK NO. 3857

DATE FEBRUARY 25, 2004

AMOUNT ************$68,720.00

NFB
NORTH FORK BANK
MATTITUCK, NY 11952
50-970/214

**STOP PAYMENT**

AUTHORIZED SIGNATURE

3857

MAR - 2 PM 3:01

CHASE USA BANK 03

Security Features Included · Details on Back.

⑈003857⑈ ⑈021408704⑈ 2704⑈044 63⑈ ⑈0008 8 7000⑈

## GUARANTY OF PAYMENT

In consideration of Jefftex International Ltd. (Jefftex), releasing the invoices Nos. ~~CZH03379, CZH03387, CWL-03-CW-30/11~~, JIL-11-J-1, and the related import documents, without full payment therefor, to JPI Trading Corp. (JPI), the undersigned guarantees unto Jefftex, its successors, or assigns, the prompt payment by JPI, of all promissory notes, or other negotiable instruments or other evidences of indebtedness made by JPI with Jefftex, representing unpaid balance in an amount equal to 65% of the value of such invoices, within thirty (30) days, with interest at 12% per annum thereafter, all in accordance with the tenor and effect of such promissory notes and other negotiable instrument or evidences of indebtedness.

It is the intent of the undersigned that this Guaranty shall constitute an absolute, unconditional and continuing guaranty of JPI's obligations for the purposes hereinbefore set forth, to be and continue in full force and effect until JPI's aforesaid obligations are paid in full.

The undersigned further agrees to pay and shall be liable for all costs, expenses, and fees, including attorney fees, which may be incurred by Jefftex in enforcing or attempting to enforce this Guaranty against the undersigned.

The obligations hereof shall survive the demise or death of the undersigned guarantor and shall be binding on the estate of the deceased the same as though such death had not occurred.

The undersigned hereby waive notice of advancements hereunder, demand for payment, notice of default, notice of extension of time of payment of said obligations, or notice or renewal thereof, and all rights it might otherwise have to require Jefftex, as condition to requiring the undersigned to perform hereunder, to first (i) institute suite, obtain a judgment, or exhaust any remedies against JPI or any others liable on such obligations, (ii) make any other efforts at collection, or (iii) require Jefftex to join JPI as a party in any suit on this Guaranty.

Dated: New York, New York
~~December 22, 2003.~~

In the Presence of

_Najmoon Adenis_

Joseph Safdieh    1/7/04

UNDER PROTEST

**PLAINTIFF'S EXHIBIT K**



## GUARANTY OF PAYMENT

In consideration of Jefftex International Ltd. (Jefftex), releasing the invoices No. CZH03379, without full payment therefor ($100,400.00), to JPI Trading Corp. (JPI), the undersigned guarantees unto Jefftex, its successors, or assigns, the prompt payment by JPI, of all promissory notes, or other negotiable instruments or other evidences of indebtedness made by JPI to Jefftex, representing unpaid balance in an amount equal to 65% of the full payment, according to the term of such promissory notes, negotiable instruments or other evidences of indebtedness.

It is the intent of the undersigned that this Guaranty shall constitute an absolute, unconditional and continuing guaranty of JPI's obligations for the purposes hereinbefore set forth, to be and continue in full force and effect until JPI's aforesaid obligations are paid in full.

The undersigned further agrees to pay and shall be liable for all costs, expenses, and fees, including attorney fees, which may be incurred by Jefftex in enforcing or attempting to enforce this Guaranty against the undersigned.

The obligations hereof shall survive the demise or death of the undersigned guarantor and shall be binding on the estate of the deceased the same as though such death had not occurred.

The undersigned hereby waive notice of advancements hereunder, demand for payment, notice of default, notice of extension of time of payment of said obligations, or notice or renewal thereof, and all rights it might otherwise have to require Jefftex, as condition to requiring the undersigned to perform hereunder, to first (i) institute suite, obtain a judgment, or exhaust any remedies against JPI or any others liable on such obligations, (ii) make any other efforts at collection, or (iii) require Jefftex to join JPI as a party in any suit on this Guaranty.

Dated: New York, New York
        February 3, 2004

In the Presence of

Joseph Safdieh                                2/4/04

Under protest

**PLAINTIFF'S EXHIBIT L**

**JPI TRADING CORP.**

| REFERENCE NO. | | | | | | 3988 |
|---|---|---|---|---|---|---|
| CHECK DATE | CHECK NO. | DESCRIPTION | PAYEE | INVOICE DATE | INVOICE AMOUNT | DISCOUNT TAKEN | AMOUNT PAID |
| 3/20/04 | 3988 | 50% on Invoice #CZH03387 | Jeff Young | | 100,619.00 | | 50,309.50 |
| | | | | | DISCOUNTS TAKEN | CHECK AMOUNT |
| | | | | | | 50,309.50 |

---

**JPI TRADING CORP.**
**1370 BROADWAY, STE 1200**
**NEW YORK, NY 10018**

3988

Memo: 50% on Invoice #CZH03387

CHECK NO. 3988
P 2.43
DATE March 20, 2004

PAY
TO THE
ORDER
OF     Jeff Young

Fifty Thousand Three Hundred Nine and 50/100 Dollars    ***********$50,309.50

AMERASIA BANK
NFB
NORTH FORK BANK
MATTITUCK, NY 11952
0840-0214

AMOUNT
**********$50,309.50

AUTHORIZED SIGNATURE

Security Features Included    Details on Back.

