UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JEFFTEX INTERNATIONAL LTD.,

        Plaintiff,

vs.

JPI TRADING CORP. and JOSEPH SAFDIEH,

        Defendants.

CIVIL ACTION NO.: 07CV10460 (TPG)

---

# MEMORANDUM IN SUPPORT OF MOTION BY JPI TRADING CORP. AND JOSEPH SAFDIEH TO DISMISS THIS ACTION WITH PREJUDICE PURSUANT TO FRCP 12

KAPLAN, von OHLEN & MASSAMILLO, LLC
Eugene Massamillo (EM - 6942)
Thomas G. Carulli (TC-3085)
555 5th Avenue, 15th Floor
New York, New York 10017
Tel:    (212) 922-0450
Fax:    (212) 922-0530

Attorneys for Defendants
JPI TRADING CORP. and JOSEPH SAFDIEH

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFTEX INTERNATIONAL LTD.,<br><br>        Plaintiff,<br><br>vs.<br><br>JPI TRADING CORP. and JOSEPH SAFDIEH,<br><br>        Defendants. | CIVIL ACTION NO.: 07CV10460 (TPG) |

**MEMORANDUM IN SUPPORT OF MOTION BY JPI TRADING CORP. AND JOSEPH SAFDIEH TO DISMISS THIS ACTION WITH PREJUDICE PURSUANT TO FRCP 12**

Named Defendants JPI Trading Corp. And Joseph Safdieh, by and through their attorneys Kaplan, von Ohlen & Massamillo, LLC, submit this memorandum in support of their motion to dismiss this action, with prejudice, pursuant to FRCP 12.

This action is barred under *res judicata* and collateral estoppel, and further should be dismissed for failure to join an indispensable party and for insufficiency of process and service of process. This action is, essentially, one for defective goods sold and delivered.

**1. This action is barred under *res judicata* and collateral estoppel principles.**

This identical action was brought in the Supreme Court of the State of New York, New York County, on November 15, 2004 (the "New York Action"), and was dismissed with prejudice on September 14, 2006, almost two years later. That the same causes of action, for the same shipments, were already dismissed with prejudice is evident from comparing the Second Verified Complaint in

1

the New York Action (EX. 1) with the Complaint in this action.

Specifically, the New York Action was initiated by two Plaintiffs - the Plaintiff herein, Jefftex International Ltd (hereinafter "Jefftex"), and by Jeff Young, as a "Motion for Summary Judgment in Lieu of Complaint" (Ex. 2).

That summary judgment motion was briefed, heard and denied on the facts on May 26, 2005 (Ex. 3), and the Court ordered Plaintiffs to proceed by way of Complaint. Plaintiffs Jefftex and Young thereafter filed a Complaint on June 28, 2005, to which JPI and Safdieh filed an Answer and Counterclaims on July 28, 2005. Subsequently, a Second Amended Complaint (Ex. 1) was filed on October 14, 2005 and JPI and Safdieh filed their Answer and Counterclaims with respect to that Second Amended Complaint on November 16, 2005.

After an adjournment and extended time for discovery, the court on October 11, 2005 set a final deadline for the completion of discovery as May 16, 2006 (Ex. 4, Transcript of September 14, 2006 Hearing before Judge Gammerman, at p. 3). At the conference before the Court on May 16, 2006, the Court set the trial date for September 13, 2006 (Ex. 4, p. 3). Plaintiffs duly filed a Note of Issue on September 6, 2006. Counsel for the parties appeared on the trial date, September 13, and Judge Gammerman ordered that a jury be selected and trial commenced, and sent counsel to select a jury (Ex. 4, p. 4). However, instead of doing so, Plaintiffs went to Judge Silbermann (the Administrative Judge) and sought to have another Judge assigned in place of Judge Gammerman rather than proceed with trial (unsuccessfully) (Ex. 4, p. 4-5) . On September 14, 2006, counsel for the parties again appeared before Judge Gammerman and Plaintiff was again ordered to proceed with jury selection and trial. Plaintiffs refused to do so, and Judge Gammerman dismissed the entire New York Action, expressly "with prejudice", based upon Plaintiffs refusal of the Court's orders to

2

proceed with trial on two consecutive days (Ex.4, at p. 13, 16). Judge Gammerman also expressly denied both Plaintiffs' demand for a dismissal without prejudice and Plaintiffs' request to file a stipulation of discontinuance without prejudice (Ex. 4, p. 7,).

