UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
JEFFTEX INTERNATIONAL, LTD.                             Civil Action No. 07 CV 10460 (TPG)

                        Plaintiff,

                - against -

JPI TRADING CORP. and JOSEPH SAFIDEH,

                        Defendants.                    *Assigned to:*
                                                       Hon. Thomas P. Griesa, U.S.D.J.
---------------------------------------------------------x

## DECLARATION BY JEFF YOUNG
## IN OPPOSITION OF DEFENDANTS' MOTION TO DISMISS

JEFF YOUNG, declares, certifies and states under the penalty of perjury under the laws of the United States of America and pursuant to 28 U.S.C. 1746 that the following is true and correct:

### *Preliminary Statement*

1.     I am the President of Jefftex International Ltd. ("Jefftex"), the plaintiff in the above captioned action, and I am fully familiar with and have personal knowledge of the matters set forth herein.

2.     This affidavit is submitted on behalf of Plaintiff Jefftex and in OPPOSITION to the motion made by Defendants JPI Trading Corp. ("JPI") and Joseph Safdieh to dismiss this action.

3.     Jefftex' trial counsel tells me that defendants claim: (i) that this current action is barred because the prior action was dismissed; (ii) that Jefftex is not the proper or correct plaintiff but that that your declarant, along with a New York corporation which is also named Jefftex International Ltd. ("NY-JIL"), are supposedly true and indispensable parties; and (iii) that since NY-JIL is purportedly the "real plaintiff", that

there is no diversity in the citizenship of the plaintiffs and defendants. Defendants'

claims are both disingenuous and incorrect.

### *The Prior State Court Action Was Discontinued Without Prejudice*

4.    I deferred to Jefftex' trial counsel to succinctly state why this current

action is not legally barred by the prior action. Suffice to say on this point that the parties

collaboratively agreed to discontinue the prior action with every right to start anew. That

agreement was memorialized, and is evidenced by, the Stipulation of Discontinuance

without prejudice executed by the parties' attorneys. Those attorneys, incidentally, are

the very same attorneys who now represent the parties in this current action. A true and

complete copy of the Stipulation of Discontinuance is annexed hereto and made a part

hereof as EXHIBIT A.

A.    *Defendants Wanted and Solicited the Discontinuance*

5.    What is disconcerting about defendants' present posture is that it utterly

contradicts their prior actions and agreements.

6.    Defendants were the ones who approached Jefftex about discontinuing

without prejudice. One of their initial solicitations came by a letter from defendants

dated July 31, 2006 to Jefftex' New York local counsel

7.    In the July 31, 2006 letter, Safdieh, the individual defendant and principal

of the corporate defendant in this case, wrote:

> As I discussed with you a few weeks ago, I have a proposal about
> the state court action between Jefftex and JPI, where we both have
> claims pending. I think it would be in both our interests to dismiss
> both of our actions against each other, without prejudice to
> reinstatement, without further stipulation that all the parties waive
> any defense of statute of limitation or delay. In that way, there is no
> prejudice to either party.
>
> This would give us time to arrange a meeting in Taiwan between
> Jeff and me, to settle all of our differences. Right now, we are under
> the gun to complete all discovery over the next 6 weeks and go to

trial in September.  It is my understanding the judge is not likely to grant any extensions.  We would have to exchange thousands of pages of documents, hire court reporters, and undergo long depositions of Jeff, me and other personnel from both sides.  Both of our legal fees for all of this will be very high.

Since none of this expensive activity has taken place yet, <u>neither of us would lose anything significant if we dismiss without prejudice.</u>  If the lawsuit had to be restarted, we would merely re-file what our lawyers already have prepared, and the action would be underway.

Let's instruct our lawyers to file the dismissal right away, before they start billing us for discovery.

(emphasis added).  A true and complete copy of the defendants' July 31, 2006 letter is annexed here and made a part hereof as EXHBIT B.

8.    As Jefftex' President, I instructed Jefftex' New York counsel to reject the defendants' proposal and have trial counsel prepare for trial, and that I was more than willing to fly to New York for the September 13, 2006 trial.

9.    Defendants' July 31, 2006 proposal was straight out of defendants' playbook of dilatory tactics.  It was defendants' classic empty promise that defendants will settle, want to settle, want to pay what they owe, but they just needed more time. These were the very kind of promises defendants made over the years which resulted in the $4.5 million debt at issue in this lawsuit.  In any event, Jefftex already danced this dance before with defendants.