⑈⑆02601148⑉⑆    ⑆02140870⑈⑆    2704⑆0146⑉    ⑆00039888⑆

⑆00050309.50⑆

## GUARANTY OF PAYMENT

In consideration of Jefftex International Ltd. (Jefftex), releasing the invoices No. CZH03387, without full payment therefor ($100,619.00), to JPI Trading Corp. (JPI), the undersigned guarantees unto Jefftex, its successors, or assigns, the prompt payment by JPI, of all promissory notes, or other negotiable instruments or other evidences of indebtedness made by JPI to Jefftex, representing unpaid balance in an amount equal to 65% of the full payment, according to the term of such promissory notes, negotiable instruments or other evidences of indebtedness.

It is the intent of the undersigned that this Guaranty shall constitute an absolute, unconditional and continuing guaranty of JPI's obligations for the purposes hereinbefore set forth, to be and continue in full force and effect until JPI's aforesaid obligations are paid in full.

The undersigned further agrees to pay and shall be liable for all costs, expenses, and fees, including attorney fees, which may be incurred by Jefftex in enforcing or attempting to enforce this Guaranty against the undersigned.

The obligations hereof shall survive the demise or death of the undersigned guarantor and shall be binding on the estate of the deceased the same as though such death had not occurred.

The undersigned hereby waive notice of advancements hereunder, demand for payment, notice of default, notice of extension of time of payment of said obligations, or notice or renewal thereof, and all rights it might otherwise have to require Jefftex, as condition to requiring the undersigned to perform hereunder, to first (i) institute suite, obtain a judgment, or exhaust any remedies against JPI or any others liable on such obligations, (ii) make any other efforts at collection, or (iii) require Jefftex to join JPI as a party in any suit on this Guaranty.

Dated: New York, New York
      February 3, 2004

In the Presence of

_____

Joseph Safdieh

# PLAINTIFF'S EXHIBIT M

JPI TRADING CORP.

| REFERENCE NO. | DESCRIPTION | INVOICE DATE | INVOICE AMOUNT | DISCOUNT TAKEN | AMOUNT PAID |
|---|---|---|---|---|---|
| 50Z OF INV. #S | CZHO3428<br>KII16K3<br>GHT15G4<br>JIL66J4<br>JIL65J3 | $118886.00<br>13349Z.00<br>132046.00<br>188401.20<br>7320G.00 | | | |
| | | TOTAL ALL INV.)<br>646,055.20 | | 323,027.60 |

| CHECK DATE | CHECK NO. | PAYEE | DISCOUNTS TAKEN | CHECK AMOUNT |
|---|---|---|---|---|
| 4/14/04 | 4055 | JEFF YOUNG | | 323,027.60 |

4055

---

**JPI TRADING CORP.**
1373 BROADWAY, STE 1200
NEW YORK, NY 10018

MEMO: 50Z of Invoice #S CZHO3428, KII-16-K-3
GHT-15-G-4, JIL-66-J-4 $ JIL-65-J-3

AMERISIA BANK 03

2004 APR 30 PM 2:42

**NFB**
NORTH FORK BANK
MATTITUCK, NY 11952
50-8700214

STOP PAYMENT

| PAY TO THE ORDER OF | JEFF YOUNG |
|---|---|

Three Hundred Twenty Three Thousand Twenty Seven and 60/100 Dollars

DATE
April 14, 2004   *********$323,027.60

AMOUNT
$323,027.60

AUTHORIZED SIGNATURE

4055

⑆004055⑆   ⑆021408704⑆   270L⑈044Ь3ᵐ1ᵐ

⑆003230²760⑆

## GUARANTY OF PAYMENT

In consideration of Jefftex International Ltd. (Jefftex), releasing the invoices Nos CZH03428 ($118,886..00), KIL-16-K-3 ($133,498.00), GHT-15-G-4 ($132,046.00), JIL-66-J-4 ($188,401.20) and JIL-65-J-3 ($73,206.00), to JPI Trading Corp. (JPI), without full payment therefor, the undersigned guarantees unto Jefftex, its successors, or assigns, the prompt payment by JPI, of all promissory notes, or other negotiable instruments or other evidences of indebtedness made by JPI to Jefftex, representing unpaid balance in an amount equal to 50% of the full payment, according to the term of such promissory notes, negotiable instruments or other evidences of indebtedness.