The New York Action had been pending over the nearly two years without activity (discovery or otherwise) when it was dismissed with prejudice. Moreover, after the dismissal with prejudice, Plaintiffs took no further action - no motion for reconsideration or motion to vacate, no appeal. Now suddenly, after more than a year has passed since that dismissal with prejudice, and without exhausting its procedurally provided remedies under New York law to challenge the dismissal with prejudice in the courts of New York, Plaintiff Jefftex filed this Complaint, seeking in Federal Court the same relief on the same causes of action for the same alleged events, in a brazen attempt to avoid the courts of the State of New York and thwart the decision already rendered. It is respectfully submitted that this action is barred and should be dismissed with prejudice.

This is not a case where the court entered a dismissal "without prejudice", or an un-denominated general dismissal, or a dismissal simply reciting a New York statute or rule and not stating "with prejudice". It is not a case in which the dismissal was issued prior to the filing of the Note of Issue[1]. It is a case in which, after the filing of the Note of Issue and four (4) months after the trial date was set, the court expressly made the dismissal with prejudice upon the refusal by Plaintiff to obey the court's orders to proceed with trial (which the court had the inherent power to do, for example, under NYCRR 202.27 and CPLR 3404)[2].

---

[1] Pre-Note of Issue dismissals (for neglect to prosecute, etc.) fall under CPLR 3216 (*See, e.g., Basetti v. Nour*, 731 N.Y.S.2d 35, 37 (2d Dept. 2001).

[2] CPLR 3404 applies to case "struck from the trial calendar".

3

It is clear from the caselaw that the dismissal with prejudice of the New York Action was a post Note of Issue dismissal and thus the court had the authority to render that final judgment under NYCRR 202.27. *See Lopez v. Imperial Delivery Service, Inc.*, 725 N.Y.S.2d 57 (2d Dept. 2001); *Basetti v. Nour*, 731 N.Y.S.2d 35, 37 (2d Dept. 2001).

As the court held in *Lopez v. Imperial Delivery Service, Inc.*, 725 N.Y.S.2d 57, (2d Dept. 2001), pre-Note of Issue dismissals (those before the case is on the trial calendar) are governed by CPLR 3216 and NYCRR 202.27. If an action is simply dismissed with reference to either of these rules (*i.e.* not dismissed "with prejudice"), the action may be restored, within a year, but only if the plaintiff meets certain criteria (*Id.* at 62).

And where a pre-Note of Issue action is dismissed "with prejudice", that determination is given *res judicata* effect. *Rochester Drug Co-op, Inc. V. Magaliff*, 791 N.Y.S.2d 768, 769 (4th Dept. 2005); *Beizer v. Malhotra*, 2002 WL 859591 (N.Y.Sup.App. Term).

In *Beizer* there had been a first action "dismissed upon plaintiff's failure to appear at trial". That dismissal for failure to prosecute was not denominated as being "with prejudice". A second action by plaintiff was "dismissed with prejudice upon plaintiff's failure to appear". The Court held that: "Since the second action was dismissed with prejudice, the dismissal was on the merits" and thus "serves as a bar to the commencement of another action ... on the grounds of resjudicata".

Cases involving dismissal with prejudice earlier in the proceeding than the filing of the Note of Issue, such as during discovery, confirm that where such dismissals are denominated as "with prejudice", they are given *res judicata* effect. The New York Court of Appeals, in addressing a pre-Note of Issue dismissal (for plaintiff's failure to comply with a court order to answer interrogatories within 30 days that did *not* indicate it was on the merits), expressly noted that:

4

Where a plaintiff's noncompliance with a disclosure order *does not result in a dismissal with prejudice*, or an order of preclusion or summary judgment in favor of defendant so as to effectively close plaintiff's proof, dismissal resulting from such noncompliance is not a merits determination so as to bar commencement of a second action. (Emphasis added).