10.    About two years before defendants' July 31, 2006 proposal, in another lawsuit, *Jefftex International, Ltd. v. Air-City, Inc.*, U.S. District Court, E.D.N.Y., Case No. 03 CV 2855, these very same defendants made the very same empty promises.  They even confirmed and reconfirmed those promises to the Magistrate Judge in that case, thinking they could out dance the Magistrate Judge as well.  Those promises never materialized.  From June 10, 2004 to April 7, 2005, defendants engaged in a series dilatory ploy and tactics, including, the firing of several attorneys just to buy more time.

11.    Defendants' brinkmanship in the *Jefftex v. Air City* ended for defendants with a series of findings and orders, including:

    a.    the Magistrate Judge Robert M. Levy's Certification and Report and Recommendation dated January 26, 2005, which recommended that defendants JPI and Safdieh be found in contempt;

    b.    Judge Nicholas G. Garaufis' Order dated April 5, 2005 which found both JPI and Safdieh in contempt and granting default judgment;

    c.    Judge Nicholas G. Garaufis' Memorandum and Order dated October 17, 2005 denying JPI's motion to vacate the default judgment, and finding that diversity jurisdiction existed.

True and complete copies of the Magistrate Judge Levy's Certification and Report and Recommendation, Judge Garaufis' Order and Memorandum and Order are annexed here and made a part hereof as EXHIBITS C, D, and E, respectively.

**B.    *Defendants Ante Up a $100,000 Personal Check***

12.    Defendant continued to renew their July 31, 2006 proposal in the months before the September 13, 2006 trial date. Regretfully, Jefftex reconsidered defendants' proposal when defendants put up a $100,000 personal check from Joseph Safdieh for Jefftex to apply toward the reduction of $4.5 million debt at issue here, regardless if the parties reach a settlement on the remaining balance and without prejudice to collecting the balance. A true and complete copy of Joseph Safdieh's $100,000 personal check is annexed here and made a part hereof as EXHIBIT F.

13.    On September 11, 2006, Jefftex's trial counsel confirmed that defendants just delivered to them Joseph Safdieh's personal check in the sum of $100,000, albeit with Safdieh's unilateral post-dating of the check to November 10, 2006.

14.    The receipt of the check was a precondition to Jefftex' agreement to draft and execute the stipulation of discontinuance without prejudice and a separate stipulation waiving any statute of limitations defense.  Since the check was delivered, I presumed that the stipulations will be finalized and executed, and the September 13, 2006 trial dispensed.

15.    On September 13, 2006, I learned that defendants reneged and wanted to reduce the parties' agreement back to a bare bone stipulation of discontinuance without prejudice, without any consideration or reduction to the debt at issue.

16.    At that point, and by the time I learned about it, there was no way for me or anyone from Jefftex to fly to New York on the last minute, in time for the September 13, 2006 trial date.

17.    Given the circumstances, Jefftex directed their trial counsel to seek an adjournment, and if that was not possible, to execute the stipulation of discontinue without prejudice, with or without the $100,000 check and statute of limitations waiver. As evidenced by Exhibit A, the parties' counsel executed and filed a stipulation discontinuing the prior action, without prejudice.

### The Real Parties to the Lawsuit And Diversity of the Parties

18.    Equally wanting is Defendants' claims that this action lacks all the necessary and indispensable parties and lacks diversity jurisdiction.  All the necessary and indispensable parties are named in this action.  That is – (i) Jefftex, a foreign corporation from Taiwan, delivers $7,658, 843.39 of contracted goods to JPI, a New York corporation, which (ii) JPI accepted and kept while refusing to pay Jefftex the $4,521,675.26 unpaid balance for the goods, of which (iii) Joseph Safdieh, a New York

or New Jersey resident, personally guaranteed $4,135,439.25 of the $4,521,675.26 unpaid

balance, but failed to pay when demanded.

19.    The particulars concerning defendants' liability to Jefftex and the debts at

issue are set forth in this action's Complaint, and all of which I adopt as if they were fully

repeated in my declaration.

A.    *Jeff Young is Not a Real Party in Interest*

20.    To the extent defendants contend that I should be a party to this lawsuit

merely because the post-dated checks involved in this lawsuit were made payable to me

is absurd.  Those post-dated checks were tendered and delivered by JPI as payment for

$4,521,675.26 unpaid balance JPI owes Jefftex.  There is no dispute that Jefftex was the

seller or the seller's agent, and JPI was the buyer, and Safdieh was the guarantor.