It is the intent of the undersigned that this Guaranty shall constitute an absolute, unconditional and continuing guaranty of JPI's obligations for the purposes hereinbefore set forth, to be and continue in full force and effect until JPI's aforesaid obligations are paid in full.

The undersigned further agrees to pay and shall be liable for all costs, expenses, and fees, including attorney fees, which may be incurred by Jefftex in enforcing or attempting to enforce this Guaranty against the undersigned.

The obligations hereof shall survive the demise or death of the undersigned guarantor and shall be binding on the estate of the deceased the same as though such death had not occurred.

The undersigned hereby waive notice of advancements hereunder, demand for payment, notice of default, notice of extension of time of payment of said obligations, or notice or renewal thereof, and all rights it might otherwise have to require Jefftex, as condition to requiring the undersigned to perform hereunder, to first (i) institute suite, obtain a judgment, or exhaust any remedies against JPI or any others liable on such obligations, (ii) make any other efforts at collection, or (iii) require Jefftex to join JPI as a party in any suit on this Guaranty.

Dated: New York, New York
       February 11, 2004

In the Presence of

Joseph Safdieh

**PLAINTIFF'S EXHIBIT N**

JPI TRADING CORP.

3939

| REFERENCE NO. | DESCRIPTION | INVOICE DATE | INVOICE AMOUNT | DISCOUNT TAKEN | AMOUNT PAID |
|---|---|---|---|---|---|
| Spring'03 | Goods per letter of 1/23/04 | 1/23/04 | 1,016,324.00 | | 254,081.00 |

| CHECK DATE | CHECK NO. | PAYEE | | DISCOUNTS TAKEN | CHECK AMOUNT |
|---|---|---|---|---|---|
| 4/21/04 | 3939 | Mark Pan, as Attorney | | | $254,081.00 |

*Prepaid 4/1/06 Returned Stop Payment*

---

JPI TRADING CORP.
1370 BROADWAY, STE 1200
NEW YORK, NY 10018

3939

AMERASIA BANK
NFB
NORTH FORK BANK
MATTITUCK, NY 11952
50-870/214

| CHECK NO. | DATE | AMOUNT |
|---|---|---|
| 3939 | Apr 21, 2004 | ******$254,081.00 |

2004 APR 30 PM 2 42

PAY TO THE ORDER OF

Mark Pan, as Attorney

Two Hundred Fifty-Four Thousand Eighty-One and 00/100 Dollars

STOP PAYMENT

Memo: Release of '03 Spg Bonded Good

AUTHORIZED SIGNATURE

⑆003939⑆ ⑆021408704⑆:⑆2704⑆0⑆4⑆3⑆ 1⑆ ⑆00 25408 100⑆

Security Features Included     Details on Back.

⑆0 0250 11484⑆:

⑆00 25408 100⑆

**JPI TRADING CORP.**

| REFERENCE NO. | DESCRIPTION | INVOICE DATE | INVOICE AMOUNT | DISCOUNT TAKEN | 3940 |
|---|---|---|---|---|---|
| Suppliers | Goods per letter of 1/23/04 | 1/23/04 | 1,016,324.00 | | |

| CHECK DATE | CHECK NO. | PAYEE | DISCOUNTS TAKEN | CHECK AMOUNT |
|---|---|---|---|---|
| 5/11/04 | 3940 | Mark Pan, as Attorney | | $254,081.00 |
| | | | Prepared 5/5/04 | 254,081.00 |

---

**JPI TRADING CORP.**
1370 BROADWAY, STE 1200
NEW YORK, NY 10018

3940

NFB
NORTH FORK BANK
MATTITUCK, NY 11952
50-870/214

AMERASIA BANK 07

2004 MAY 27 A 9: 34

DATE    May 11, 2004

PAY
TO THE
ORDER
OF    Mark Pan, as Attorney

Two Hundred Fifty-Four Thousand Eighty-One and 00/100 Dollars

AMOUNT
******$254,081.00

STOP PAYME...

AUTHORIZED SIGNATURE

Memo:    (3 of 4) Release of '03 Sp Bond Gds CHECK NO.

MP

Security Features Included    Details on Back.