Thus, even where the dismissal is during the discovery period, if it is made "with prejudice", it is given *res judicata* effect. Thus, in *Fusco v. Blue Shield of Northeastern New York, Inc.*, 523 N.Y.S.2d 647, 648 (3d Dept 1988), the court held that where plaintiff failed to timely respond to a motion to dismiss and the court "dismissed the complaint with prejudice", that dismissal served as *res judicata* barring the second action on the same causes of action. In *Bullock v Weiner*, 693 N.Y.S.2d 307 (3d Dept. 1999), the court addressed a case in which the court had ordered a discovery completion date (of November 28, 1997) as a consequence of plaintiff's failure to earlier appear for scheduled depositions. After the close of the discovery period, defendant moved for a dismissal "with prejudice" based on plaintiff's failure to complete discovery. The court granted dismissal, but did not denominate it as "with prejudice". Following *Maitland*, the Appellate Division held that since the dismissal was not denominated as being "with prejudice", it did not have *res judicata* effect.

Indeed, the New York Court of Appeals has held that where the pre Note of Issue dismissal is entered in circumstances where the plaintiff has failed to comply with a discovery related preclusion order, the dismissal will be given *res judicata* effect even though it does not set forth that it on the merits, "to prevent plaintiff from circumventing the preclusion order" (*Barrett v Kasco Const. Co., Inc.*, 452 N.Y.S.2d 566 (1982).

In a case which Judge Gammerman dismissed for failure of the parties to appear at a scheduled status conference (on "default" rather than "with prejudice"), the Appellate Division upheld his denial of a motion to vacate that dismissal, noting that while the appellate court was relying upon

5

22 NYCRR 202.27 as the basis for the dismissal, even if CPLR 3404 were the basis for dismissal, plaintiffs still had to meet their burden of proof of an adequate showing of merit and a reasonable excuse and had not (*see Kellert v. Mail Boxes, Etc. USA, Inc.*, 669 N.Y.S.2d 557 (1ˢᵗ Dept. 1998).

The courts in New York also have held that where the dismissal occurs after the filing of the Note of Issue, the court's authority for such a dismissal is found in NYCRR 202.27 and CPLR 3404 (the courts have held that CPLR 3404 cannot be used for pre-Note of Issue dismissals, while NYCRR 202.27 provides the court with authority for dismissals both pre- and post-Note of Issue). *See Lopez v. Imperial Delivery Service, Inc.*, 725 N.Y.S.2d 57, (2d Dept. 2001).

Under CPLR 3404, the court may mark the case "off the trial calendar" and, after one year, the case is automatically dismissed (*Lopez*, 725 N.Y.S.2d at 62). A plaintiff seeking to restore such an action must make a showing of the merits of the action, a reasonable excuse for the delay, lack of intent to abandon and a lack of prejudice (*Id.* at 62-3)[3].

Under NYCRR 202.27, the court has authority to dismiss the action (*Brannigan v. Dubuque*, 606 N.Y.S.2d 401 (3d Dept. 1993); *Fink v. Antell*, 796 N.Y.S.2d 524 (2005); *Bowman v. Lacovara*, 829 N.Y.S.2d 510 (1ˢᵗ Dept. 2007) (holding further that a dismissal under NYCRR 202.27 does not require the entry of a signed order). Where the action is so dismissed, in order to vacate the dismissal, plaintiff must move to vacate and restore the action, and has the burden of proof on reasonable excuse and meritorious cause of action.

And since any dismissal under NYCRR 202.27 is a default, such a judgment serves as res

---

[3]Indeed, if the New York Action was not properly dismissed, as in *Lopez*, the *Lopez* decision indicates that the case is "while perhaps comatose, still alive" (*Id.* at 64). Thus, even if *res judicata* did not apply, Plaintiff's claims herein arguably are still within the jurisdiction of the courts of the State of New York, and Plaintiff should be required to pursue its claims before the courts in which the matter resides.

judicata to this proceeding (default judgment given res judicata effect - *see, e.g., Martins v Wood*, 675

N.Y.S.2d 544 (2d Dept. 1998); *Rosendale v. Citibank*, 691 N.Y.S.2d 901 (2d Dept. 1999);