21.    The fact that the checks were made payable to me does make it so that I

must be a party to this lawsuit.  Those checks, though in my name, were for the beneficial

interest of Jefftex.  As such, as have always been the case, the checks at issue and any

rights, interests or claims therefrom, were all irrevocably assigned and transferred to

Jefftex or held for Jefftex' beneficial interest.

22.    But just so that the record is clear, all of the checks that JPI made payable

to me are deposited in a single bank account exclusively for Jefftex' use and control, and

not for me, Jeff Young, individually.  None of the funds in that account are used for any

other purpose.  I do not deposit any of my personal funds into that account.  Since JPI

began making checks payable in my name, I have always assigned the rights to the

checks to Jefftex.  In turn, Jefftex credits JPI's debt and account in the equal sum of the

any check that was successfully negotiated.  The fact that defendants now make this an

issue is disingenuous.

B.    *NY-JIL is Not the Plaintiff in this Action or Any Action*

23.    Likewise, defendants' contention that NY-JIL, and not Jefftex, is the true and proper party is ludicrous. These defendants have in all these years dealt only with Jefftex in Taiwan. Jefftex is, as defendants fully know, a Taiwan corporation whose only office is in Taiwan. I note this is not the first time that defendants tried to attack Jefftex' foreign citizenship. *See* **Exhibit E.**

24.    NY-JIL, is a New York corporation that Jefftex' New York local counsel incorporated on July 18, 2003. The sole purpose for incorporating NY-JIL was to create a domestic corporation to act as a check clearing agent for checks originating from U.S. banks. Clearing a U.S. check in Taiwan can take up to weeks, and much longer when it involves a significant check sum. However, when NY-JIL could not serve that purpose, NY-JIL was dissolved. That dissolution, which was effected by a certificate, occurred on July 26, 2004. These events all occurred before the prior action was commenced on November 15, 2004. Copies of filing receipts for NY-JIL incorporation and dissolution are attached as EXHIBIT G.

25.    As the President of Jefftex, I can say unequivocally that NY-JIL is not, and never has been, the plaintiff in any of the Jefftex' lawsuits.

26.    Jefftex' trial counsel tells me that defendants allude to the Reply Affirmation by Gilbert Serrano, Esq. from the law firm Pearlman, Apat & Futterman, LLP. dated May 24, 2005 as proof that NY-JIL was the original plaintiff in the prior lawsuit. In that Reply Affirmation, Mr. Serrano states "[a] simple check of the NYS Department of State Division Corporations would reveal that Jefftex International Ltd. is an active New York Domestic Business Corporation."

27.     While Mr. Serrano and his firm did at one time represent Jefftex in the prior action, they were terminated and replaced with our current trial counsel, Gottesman, Wolgel, Malamy, Flynn & Weinberg, P.C. on or around July 15, 2005.  The reasons should be apparent and need not be discussed here.

28.     As for Mr. Serrano's Reply Affirmation, I do not recall ever seeing it before it was brought to my attention by Gottesman, Wolgel, Malamy, Flynn & Weinberg, P.C..  If I had seen it, I certainly would not have approved his factual claim, as it was utterly wrong.

29.     Jefftex is the only plaintiff in the prior action that Mr. Serrano commenced, is in fact the only party who retained Mr. Serrano and his firm, and is the only party that JPI and Safdieh have ever dealt with.

30.     When Mr. Serrano's misstatement was brought to my attention by Gottesman, Wolgel, Malamy, Flynn & Weinberg, P.C., Jefftex instructed its trial counsel to immediately correct it, which they did by amending the complaint.  The "Amended Complaint" in the prior action, as well as the "Second Amended Complaint", correctly states that "Plaintiff JEFFTEX ("Plaintiff") is and was at all times relevant herein, a foreign corporation organized and existing under the laws of the Republic of China, having its principal office at No. 57, Fu Hsing North Road,Taipei, Taiwan, Republic of China."

31.     There is simply no basis to contend that this lawsuit involves NY-JIL, which was dissolved long before the prior lawsuit was ever commenced

### Conclusion

32.     Jefftex has real claims against JPI and Safdieh.  Those claims involve $4.5 million of debt owed by defendants, with interest.  JPI's attacks against the validity of Jefftex' claims and right to pursue them are wholly without merit.

33.    Jefftex was at all times, and still is, ready, willing and desirous to litigate their claims, and should have the right to before this Court.


WHEREFORE, for the foregoing reason, your declarant respectfully requests that this Court deny JPI's motion to dismiss in its entirety.


Dated: Taipei, Taiwan
       April __10TH__ 2008

_____
JEFF YOUNG