⑆003940⑆ ⑆021408704⑆ 2070⑊04463⑊

280 2803 11481

⑆00 254,08 100⑆

⑆00 254,08 100⑆

JPI TRADING CORP.

| REFERENCE NO. | | DESCRIPTION | INVOICE DATE | INVOICE AMOUNT | DISCOUNT TAKEN | AMOUNT PAID |
|---|---|---|---|---|---|---|
| | | | | | | 3941 |
| CHECK DATE | CHECK NO. | | | | DISCOUNTS TAKEN | CHECK AMOUNT |
| 5/31/04 | 3941 | | | | | |
| Obligation | | Goods per letter of 1/23/04 | | | | |
| | | | 1/23/04 | 1,016,324.00 | | 254,081.00 |
| | | PAYEE | | | | $254,081.00 |
| | | Mark Pan, as Attorney | | | | |

JPI TRADING CORP.
1370 BROADWAY, STE 1200
NEW YORK, NY 10018

Memo: Final Paym-Spreg '03 Bond 1085-JUN 18

Two Hundred Fifty-Four Thousand Eighty-One and 00/100 Dollars

PAY
TO THE
ORDER
OF

Mark Pan, as Attorney

AMERASIA BANK 08

NFB
NORTH FORK BANK
MATTITUCK, NY 11952
50-470/214

Check No.
3941

DATE
****** $254,081.00

AMOUNT
****** $254,081.00

STOP PAYMENT

AUTHORIZED SIGNATURE

3941

Security Features Included    Details on Back.

## GUARANTY OF PAYMENT

In consideration of Jefftex International Ltd. (Jefftex), releasing the invoices for 2003 Spring goods (list attached), without full payment therefor ($1,016,324.00), to JPI Trading Corp. (JPI), the undersigned guarantees unto Jefftex, its successors, or assigns, the prompt payment by JPI, of all promissory notes, or other negotiable instruments or other evidences of indebtedness made by JPI to Jefftex, representing unpaid balance in an amount equal to 75% of the full payment, according to the term of such promissory notes, negotiable instruments or other evidences of indebtedness.

It is the intent of the undersigned that this Guaranty shall constitute an absolute, unconditional and continuing guaranty of JPI's obligations for the purposes hereinbefore set forth, to be and continue in full force and effect until JPI's aforesaid obligations are paid in full.

The undersigned further agrees to pay and shall be liable for all costs, expenses, and fees, including attorney fees, which may be incurred by Jefftex in enforcing or attempting to enforce this Guaranty against the undersigned.

The obligations hereof shall survive the demise or death of the undersigned guarantor and shall be binding on the estate of the deceased the same as though such death had not occurred.

The undersigned hereby waive notice of advancements hereunder, demand for payment, notice of default, notice of extension of time of payment of said obligations, or notice or renewal thereof, and all rights it might otherwise have to require Jefftex, as condition to requiring the undersigned to perform hereunder, to first (i) institute suite, obtain a judgment, or exhaust any remedies against JPI or any others liable on such obligations, (ii) make any other efforts at collection, or (iii) require Jefftex to join JPI as a party in any suit on this Guaranty.

Dated: New York, New York
   January 26, 2004

In the Presence of

_D. Avizel_ (signature)

         _Joseph Safdieh_ (signature) 1/27/04

          _under protest_

**PLAINTIFF'S EXHIBIT O**

**JPI TRADING CORP.**

| REFERENCE NO. | DESCRIPTION | INVOICE DATE | INVOICE AMOUNT | DISCOUNT TAKEN | AMOUNT PAID |
|---|---|---|---|---|---|
| 50Z | CZH03409<br>CZH03410<br>CZH03411<br>CZH03416<br>CZY040013 | | 433,316.50 | | $216,658.25 |

| CHECK DATE | CHECK NO. | PAYEE | | | CHECK AMOUNT |
|---|---|---|---|---|---|
| 4/25/2004 | 4131 | JEFF YOUNG | | | $216,658.25 |

4131

---

**JPI TRADING CORP.**
1370 BROADWAY, STE 1200
NEW YORK, NY 10018

4131

MEMO: (50Z OF 433,316.50)

AMERASIA BANK

2004 APR 30 PM 2:42
CHECK NO. 4131

DATE
APRIL 25, 2004

PAY
TO THE
ORDER
OF    JEFF YOUNG

TWO HUNDRED SIXTEEN THOUSAND SIX HUNDRED FIFTY EIGHT AND 25/100 DOLLARS

STOP PAYMENT

AMOUNT
************$216,658.25

NFB
NORTH FORK BANK
MATTITUCK, NY 11952
50-870/214

AUTHORIZED SIGNATURE

⑆004131⑆ ⑈0214087⑈ 2704⑄04483⑈

Security Features Included    Details on Back.

⑆0216658 25⑈

MAR-3-2004   09:35   FROM:PAN & CHU, LLP        212-391-9188

## GUARANTY OF PAYMENT

In consideration of Jefftex International Ltd. (Jefftex), releasing the invoices Nos CZH03409, CZH03410, CZH03411, CZH03416, CZY040013 (totaling $433,316.50), to JPI Trading Corp. (JPI), without full payment therefor, the undersigned guarantees unto Jefftex, its successors, or assigns, the prompt payment by JPI, of all promissory notes, or other negotiable instruments or other evidences of indebtedness made by JPI to Jefftex, representing unpaid balance in an amount equal to 50% of the full payment, according to the term of such promissory notes, negotiable instruments or other evidences of indebtedness.