The law in New York is clear - where the dismissal is "with prejudice" (as opposed to an un-

denominated dismissal or a dismissal without prejudice), that dismissal "serves as a bar to the

commencement of another action ... on the grounds of *resjudicata*" (*Beizer v. Malhotra*, 2002 WL

859591 (N.Y.Sup.App. Term); *Yonkers Contracting Co. V. Port Auth. Trans-Hudson Corp.*, 93

N.Y.2d 375, 380; 690 N.Y.S.2d 512, 516 (1999); *Rochester Drug Co-op, Inc. V. Magaliff*, 791

N.Y.S.2d 768, 769 (4th Dept. 2005); *Aard-Vark Agency, Ltd. V. Prager*, 779 N.Y.S.2d 213, 214 (2d

Dept. 2004); *O'Donoghue v. Wood Box Stove Co., Inc.*, 816 N.Y.S.2d 698 (N.Y.Sup. App. Term

2006); *Miller v. Hainzl*, 216 N.Y.S.2d 346, 347-8 (N.Y.City Ct. 1961).

New York Courts would not countenance the refiling of this action, already dismissed with

prejudice, after the filing of the Note of Issue, for failure to obey the orders of the court to proceed

with the action.

## 2. This action should be dismissed for failure to join an indispensable parties.

As the Court will note, in the New York action, Young was a Co-Complainant, and issue was

joined in that case respecting both Young and Jefftex by Counterclaims filed May 24, 2005, and by

Answer to the Verified Complaint, filed July 28, 2005. Young, having asserted on his own behalf in

the New York Action the same claims now asserted by Jefftex in the present action, Young is a party

indispensable to this action.

Moreover, in the New York Action, the Jefftex Plaintiff asserting the same claims being

asserted in this action, by way of sworn affirmation by its counsel, established that it was a New York

Corporation (Ex.5, ¶ 4)[4]. Yet the named Jefftex Plaintiff in this action alleges it is a Taiwan corporation (Complaint, ¶4). Thus, the Jefftex that is a New York Corporation, and that asserted these same causes of action in the New York Action, is an indispensable party - indeed, the alleged Taiwanese Jefftex in this action is not the proper Plaintiff.

**3. Plaintiff's process and service of process in this action were insufficient.**

No personal service has been effected on Defendant Safdieh, and as such Plaintiff's process and service of process are defective..

DATED:     New York, New York
             January 23, 2008

Kaplan, von Ohlen & Massamillo, LLC

By:   /s/ Thomas G. Carulli
         Eugene F. Massamillo (EM-6942)
         Thomas G. Carulli (TC-3085)
         555 5th Avenue
         New York, New York 10017
         Tel. 212-922-0450
         Fax 212-922-0530
         Attorneys for Defendants

---

[4] Indeed, since the entity which initiated the First New York Action was a New York corporation and the named Defendant herein, JPI Trading, is a New York Corporation, if that Jefftex is the correct Plaintiff then this Court lacks diversity jurisdiction.

8

## AFFIDAVIT OF SERVICE BY FEDERAL EXPRESS

STATE OF NEW YORK )
)ss:
COUNTY OF NEW YORK )

     Lawrence Delgado, being duly sworn deposes and says that deponent is not a party to the action, is over 18 years of age and resides in New York County.

     On the 23rd day of January, 2008 deponent served the within **NOTICE OF MOTION BY JPI TRADING CORP. AND JOSEPH SAFDIEH TO DISMISS THIS ACTION WITH PREJUDICE PURSUANT TO FRCP 12; DECLARATION OF THOMAS G. CARULLI IN IN SUPPORT OF MOTION; MEMORANDUM IN SUPPORT; AND RULE 7.1 STATEMENT** upon:

          Gottesman, Wolgel, Malamy, Flynn & Weinberg, PC
          Stewart W. Lee, Esq.
          Steven Weinberg, Esq.
          11 Hanover Square
          New York, New York 10005

the address designated by said attorney by depositing same enclosed in a properly addressed wrapper, in an official depository under the exclusive care and custody of the Federal Express within the State of New York.

                               Lawrence Delgado

Sworn to before me this
23rd day of January, 2008

          Notary Public
          LAWRENCE MENTZ
       Notary Public, State of New York
          No. 31-4513579
        Qualified in New York County
     Commission Expires April 30, 20