It is the intent of the undersigned that this Guaranty shall constitute an absolute, unconditional and continuing guaranty of JPI's obligations for the purposes hereinbefore set forth, to be and continue in full force and effect until JPI's aforesaid obligations are paid in full.

The undersigned further agrees to pay and shall be liable for all costs, expenses, and fees, including attorney fees, which may be incurred by Jefftex in enforcing or attempting to enforce this Guaranty against the undersigned.

The obligations hereof shall survive the demise or death of the undersigned guarantor and shall be binding on the estate of the deceased the same as though such death had not occurred.

The undersigned hereby waive notice of advancements hereunder, demand for payment, notice of default, notice of extension of time of payment of said obligations, or notice or renewal thereof, and all rights it might otherwise have to require Jefftex, as condition to requiring the undersigned to perform hereunder, to first (i) institute suite, obtain a judgment, or exhaust any remedies against JPI or any others liable on such obligations, (ii) make any other efforts at collection, or (iii) require Jefftex to join JPI as a party in any suit on this Guaranty.

Dated: New York, New York
        March 3, 2004

In the Presence of

Joseph Bardieh                      3/3/04

Under protest

# PLAINTIFF'S EXHIBIT P

:ROC

**JPI TRADING CORP.**

| REFERENCE NO. | DESCRIPTION | INVOICE DATE | INVOICE AMOUNT | DISCOUNT TAKEN | AMOUNT PAID |
|---|---|---|---|---|---|
| | 50% OF INVOICE #S | | | | |
| | CZH03395 | | | | |
| | CZH03396 | | | | |
| | JIL-36-J-2 | | | | |
| | JIL-99-J-13 | | | | |
| | CWL-03-CW-30/11 | | $420,669.75 | | $210,285.00 |
| | CZY040066 | | | | |

| CHECK DATE | CHECK NO. | PAYEE | DISCOUNTS TAKEN | CHECK AMOUNT |
|---|---|---|---|---|
| 3/11/2004 | 4168 | JEFF YOUNG | | $210,285.00 |

4168

---

JPI TRADING CORP.
1370 BROADWAY, STE 1200
NEW YORK, NY 10018

MEMO: (50% OF $420,669.75)

PAY TO THE ORDER OF    JEFF YOUNG

TWO HUNDRED TEN THOUSAND TWO HUNDRED EIGHTY FIVE AND 00/100 DOLLARS

AMERASIA BANK 04

NFB
NORTH FORK BANK
MATTITUCK, NY 11952
50-870/214

2004 MAR 18    CHECK NO. 57
4168

DATE    MARCH 11, 2004

AMOUNT ********$210,285.00

**STOP PAYMENT**

AUTHORIZED SIGNATURE

4168

⑆004⑈168⑈⑇ ⑇:0 2⑈408 704⑈:⑇ 2704⑈ 04⑈6 3⑈⑇

Security Features Included   Details on Back.

⑈:0 260⑈ 148⑈:    ⑇00 2⑈0 28 500⑈⑇

FRB-EROC    FRB-EROC    FRB-E

## GUARANTY OF PAYMENT

In consideration of Jefftex International Ltd. (Jefftex), releasing the invoices Nos CZH03396, CZH03396, JIL-36-J-2, JIL-99-J-13. CWL-03-CW-30/11 and CZY-4--66 (totaling $420,669.75), to JPI Trading Corp. (JPI), without full payment therefor, the undersigned guarantees unto Jefftex, its successors, or assigns, the prompt payment by JPI, of all promissory notes, or other negotiable instruments or other evidences of indebtedness made by JPI to Jefftex, representing unpaid balance in an amount equal to 50% of the full payment, according to the term of such promissory notes, negotiable instruments or other evidences of indebtedness.

It is the intent of the undersigned that this Guaranty shall constitute an absolute, unconditional and continuing guaranty of JPI's obligations for the purposes hereinbefore set forth, to be and continue in full force and effect until JPI's aforesaid obligations are paid in full.

The undersigned further agrees to pay and shall be liable for all costs, expenses, and fees, including attorney fees, which may be incurred by Jefftex in enforcing or attempting to enforce this Guaranty against the undersigned.

The obligations hereof shall survive the demise or death of the undersigned guarantor and shall be binding on the estate of the deceased the same as though such death had not occurred.

The undersigned hereby waive notice of advancements hereunder, demand for payment, notice of default, notice of extension of time of payment of said obligations, or notice or renewal thereof, and all rights it might otherwise have to require Jefftex, as condition to requiring the undersigned to perform hereunder, to first (i) institute suite, obtain a judgment, or exhaust any remedies against JPI or any others liable on such obligations, (ii) make any other efforts at collection, or (iii) require Jefftex to join JPI as a party in any suit on this Guaranty.

Dated: New York, New York
      March 10, 2004

In the Presence of

Joseph Safdieh

Under protest

# PLAINTIFF'S EXHIBIT Q

**JPI TRADING CORP.**

| REFERENCE NO. | DESCRIPTION | INVOICE DATE | INVOICE AMOUNT | DISCOUNT TAKEN | AMOUNT PAID |
|---|---|---|---|---|---|
| | 45% (90 DAYS POST DATED) ON INVOICE #S JIL-74-J-9 JIL-69-J-7 JIL-89-J-10 JIL-110-J-12 GHT-111-G-11 JIL-112-J-13 KIL-23-K-1 JIL-22-J-4 JIL-40-J-7 GHT-39-G-1 KIL-85-K-2 JIL-86-J-9 | | 965,590.00 | | $434,515.50 |

| CHECK DATE | CHECK NO. | PAYEE | DISCOUNTS TAKEN | CHECK AMOUNT |
|---|---|---|---|---|
| 5/24/2004 | 4090 | JEFF YOUNG | | $434,515.50 |

4090

---

**JPI TRADING CORP.**
1370 BROADWAY, STE 1200
NEW YORK, NY 10018

MEMO: 45% ON 12 INVOICES

Four Hundred Thirty Four Thousand Five Hundred Fifteen and 50/100 Dollars

PAY TO THE ORDER OF JEFF YOUNG

AMERI SIA BANK US
NFB
NORTH FORK BANK
MATTITUCK, NY 11952
50-970/214

DATE MAY 24, 2004 ***************$434515.50

AMOUNT $434,515.50

STOP PAYMENT

4090

2004 MAY CK NRK 1:00
4090

AUTHORIZED SIGNATURE

Security Features Included     Details on Back.

JPI TRADING CORP.

4091

| REFERENCE NO. | DESCRIPTION | INVOICE DATE | INVOICE AMOUNT | DISCOUNT TAKEN |
|---|---|---|---|---|
| | 45% (120 DAYS POST DATED) ON INVOICE #5 JIL-74-J-9 JIL-69-J-7 JIL-89-J-10 JIL-11-J-12 GHT-111-G-11 JIL-112-J-13 KIL-23-K-1 JIL-22-J-4 JIL-40-J-7 GHT-39-G-1 KIL-85-K-2 JIL-86-J-9 | | 965,590.00 | |

| CHECK DATE | CHECK NO. | PAYEE | DISCOUNTS TAKEN | AMOUNT PAID |
|---|---|---|---|---|
| 6/23/2004 | 4091 | JEFF YOUNG | | 434,515.50 |

| | | | | CHECK AMOUNT |
|---|---|---|---|---|
| | | | | 434,515.50 |

# GUARANTY OF PAYMENT

In consideration of Jefftex International Ltd. (Jefftex), releasing the invoices Nos JIL-74-J-9, JIL-69-J-7, JIL-89-J-10, JIL-110-J-12, GHT-111-G-11, JIL-112-J-13, KIL-23-K-1, JIL-22-J-4, JIL-40-J-7, GHT-39-G-1, KIL-85-K-2, JIL-86-J-9 (totally $965,590.00 after 15% discount), to JPI Trading Corp. (JPI), without full payment therefor, the undersigned guarantees unto Jefftex, its successors, or assigns, the prompt payment by JPI, of all promissory notes, or other negotiable instruments or other evidences of indebtedness made by JPI to Jefftex, representing unpaid balance in an amount equal to 50% of the full payment, according to the term of such promissory notes, negotiable instruments or other evidences of indebtedness.

It is the intent of the undersigned that this Guaranty shall constitute an absolute, unconditional and continuing guaranty of JPI's obligations for the purposes hereinbefore set forth, to be and continue in full force and effect until JPI's aforesaid obligations are paid in full.

The undersigned further agrees to pay and shall be liable for all costs, expenses, and fees, including attorney fees, which may be incurred by Jefftex in enforcing or attempting to enforce this Guaranty against the undersigned.

The obligations hereof shall survive the demise or death of the undersigned guarantor and shall be binding on the estate of the deceased the same as though such death had not occurred.

The undersigned hereby waive notice of advancements hereunder, demand for payment, notice of default, notice of extension of time of payment of said obligations, or notice or renewal thereof, and all rights it might otherwise have to require Jefftex, as condition to requiring the undersigned to perform hereunder, to first (i) institute suite, obtain a judgment, or exhaust any remedies against JPI or any others liable on such obligations, (ii) make any other efforts at collection, or (iii) require Jefftex to join JPI as a party in any suit on this Guaranty.

Dated: New York, New York
      February 24, 2004

In the Presence of

_Joseph Safdieh_

# PLAINTIFF'S EXHIBIT R

JPI TRADING CORP.

**4330**

| REFERENCE NO. | DESCRIPTION | INVOICE DATE | PAYEE | INVOICE AMOUNT | DISCOUNT TAKEN | AMOUNT PAID |
|---|---|---|---|---|---|---|

| CHECK DATE | CHECK NO. | | | | DISCOUNTS TAKEN | CHECK AMOUNT |
|---|---|---|---|---|---|---|
| 6/1/2004 | 4330 | JEFF YOUNG | | 466,600.00 | 60% = | $279,960.00 |

GHT-96-G-4
HTL0970HP03
JIL-98-J-12

$279,960.00

JPI TRADING CORP.
1370 BROADWAY, STE 1200
NEW YORK, NY 10018

2004 JUN 26 PM 12: 48

AMERASIA BANK 04

**NFB**
**NORTH FORK BANK**
MATTITUCK, NY 11952
50-870/214

CHECK NO.
4330

DATE
JUNE 1, 2004

AMOUNT
*************$279,960.00

MEMO: (60% of $466,600.00)

PAY
TO THE
ORDER
OF

JEFF YOUNG

TWO HUNDRED SEVENTY NINE THOUSAND NINE HUNDRED SIXTY AND 00/100 DOLLARS

**STOP PAYMENT**

AUTHORIZED SIGNATURE

4330

Security Features Included    Details on Back.

HPR-15-2004 10:59  FROM:PAN & CHOI LL

## YEAR END TAIWAN SHIPMENTS

GHT-96-G-4                                    $127,100.00
HTL-97-HP-3                                   $142,460.00
JIL-98-J-12                                   $197,040.00


TOTAL            $466,600.00

## GUARANTY OF PAYMENT

In consideration of Jefftex International Ltd. (Jefftex), releasing the invoices listed on the attached schedule (totaling $1,326,318.25), to JPI Trading Corp. (JPI), without full payment therefor, the undersigned guarantees unto Jefftex, its successors, or assigns, the prompt payment by JPI, of all promissory notes, or other negotiable instruments or other evidences of indebtedness made by JPI to Jefftex, representing unpaid balance in an amount equal to 60% of the full payment, according to the term of such promissory notes, negotiable instruments or other evidences of indebtedness.

It is the intent of the undersigned that this Guaranty shall constitute an absolute, unconditional and continuing guaranty of JPI's obligations for the purposes hereinbefore set forth, to be and continue in full force and effect until JPI's aforesaid obligations are paid in full.

The undersigned further agrees to pay and shall be liable for all costs, expenses, and fees, including attorney fees, which may be incurred by Jefftex in enforcing or attempting to enforce this Guaranty against the undersigned.

The obligations hereof shall survive the demise or death of the undersigned guarantor and shall be binding on the estate of the deceased the same as though such death had not occurred.

The undersigned hereby waive notice of advancements hereunder, demand for payment, notice of default, notice of extension of time of payment of said obligations, or notice or renewal thereof, and all rights it might otherwise have to require Jefftex, as condition to requiring the undersigned to perform hereunder, to first (i) institute suite, obtain a judgment, or exhaust any remedies against JPI or any others liable on such obligations, (ii) make any other efforts at collection, or (iii) require Jefftex to join JPI as a party in any suit on this Guaranty.

Dated: New York, New York
     April 15, 2004

In the Presence of

Joseph Safdiel

under protest

**PLAINTIFF'S EXHIBIT S**

JPI TRADING CORP.

4331

| REFERENCE NO. | DESCRIPTION | INVOICE DATE | INVOICE AMOUNT | DISCOUNT TAKEN | AMOUNT PAID |
|---|---|---|---|---|---|
| | CZH03438 | | | | |
| | CZH03439 | | | | |
| | CZH03430 | | | | |
| | CZH03431 | | | | |
| | CZH03432 | | 859,718.25 | 60% = | $515,830.95 |
| | CZH03433 | | | | |
| | CZH03434 | | | | |
| | CZH03435 | | | | |
| | CZH03436 | | | | |
| | CZH03437 | | | | |

| CHECK DATE | CHECK NO. | PAYEE | DISCOUNTS TAKEN | CHECK AMOUNT |
|---|---|---|---|---|
| 6/10/2004 | 4331 | JEFF YOUNG | | $515,830.95 |

## YEAR END CHINA SHIPMENT

| | |
|---|---|
| CZH03438 | $78,039.00 |
| CZH03439 | $78,039.00 |
| CZH03430 | $89,800.00 |
| CZH03431 | $94,000.00 |
| CZH03432 | $92,000.00 |
| CZH03433 | $94,000.00 |
| CZH03434 | $105,600.00 |
| CZH03435 | $96,200.00 |
| CZH03436 | $90,176.50 |
| CZH03437 | $41,863.75 |

**TOTAL**    $859,718.25

## GUARANTY OF PAYMENT

In consideration of Jefftex International Ltd. (Jefftex), releasing the invoices listed on the attached schedule (totaling $1,326,318.25), to JPI Trading Corp. (JPI), without full payment therefor, the undersigned guarantees unto Jefftex, its successors, or assigns, the prompt payment by JPI, of all promissory notes, or other negotiable instruments or other evidences of indebtedness made by JPI to Jefftex, representing unpaid balance in an amount equal to 60% of the full payment, according to the term of such promissory notes, negotiable instruments or other evidences of indebtedness.

It is the intent of the undersigned that this Guaranty shall constitute an absolute, unconditional and continuing guaranty of JPI's obligations for the purposes hereinbefore set forth, to be and continue in full force and effect until JPI's aforesaid obligations are paid in full.

The undersigned further agrees to pay and shall be liable for all costs, expenses, and fees, including attorney fees, which may be incurred by Jefftex in enforcing or attempting to enforce this Guaranty against the undersigned.

The obligations hereof shall survive the demise or death of the undersigned guarantor and shall be binding on the estate of the deceased the same as though such death had not occurred.

The undersigned hereby waive notice of advancements hereunder, demand for payment, notice of default, notice of extension of time of payment of said obligations, or notice or renewal thereof, and all rights it might otherwise have to require Jefftex, as condition to requiring the undersigned to perform hereunder, to first (i) institute suite, obtain a judgment, or exhaust any remedies against JPI or any others liable on such obligations, (ii) make any other efforts at collection, or (iii) require Jefftex to join JPI as a party in any suit on this Guaranty.

Dated: New York, New York
     April 15, 2004

In the Presence of

Joseph Safdieh

under protest

**PLAINTIFF'S EXHIBIT T**

.005 15:04   FROM:PAN & CHU, LLP     212-391-9780     TO:912124809797

**JPI TRADING CORP.**
1370 BROADWAY, STE 1200
NEW YORK, NY 10018

NFB
**NORTH FORK BANK**
MATTITUCK, NY 11952
50-870/214

**4367**

AMERASIA BANK N.Y.

Memo: JIL-100-J-14  60% Balance

| CHECK NO. | DATE | AMOUNT |
|---|---|---|
| 2004 JUL -14309 4:08 | Jun 10, 2004 | *******$74,439.00 |

Seventy-Four Thousand Four Hundred Thirty-Nine and 00/100 Dollars

**STOP PAYMENT**

PAY
TO THE
ORDER
OF      Jeff Young

AUTHORIZED SIGNATURE

⑈004367⑈  ⑆021408704⑆  ⑈2704⑈0446 3⑈ 1⑈     ⑈0007443900⑈

2⑆026011484⑆     ⑈0007443900⑈

# GUARANTY OF PAYMENT

In consideration of Jefftex International Ltd. (Jefftex), releasing the invoice No. JIL-100-J-14 ($124,065.00), to JPI Trading Corp. (JPI), without full payment therefor, the undersigned guarantees unto Jefftex, its successors, or assigns, the prompt payment by JPI, of all promissory notes, or other negotiable instruments or other evidences of indebtedness made by JPI to Jefftex, representing unpaid balance in an amount equal to 60% of the full payment, according to the term of such promissory notes, negotiable instruments or other evidences of indebtedness.

It is the intent of the undersigned that this Guaranty shall constitute an absolute, unconditional and continuing guaranty of JPI's obligations for the purposes hereinbefore set forth, to be and continue in full force and effect until JPI's aforesaid obligations are paid in full.

The undersigned further agrees to pay and shall be liable for all costs, expenses, and fees, including attorney fees, which may be incurred by Jefftex in enforcing or attempting to enforce this Guaranty against the undersigned.

The obligations hereof shall survive the demise or death of the undersigned guarantor and shall be binding on the estate of the deceased the same as though such death had not occurred.

The undersigned hereby waive notice of advancements hereunder, demand for payment, notice of default, notice of extension of time of payment of said obligations, or notice or renewal thereof, and all rights it might otherwise have to require Jefftex, as condition to requiring the undersigned to perform hereunder, to first (i) institute suite, obtain a judgment, or exhaust any remedies against JPI or any others liable on such obligations, (ii) make any other efforts at collection, or (iii) require Jefftex to join JPI as a party in any suit on this Guaranty.

Dated: New York, New York
       April 15, 2004

In the Presence of

_____

Joseph Saffileh