STEVEN WEINBERG, ESQ.
STEWART W. LEE, ESQ.
Gottesman, Wolgel, Malamy,
Flynn & Weinberg, P.C.
11 Hanover Square, 4th Floor
New York, New York 10005
Tel.: (212) 495-0100
Fax: (212) 480-9797

*Attorneys for Plaintiff Jefftex International Ltd.*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

JEFFTEX INTERNATIONAL LTD.,                    Civil Action Case No.:
                                               07 CV 10460 (TPG)

               Plaintiff,

   - against -

JPI TRADING CORP. and JOSEPH                   *Assigned to:*
SAFDIEH,                                        Hon. Thomas P. Griesa, U.S.D.J.

               Defendants.

-------------------------------------------------------x

### PLAINTIFF JEFFTEX INTERNATIONAL LTD.'S
### MEMORANDUM OF LAW IN OPPOSITION
### TO DEFENDANTS' MOTION TO DISMISS

GOTTESMAN, WOLGEL, MALAMY,
FLYNN & WEINBERG, P.C.
ATTORNEYS FOR

*Plaintiff Jefftex International Ltd.*

11 HANOVER SQUARE
NEW YORK, N.Y. 10005
TEL. NO. (212) 495-0100
FAX NO. (212) 480-9797

1

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES**      i

**PRELIMINARY STATEMENT**      1

**STATEMENT OF FACTS**      3

**ARGUMENT**      4

| | | |
|---|---|---|
| Point I | The Stipulation of Discontinuance Without Prejudice Executed and Filed by the Parties Preserved the Right to Sue Again | 4 |
| Point II | The Stipulation of Discontinuance is a Valid and Enforceable Contract | 4 |
| Point III | Defendants Cannot Now Take a Legal Position Contrary to the Stipulation of Discontinuance Without Prejudice They Executed | 5 |
| Point IV | The Court Cannot Ignore or *Sua Sponte* Void the Parties Agreement to Discontinue Without Prejudice | 5 |
| Point V | CPLR Rule 3217(a)(2) Provides the Parties a Statutory Right to Discontinue the Lawsuit Without a Court Order or Court Approval | 6 |
| Point VI | J.H.O. Gammerman Was Without Authority to Dismiss Pursuant to NY Court Rules § 202.43(d) | 8 |
| Point VII | The Intervening *Sua Sponte & Ultra Vires* Dismissal is of No Legal Consequence | 9 |
| Point VIII | J.H.O. Gammerman's *Sua Sponte* Dismissal Was Not on the Merits | 12 |
| Point IX | There is No Inherent Judicial Powers to Dismiss An Action for the Want of Prosecution | 13 |
| | A.  Dismissal Pursuant to CPLR Rule 3216 | 14 |
| | B.  Dismissal Pursuant to CPLR 3404 | 14 |
| | C.  Dismissal Pursuant to NY Court Rules § 202.27 | 15 |

Point X        The *Sua Sponte* Dismissal Has No *Res Judicata* or        16
               Collateral Estoppel Effect

Point XI       This Court Has Diversity Jurisdiction and All the          19
               Indispensable Parties are Already Named in this Lawsuit

**CONCLUSION**                                                            22

# TABLE OF AUTHORITIES

Page

*Federal Court Cases*

**Dole Food Co. v. Patrickson**    20
538 U.S. 468, 123 S.Ct. 1655, 155 L.Ed.2d 643 (2003)

**Grupo Dataflux v. Atlas Global, L.P.**    20
541 U.S. 567, 124 S.Ct. 1920, 158 L.Ed.2d 866 (2004)

**Wild v. Subscription Plus, Inc.**    20
292 F.3d 526 (7th Cir. 2002)


*State Court Cases*

**A. Colish, Inc. v. Abramson**    4
178 A.D.2d 252, 577 N.Y.S.2d 60 (1st Dept. 1991)

**Arcate v. Cohen**    13
289 A.D.2d 148, 735 N.Y.S.2d 107 (1st Dept. 2001)

**Bank of New York v. Murphy**    6
230 A.D.2d 607, 645 N.Y.S.2d 800 (1st Dept. 1996)

**Banno v. Clearwater Beach Colony, Inc.**    11
8 A.D.2d 798, 187 N.Y.S.2d 595 (1st Dept. 1959)

**Begelman v. Begelman**    16, 17
170 A.D.23d 562, 566 N.Y.S.2d 337 (2nd Dept. 1991)

**Behren v. Warren, Gorham & Lamont, Inc.**    15
301 A.D.2d 381, 753 N.Y.S.2d 78 (1st Dept. 2003)

**Biensztok v. Bello**    5
285 A.D.2d 619, 728 N.Y.S.2d 750 (2nd Dept. 2001)

**Brown v. Cleveland Trust Co.**    17
233 N.Y. 339 (1922)

**Butler v. Jarvis, Jr.**    11
101 N.Y. 307 (1886)

**Cousins Knitwear Co. v. B & B Sweater Mills, Inc.**    11
208 N.Y.S.2d 108 (App. Term – N.Y. County 1960)

***Credit-Based Asset Serving and Securitization, LLC v. Grimmer***
299 A.D.2d 887, 750 N.Y.S.2d 673 (4th Dept. 2002)                          11

***Cullen v. Naples***
31 N.Y.2d 818, 339 N.Y.S.2d 464 (1972)                                        7

***Danne v. Otis Elevator Corp.***
31 A.D.3d 599, 819 N.Y.S.2d 79 (2nd Dept. 2006)                            16

***Dorel Steel Erection Corp. v. Seaboard Surety Company***
291 A.D.2d 309, 738 N.Y.S.2d 52 (1st Dept. 2002)                          15

***Espinoza v. Concordia International Forwarding Corp.***
32 A.D.3d 326, 820 N.Y.S.2d 259 (1st Dept. 2006)                          16

***Fernald v. Vinci***
309 A.D.2d 354, 754 N.Y.S.2d 668 (2nd Dept. 2003)                          9

***Gallo v. Teplitz Tri-State Recycling, Inc.***
254 A.D.2d 253, 678 N.Y.S.2d 140 (2nd Dept. 1998)                      15, 18

***Gendus v. Sheraton/Atlantic City West***
302 A.D.2d 427, 754 N.Y.S.2d 895 (2nd Dept. 2003)                         15

***Hevesi v. Pataki***
169 Misc.2d 467, 643 N.Y.S.2d 895 (NY Sup. Ct. – NY County              4, 7
1996)

***In re: Creamer's Estate***
37 A.D.2d 33, 322 N.Y.S.2d 489 (1st Dept. 1971)                        10, 11,
                                                                          12,

***In re Malloy's Estate***
278 N.Y. 429 (1938)                                                          7

***Johnson v. Sam Minskoff & Sons, Inc.***
287 A.D.2d 233, 735 N.Y.S.2d 503 (1st Dept. 2001)                         14

***Joyner v. New York City Housing Authority***
1 Misc.3d 795, 772 N.Y.S.2d 221 (Sup. Ct. – NY County 2003)                 15

***L.H. Feder Corp. v. Bozkurtian***
48 A.D.2d 701, 368 N.Y.S.2d 247 (2nd Dept. 1975)                           9

***Lapson v. 80 Avenue C Corp.***
267 A.D.919, 47 N.Y.S.2d 189 (2nd Dept. 1944)                             12

*Lopez v. Imperial Delivery*    14
282 A.D.2d 190, 725 N.Y.S.2d 57 (2nd Dept. 2001)
*lv. denied & dismissed* 96 N.Y.2d 937, 733 N.Y.S.2d 376 (2001)

*Manufacturers Mutual Fire Insurance Co. v. B & B Sweaters Mills,*    11
*Inc.*
288 N.Y. 668 (1942)

*Martin v. City of Cohoes*    7
27 N.Y.2d 162, 371 N.Y.S.2d 687 (1975)

*Martins v. Wood*    18
251 A.D.2d 465, 675 N.Y.S.2d 544 (2nd Dept. 1998)

*Milpac Dyeing Co. v. B & B Sweater Mills, Inc.*    11
28 Misc.2d 548, 208 N.Y.S.2d 109 (App. Term – N.Y. County 1960)

*New York City Off-Track Betting Corp. v. Safe Factory Outlet, Inc.*    6
28 A.D.3d 175 , 809 N.Y.S.2d 70 (1st Dept. 2006)

*Nishman v. De Marco*    5
62 N.Y.2d 926, 479 N.Y.S.2d 185 (1984)

*Orlich v. Helm Brothers, Inc.*    7
162 A.D.2d 135, 560 N.Y.S.2d 10 (1st Dept. 1990)

*Peterson v. Forkey*    17
50 A.D.2d 774, 376 N.Y.S.2d 560 (1st Dept. 1975)

*PNC Capital Recovery v. Mechanical Parking Systems, Inc.*    6
283 A.D.2d 268, 726 N.Y.S.2d 394 (1st Dept. 2001)

*Rosendale v. Citibank*    18
691 N.Y.S.2d 901, 691 N.Y.S.2d 901 (2nd Dept. 1999)

*Rudd v. Cornell*    16, 17
171 N.Y. 114 (1902)

*Stacey "O" v. Donald "P"*    12
137 A.D.2d 965, 525 N.Y.S.2d 385 (3rd Dept. 1988)

*W.W.W. Associates, Inc. v. Giancontieri*    6
77 N.Y.2d 157, 565 N.Y.S.2d 440 (1990)

***Wood v. Martins***                                                    18, 19
232 A.D.2d 407, 648 N.Y.S.2d 312 (2nd Dept. 1996)

***Yoi-Lee Realty Corp. v. 177th Street Realty Associates***             6
208 A.D.2d 185, 626 N.Y.S.2d 61 (1st Dept. 1995)

*Statutes, Codes and Rules*

***Judiciary and Judicial Procedure***                                   19
***28 U.S.C. 1332***

***NY Civil Practice Laws and Rule***
***- Rule 3216***                                                        14
***- Rule 3217***                                                        4, 6, 7,
                                                                         10, 15,
***- Rule 3404***                                                        14, 15

***NY Rules of Court***
***- § 202.27***                                                         15, 16, 18
***- § 202.28***                                                         10
***- § 202.43***                                                         8, 9

*Treaties, Hornbooks, etc.*

***Siegel's N.Y. Practice (4th Ed.)***
 ***- § 297***                                                           10

### PLAINTIFF JEFFTEX INTERNATIONAL LTD.'S
### MEMORANDUM OF LAW IN OPPOSITION
### TO DEFENDANTS' MOTION TO DISMISS

Plaintiff JEFFTEX INTERNATIONAL LTD. ("Jefftex") submits this Memorandum of Law in OPPOSITION to the pre-answer motion by defendants JPI TRADING CORP. ("JPI") and JOSEPH SAFDIEH ("Safdieh") which seeks to dismiss this lawsuit pursuant to Rule 12 of the Federal Rules of Civil Procedure ("FRCP") on the grounds of: (i) *res judicata*, (ii) collateral estoppel, and (iii) failure to join indispensable parties.[1]

Defendants' pre-answer motion initially sought dismissal on the ground that no personal service was made on Defendant Safdieh. This part of the motion is now moot. Defendants are no longer contesting service of the summons and complaint on Defendant Safdieh, and have withdrawn and waived any defense based on lack of personal jurisdiction.

### PRELIMINARY STATEMENT

The issue on this motion is not whether defendants can invoke *res judicata* or collateral estoppel when the prior state action was never decided on the merits. It is about the binding legal effect on the defendants of a Stipulation of Discontinuance with the words "without prejudice" fully executed, reaffirmed in open court, and filed in the prior action.

---

[1] Defendants' Pre-Answer Motion to Dismiss does not challenge this Court's diversity jurisdiction and does not seek dismissal on that ground. It does however suggest in a footnote that the parties' diversity of citizenship will be lost if a wholly distinct and dissolved NY corporation is found to be an indispensable party to this action. The suggestion is specious. As will be explained in plaintiff's Memorandum of Law in Opposition, as well as in the Declaration by Plaintiff's President, Jeff Young, all the real parties of interest are already named in this lawsuit.

This Stipulation of Discontinuance grants Plaintiff Jefftex the right to commence this action anew. It also forecloses the *res judicata* and collateral estoppel arguments that defendants' now advocate.

Defendants seek to circumvent this Stipulation by annulling it altogether. Their motion would have this Court write out the Stipulation from the case's history instead of holding defendants to their prior acts that included: month long solicitations to discontinue without prejudice; followed by a $100,000 personal check from defendant Safdieh as a "let's talk" incentive; and the eventual Stipulation of Discontinuance executed, reaffirmed in open court, and filed by parties' attorneys.

In place of a valid enforceable Stipulation, defendants propose that this Court legitimize the *ultra vires* actions of a judicial hearing officer. That proposal would have this Court empower a state judicial hearing officer with the judicial authority that he lost when his Order of Reference was automatically revoked and cancelled by the parties' agreement to discontinue their action. It would ask this Court to determine if the state judicial hearing officer may even *sua sponte* void the parties' stipulation to discontinue without prejudice, and then *sua sponte* dismiss it "with prejudice" and "for the failure to prosecute" in the absence of any general inherent powers or codified authority.

There is also no merit to defendants' claim that this action failed to join an indispensable party. All the "real parties in interest" – Jefftex, JPI and Safdieh – are already parties in this action which concerns 24 post-dated checks from defendant JPI as payment for the apparels JPI ordered through plaintiff Jefftex, which payments were unconditionally guaranteed by defendant Safdieh. The fact that the checks were made payable to Jefftex' President, rather than Jefftex, does not change who are the real parties

of interest or who is the creditor and the debtor. Nor is a corporation who is not a party to subject transaction and has been dissolved since July 26, 2004 an indispensable party or a factor in determining if diversity of citizenship exist.

## STATEMENT OF FACT

The material and relevant facts are fully set forth in the Affirmation of Steven Weinberg, Esq. dated April 23, 2008, the Declaration of Jeff Young dated April 10, 2008, and the exhibits annexed thereto, as well as this action's Complaint. All of those facts are hereby incorporated as if they were fully set forth hereinafter.

Collectively, they set forth plaintiff Jefftex' factual and legal basis to bring the claims asserted herein, as well as the procedural and settlement history of a prior state court action, *Jefftex International Ltd. v. JPI Trading Corp.*, New York Supreme Court, NY County, Index No. 603811/04 (the "Prior State Action"). Defendants delivered a $100,000.00 check two days before the trial date to induce Jefftex to consent to defendants' proposed discontinuance of Prior State Action without prejudice. Defendants' counsel agreed to and signed a stipulation to discontinue the action without prejudice on the morning of September 14, 2006, steadfastly defended the parties' agreement to discontinue without prejudice before Judicial Hearing Officer Ira B. Gammerman ("J.H.O. Gammerman"), and then walked to the clerk's office to file the stipulation discontinuing the action without prejudice.

This action is more than just the $4.5 million owed by defendants JPI and Joseph Safdieh. It is about defendants' pattern of false promises, breach of contracts and fraud. The wrongs perpetuated by defendants in this action arose from the 24 post-dated checks and written guaranties of payment which are attached to the Complaint. They have since

evolved to include defendants' most recent breach, to wit: the Stipulation of

Discontinuance that precludes defendants from arguing *res judicata* and collateral

estoppel in this action in first place.

## ARGUMENT

### POINT I

**The Stipulation of Discontinuance Without Prejudice**
**Executed and Filed by the Parties Preserved the Right to Sue Again**

The doctrines of *res judicata* and collateral estoppel do not bar this action.  The

parties here voluntarily executed and filed a Stipulation of Discontinuance which

pursuant to its clear explicit terms, discontinued the Prior State Action <u>without</u> prejudice.

This Stipulation vests Plaintiff Jefftex with the absolute right to commence this action,

and at the same time, estops defendant from arguing that the prior action bars this action.

*See **Plaintiff's OPP - Exhibit A*** (which is a true and complete copy of the Stipulation of

Discontinuance executed and filed by the parties' counsel in the Prior State Action.)  *See*

*also **A. Colish, Inc. v. Abramson***, 178 A.D.2d 252, 252, 577 N.Y.S.2d 60, 61 (1st Dept.

1991)("The doctrine of res judicata is inapplicable here, as the discontinuance of the prior

action was made specifically without prejudice… .")  *See also **NY CPLR Rule**

***3217(c)***("Unless otherwise stated … the discontinuance is without prejudice… .")

### POINT II

**The Stipulation of Discontinuance is a Valid and Enforceable Contract**

The Stipulation of Discontinuance is a valid and enforceable contract.  *See **Hevesi**

***v. Pataki***, 169 Misc.2d 467, 474, 643 N.Y.S.2d 895, 900 (NY Sup. Ct. – NY County

1996)("The law is well settled that a stipulation of discontinuance is itself a binding

contract between the parties and is enforceable by them.")  Defendants cannot just by breaching this Stipulation resurrect the *res judicata* and collateral estoppel defenses.

## POINT III

### Defendants Cannot Now Take a Legal Position Contrary to the Stipulation of Discontinuance Without Prejudice They Executed

Defendants also cannot disown their prior actions or disavow the contract they executed.  The Stipulation is a legally binding contract that cannot be circumvented unilaterally merely because a contracting party's interest has changed.  *See Nishman v. De Marco*, 62 N.Y.2d 926, 929, 479 N.Y.S.2d 185, 186 (1984)("The parties charted their own course, and defendants offer no sufficient reason now to permit him radically to change that course.")  Nor are defendants permitted to argue that this action is now barred by the Prior State Action when the Stipulation of Discontinuance that precludes such defense was executed by the same attorneys who now represent defendants in this action.

## POINT IV

### The Court Cannot Ignore or *Sua Sponte* Void the Parties Agreement to Discontinue Without Prejudice

Defendants' *res judicata* and collateral estoppel arguments are no less disingenuous, or buttressed to legitimacy, because J.H.O. Gammerman without authority believed he can *sua sponte* void the parties' Stipulation of Discontinuance.  *See Binensztok v. Bello*, 285 A.D.2d 619, 621, 728 N.Y.S.2d 750, 751 (2nd Dept. 2001)(As no party requested the relief, it was an error for the court to "*sua sponte*, vacate[] the stipulation of settlement and restore[] the matter to the trial calendar.")  The executed Stipulation of Discontinuance was a valid, binding and enforceable contract that the parties entered into, which the court in the Prior State Action could neither rewrite nor

ignore.  *See W.W.W. Associate, Inc. v. Giancontieri*, 77 N.Y.2d 157, 162, 565 N.Y.S.2d

440, 443 (1990)("A familiar and eminently sensible proposition of law is that, when

parties set down their agreement in a clear, complete document, their writing should as a

rule be enforced according to its terms."); *PNC Capital Recovery v. Mechanical Parking*

*Systems, Inc.*, 283 A.D.2d 268, 726 N.Y.S.2d 394 (1st Dept. 2001); and  *Bank of New*

*York v. Murphy*, 230 A.D.2d 607, 645 N.Y.S.2d 800 (1st Dept. 1996).  *See also New*

*York City Off-Track Betting Corp. v. Safe Factory Outlet, Inc.*, 28 A.D.3d 175, 175,

809 N.Y.S.2d 70, 73 (1st Dept. 2006)("[I]t is a court's task to enforce a clear and

complete written agreement according to the plain meaning of its terms, without looking

to extrinsic evidence to create ambiguities not present on the face of the document.") and

*Yoi-Lee Realty Corp. v. 177th Street Realty Associates*, 208 A.D.2d 185, 190, 626

N.Y.S.2d 61, 65 (1st Dept. 1995)( "[C]ontracts should be construed to give force and

effect to their provisions and not in a manner so as to render them meaningless.")(internal

citations omitted).

## POINT V

### CPLR Rule 3217(a)(2) Provides the Parties a Statutory Right to Discontinue the Lawsuit Without a Court Order or Court Approval

New York affords parties in a state lawsuit a statutory right to discontinue their

lawsuit, voluntarily and without prejudice, and without the court's order or approval.  *See*

*NY CPLR Rule 3217(a)*.  That unfettered right exists so long as the lawsuit has not been

submitted to the trier of fact.  *See Id*.  In this instance, the parties invoked the right to

discontinue the Prior State Action by a written stipulation executed their attorneys and

did so before the action was ever submitted to a trier of fact.  *See NY CPLR Rule*

*3217(a)(2).*  As no party requested J.H.O. Gammerman to void the parties' stipulation, J.H.O. Gammerman was left with nothing to adjudicate.

The Court of Appeals of New York explicitly espoused in *Cullen v. Naples*, 31 N.Y.2d 818, 339 N.Y.S.2d 464 (1972) that:

> The parties to a lawsuit are free to chart their own course at trial (Stevenson v. News Syndicate Co., 302 N.Y. 81, 96 N.E.2d 187) and may fashion the basis upon which a particular controversy will be resolved.(Mann v. Simpson & Co., 286 N.Y. 450, 459, 36 N.E.2d 658, 622; Matter of New York, L. & W.R.R. Co., 98 N.Y. 447, 452, 453; see, generally, Ferrante Equip. Co. v. Lasker-Goldman Corp. 26 N.Y.2d 280, 282-283, 309 N.Y.S.2d 913, 915, 916, 258 N.E.2d 202, 204)

*Cullen v. Naples*, 31 N.Y.2d 818, 339 N.Y.S.2d 464 (1972).  New York's highest court has also observed in, *In re Malloy's Estate*, 278 N.Y. 429 (1938), that the " 'Parties by their stipulation may in many ways make the law for any legal proceedings to which they are parties, which not only binds them, but which the courts are bound to enforce." *Id*. at 433. (emphasis added).  *See also Martin v. City of Cohoes*, 37 N.Y.2d 162, 371 N.Y.S.2d 687 (1975)("[T]he parties to a civil litigation, in the absence of a strong countervailing public policy, may consent, formally or by their conduct, to the law to be applied.")

The Stipulation of Discontinuance was a valid and binding contract between the parties in this lawsuit.  *See Hevesi v. Pataki*, *supra*.  It not only bound them, but it bound the state court where the action was pending to give it force and effect.  In those instances, the state court could neither *sua sponte* void the Stipulation or rewrite it.  *See POINT IV* above.  J.H.O. Gammerman's disregard of the Stipulation of Discontinuance was an *ultra vires* infringement on the parties' statutory and inherent right to decide when to commence their lawsuits and when to end their lawsuit.  *See Orlich v. Helm Brothers, Inc.*, 160 A.D.2d 135, 560 N.Y.S.2d 10 (1st Dept. 1990)("In nullifying the effect of a

binding stipulation [of discontinuance], the court effectively undermined the well-established policy favoring the non-judicial resolution of legal claims.")

## POINT VI

### J.H.O. Gammerman Was Without Authority to Dismiss Pursuant to NY Court Rules § 202.43(d)

J.H.O. Gammerman's *sua sponte* dismissal was also a legal nullity. The Order of Reference which gives J.H.O. Gammerman his judicial authority to hear and determine the prior action was automatically "cancelled and revoked" on September 14, 2006 by Section 202.43(d) of New York's Rules of Court ("NY Court Rules").

NY Court Rules § 202.43(d) applies to "every order of reference which does not set forth a date certain for commencement of the trial or hearing" which is the case here. *See Exhibit J* which is a true and complete copy of the Order of Reference issued in the prior action. According to that rule, if the trial does not start within 60 days of the Order of Reference, or "such later date as the referee or judicial hearing officer may fix upon good cause shown, this [Order of Reference] shall be cancelled and revoked … ." *NY Court Rules § 202.43(d)*. Specifically it states:

> Every order of reference <u>which does not set forth a date certain</u> for commencement of the trial or hearing <u>shall contain</u> the following provision:
>
> > and it is further ORDERED that if trial of the issue or action hereby referred is not begun within 60 days from the date of this order, <u>or before such later date as the referee or judicial hearing officer may fix upon good cause shown, this order shall be cancelled and revoked</u>, shall be remitted by the referee or judicial hearing officer to the court from which it was issued, and the matter hereby referred shall be returned to the court for trial.

*Court Rules § 202.43(d)* (emphasis added).

8

Pursuant to NY Court Rules § 202.43(d), the mandatory provision will automatically cancel and revoke the Order of Reference in the event the trial does not begin <u>before</u> the trial date set by J.H.O. Gammerman. That occurred on September 14, 2006 when J.H.O. Gammerman refused to change the September 14, 2006 trial date to a later date, and the parties refused to start trial on an action that they, by a signed Stipulation of Discontinuance, already agreed to discontinue without prejudice.

Without the Order of Reference, J.H.O. Gammerman's *sua sponte* dismissal was of no legal effect. Pursuant to NY Court Rules § 202.43(d), he was no longer empowered with the general jurisdiction in law and equity of the Supreme Court. *See Fernald v. Vinci*, 302 A.D.2d 354, 355, 754 N.Y.S.2d 668, 669 (2nd Dept. 2003)("A Judicial Hearing Officer … derives authority from an order of reference by the court … .") and *L.H. Feder Corp. v. Bozkurtian*, 48 A.D.2d 701, 701, 368 N.Y.S.2d 247, 248 (2nd Dept. 1975)("A referee has no power beyond that limited in the order of reference; he does not have the general jurisdiction in law and equity of the Supreme Court.") Once NY Court Rules § 202.43(d) was triggered, all that J.H.O. Gammerman could do was to remit the case back to the Court, or in this instance, recognize the parties' independent right to discontinue the action without prejudice.

## POINT VII

### The Intervening *Sua Sponte & Ultra Vires* Dismissal is of No Legal Consequence

There is no momentous import that the executed stipulation was not filed immediately on its execution. There was no such requirement in New York's Civil Practice Law and Rules ("NY CPLR"), the New York's Court Rules or the New York's

Rules of Commercial Division of the Supreme Court ("Commercial Division Rules").  A true and complete copy of the Commercial Division Rules in effect on September 14, 2006 is annexed as EXHIBIT I of Plaintiff's OPPOSITION.  (The current version of the Commercial Division Rules is now part of the NY Court Rules and denominated therein as Section 202.70).

According to Siegel's NY Practice, "[u]nder the CPLR itself, the stipulation can be filed with the court at any time before the case has been submitted to the fact-trier, but under the more stringent demands of the uniform rules, … the requirement is that the stipulation be filed within 20 days of its execution and that the court be notified 'immediately'. " ***Siegel's N.Y. Practice § 297 (4th ed.).  See also NY Court Rules § 202.28.***  The Court Rules and the Commercial Division Rules only required the parties to notify the court of the discontinuance, which the parties' counsel collectively did when they appeared before J.H.O. Gammerman on September 14, 2006.

There is also no requirement to secure the court's approval or review in order to file their Stipulation of Discontinuance without prejudice, when as here, the Stipulation of Discontinuance occurred before the case was submitted to trier of fact.  *See **NY CPLR Rule 3217(a)(2)**.*  As evident by acceptance and filing of the Stipulation by the clerk of the state court on September 14, 2006, no court order was required.  *See **Exhibit A***.  This is because the parties had a statutory right to discontinue without prejudice.  *See **NY CPLR Rule 3217***.  When the Clerk accepted and filed the parties' Stipulation of Discontinuance, it erased everything that came before it as if it never existed.  *See **American Progressive Health Ins. Co. v. NY v. Charter***, 6 A.D.2d 579, 580,180 N.Y.S.2d 181, 183 (1st Dept. 1958)("[W]here an action is discontinued by consent of the

parties it as though the action never existed.") *See also **In re: Creamer's Estate***, 37

A.D.2d 33, 35-36, 322 N.Y.S.2d 489, 492 (1st Dept. 1971)("Where an action is

discontinued by consent of the parties it is as though the action never existed.") and

***Butler v. Jarvis, Jr.***, 101 N.Y. 307, 309 (1886)("A party should no more be compelled to

continue a litigation than to recommence one, except where substantial rights of the other

parties have accrued, and injustice will be done to them by permitting the

discontinuance.")

      Moreover, when as here, "[t]he stipulation of discontinuance made in open court

before a justice thereof, consented to by defendant's president and entered on the record

by the official stenographer, terminated the action and <u>the courts was thereafter without</u>

<u>power to summarily vacate the stipulation</u>." ***Cousins Knitwear Co. v. B & B Sweater***

***Mills, Inc.***, 208 N.Y.S.2d 108 (App. Term – N.Y. County 1960). (emphasis added). *See*

*See also **Credit-Based Asset Serving and Securitization, LLC v. Grimmer***, 299 A.D.2d

887, 750 N.Y.S.2d 673 (4th Dept. 2002)("Although that stipuation was not signed by

defendants and filed with the court, we conclude that the de facto discontinuance of the

prior action militates against dismissal of this action.") *See also **Manufacturers Mutual***

***Fire Insurance Co. of Rhode Island v. Hopson,*** 288 N.Y. 668, (1942); ***Milpac Dyeing***

***Co. v. B & B Sweater Mills, Inc.***, 28 Misc.2d 548, 208 N.Y.S.2d 109 (App. Term – N.Y.

County 1960).

      While the filing the Stipulation of Discontinuance transforms it to the court order

that disposes the entire case, the momentary delay in filing does not void the executed

Stipulation of Discontinuance as a contract. *See **Banno v. Clearwater Beach Colony,***

***Inc.***, 8 A.D.2d 798, 799, 187 N.Y.S.2d 595, 596 (1st Dept. 1959)("The making and filing

of such a stipulation [of discontinuance] has the same effect as an order of discontinuance.") *See also In re: Creamer's Estate*, 37 A.D.2d 33, 36, 322 N.Y.S.2d 489, 492 (1st Dept. 1971); *Lapson v. 80 Avenue C Corp.*, 267 A.D. 919, 47 N.Y.S.2d 189 (2nd Dept. 1944). Nor should the one or two hours between the execution of the stipulation and its filing be an invitation for the J.H.O. Gammerman or the court to *sua sponte* eradicate the parties' contract. It should not be, and it is certainly not, a race to the clerk's office.

## POINT VIII

### J.H.O. Gammerman's *Sua Sponte* Dismissal Was Not on the Merits

Defendants' *res judicata* and collateral estoppel arguments still fail even if there was no Stipulation of Discontinuance. Their arguments rest entirely on the presumption that J.H.O. Gammerman's *sua sponte* dismissal, even with the words "with prejudice" disposed the prior action on the merits. It did not. *See Stacey "O" v. Donald "P"*, 137 A.D.2d 965, 965-966, 525 N.Y.S.2d 385, 386 (3rd Dept. 1988)("even where a dismissal is specifically "on the merits" or "with prejudice", the circumstances must warrant barring the litigant from further pursuit of his claim in order those phases be given preclusive effect.")

J.H.O. Gammerman admits and opines on the record on September 14, 2006 that:

> THE COURT:    Your client should be aware -- I have no idea about the merits of this case. There was a claim for $4 something million, a counterclaim for $12 million and I heard $100,000 discussed yesterday as the settlement amount. So, I have some serious questions as to the merits of both the claim and the counterclaim. But in any event, as far as I'm concerned, on my records, the case is dismissed and that's a dismissal with prejudice.
>
>         What happens in the future is up to another judge.

12

MR. WEINBERG: I'm finishing my record in case we need to order the transcript and take this to the appellate division.

THE COURT:    Okay.  Go ahead.  Say whatever you want.

MR. WEINBERG: Respectfully, the $100,000 was consideration for discontinuing and having an extension of time for the parties to resolve it, not as a settlement in full for the value of the claim or the counterclaim.

See *TRANSCRIPT* p. 15-16 (which Transcript is *EXHIBIT H* of Plaintiff's *Opposition*.)

(emphasis added.)

## POINT IX

### There is No Inherent Judicial Powers
### to Dismiss An Action for the Want of Prosecution

Both sides could not proceed and did not want to proceed.  All the parties wanted to discontinue without prejudice and continue the settlement negotiations.  *See*

*TRANSCRIPT* p. 9 - 12.  It may no difference to that the note of issue was just file a few days before or that the parties did not even have a chance to make dispositive motions to narrow the issues.  *See Weinberg AFF* ¶ 37.

As defendants' acknowledge in their Memorandum of Law, it is not entirely clear how J.H.O. Gammerman was dismissing the prior action.  According to J.H.O. Gammerman, he was dismissing the action with prejudice for the failure to prosecute. *See TRANSCRIPT*, p. 8, lines 21 - 23 and p. 18, lines 4 - 6.  However, New York's state courts do not have inherent judicial power to dismiss an action for the want of prosecution. *See Arcate v. Cohen*, 289 A.D.2d 148, 149, 735 N.Y.S.2d 107, 108 (1st Dept. 2001)("the inherent 'powers and practice of the courts in controlling the flow of litigation by dismissing neglected actions' has been abrogated… .")  Such dismissal must

come from and follow legislative mandate, which brings up whether J.H.O. Gammerman can dismiss the prior action pursuant to NY CPLR Rules 3216 and 3404 and NY Court Rule § 202.27 – the three legislative authorities raised by defendants' Memorandum of Law.

**A.     *Dismissal Pursuant to CPLR Rule 3216***

A dismissal pursuant to New York's CPLR Rule 3216 is strictly limited to those actions where NO note of issue has been filed. *See Johnson v. Sam Minskoff & Sons, Inc.*, 287 A.D.2d 233, 735 N.Y.S.2d 503 (1st Dept. 2001)("CPLR 3404 governs cases marked off a trial calendar only … [while] CPLR 3216 is intended to apply to cases not yet on the trial calendar."). *See also Lopez v. Imperial Delivery*, 282 A.D.2d 190, 725 N.Y.S.2d 57 (2nd Dept. 2001) *lv. denied & dismissed* 96 N.Y.2d 937, 733 N.Y.S.2d 376 (2001). However, Jefftex did file a note of issue in the Prior State Action on September 6, 2006. (*See EXHIBIT K* of Plaintiff's OPPOSITION.) It was already on the "Trial Ready" calendar on September 14, 2006. Therefore, accordingly, CPLR Rule 3216 could not have been the legal basis for J.H.O. Gammerman's dismissal of the Prior State Action.[2]

**B.     *Dismissal Pursuant to CPLR Rule 3404***

On the other hand, CPLR Rule 3404 is strictly limited to those cases where a Note of Issued was filed. *See Johnson v. Sam Minskoff & Sons, Inc.*, 287 A.D.2d 233, 735 N.Y.S.2d 503 (1st Dept. 2001). *See also Lopez v. Imperial Delivery*, 282 A.D.2d 190,

---

[2] Nor can J.H.O. Gammerman premised a dismissal for the want of prosecution on any delays emancipating before the Note of Issue was filed September 6, 2006. Pursuant to CPLR Rule 3216(d), if "an action has been placed on the calendar by service and filing of a note of issue … the action may not be dismissed by reason of any neglect, failure or delay in prosecution of the action prior to the said service and filing of such note of issue." ***NY CPLR Rule 3216(d)***

725 N.Y.S.2d 57 (2nd Dept. 2001) *lv. denied & dismissed* 96 N.Y.2d 937, 733 N.Y.S.2d

376 (2001).  It does not apply to pre-note of issue actions.  *See* and ***Behren v. Warren,***

***Gorham & Lamont, Inc.***, 301 A.D.2d 381, 753 N.Y.S.2d 78 (1st Dept. 2003); ***Gendus v.***

***Sheraton/Atlantic City West***, 302 A.D.2d 427, 754 N.Y.S.2d 895 (2nd Dept. 2003).

  However, CPLR Rule 3404's dismissals also do not apply here, and if they do, the

dismissal is not on the merits.  That rule states:

> A case in the supreme court … marked 'off' or struck from the
> calendar or unanswered on a clerk's calendar call, <u>and not restored
> within one year thereafter,</u> shall be deemed abandoned and shall be
> dismissed without costs for neglect to prosecute.  The clerk shall
> make an appropriate entry without the necessity of an order.

***NY CPLR Rule 3404***.  (emphasis added).  Therefore, CPLR Rule 3404 also does not give

J.H.O. Gammerman any legal basis to dismiss the prior lawsuit for the failure to

prosecute.  *See* ***Dorel Steel Erection Corp. v. Seaboard Surety Company***, 291 A.D.2d

309, 309-310, 738 N.Y.S.2d 52, 53 (1st Dept. 2002)("any dismissal here pursuant to

CPLR 3404 was ineffective.") and ***Gallo v. Teplitz Tri-State Recycling, Inc.***, 254 A.D.2d

253, 253-254, 678 N.Y.S.2d 140, 142 (2nd Dept. 1998)("A dismissal of an action being

marked off the trial calendar is not a dismissal on the merits.")

**C.**  ***Dismissal Pursuant to NY Court Rules § 202.27***

  Nor can J.H.O. Gammerman premise his *sua sponte* dismissal on New York's

Court Rule § 202.27.[3]  That rule only permits dismissals when one or both parties fail to

---

[3] The Parties' right to discontinue by stipulation and without prejudice pursuant to NY
CPLR 3217 takes precedence over any right J.H.O. Gammerman may have pursuant to
NY Court Rule § 202.27 to *sua sponte* dismiss the action.  *See* ***Joyner v. New York City
Housing Authority***, 1 Misc.3d 795, 772 N.Y.S.2d 221 (Sup. Ct. – NY County 2003)("to
the limited extent that the Uniform Rules § 202.27 conflicts with the CPLR, the conflict
should be resolved in favor of the legislatively enacted CPLR.")

appear at a scheduled call of the calendar.  However, [w]here, as here, both parties appeared as scheduled, the foregoing rule provides no basis for the court to summarily dismiss the action." ***Danne v. Otis Elevator Corp.***, 31 A.D.3d 599, 559, 819 N.YS.2d 79, 80 (2[nd] Dept. 2006).

Defendants argue, without any case law, that since J.H.O. Gammerman's *sua sponte* dismissal could not have been made pursuant to CPLR Rules 3216 and 3404, then by default it must have been pursuant to Court Rule § 202.27.  This argument is ludicrous. There is no dispute that both plaintiffs and defendants appeared on September 14, 2006.  *See **Danne v. Otis Elevator Corp.**, supra.*

Even assuming that J.H.O. Gammerman's s*ua sponte* dismissal could somehow be based on upon Court Rule § 202.27; nothing in that rule mandates plaintiff to seek the vacatur of the purported default when the statute of limitations have not yet expired. When the dismissal is not on the merits, as is the case here, the plaintiffs may properly commence a new action within the applicable statute of limitation in lieu of vacating the purported default.  *See **Espinoza v. Concordia International Forwarding Corp.***, 32 A.D.3d 326, 820 N.Y.S.2d 259 (1st Dept. 2006).

**POINT X**

**THE *SUA SPONTE* DISMISSAL
HAS NO *RES JUDICATA* OR COLLATERAL ESTOPPEL EFFECT**

As there is still no judgment entered, the doctrines of res judicata and collateral estoppel cannot be invoked.  *See **Rudd v. Cornell***, 171 N.Y. 114 (1902).  Nor can those doctrines be invoked when the *sua sponte* dismissal was not on the merits.

"The general rule is that '[a] decision or verdict upon which no formal judgment has been entered has no conclusive character and is ineffective as a bar to subsequent

proceedings". *Begelman v. Begelman*, 170 A.D.3d 562, 563, 566 N.Y.S.2d 337, 339 (2[nd]

Dept. 1991). *See also Peterson v. Forkey*, 50 A.D.2d 774, 774, 376 N.Y.S.2d 560, 561

(1st Dept. 1975)(the "application of the doctrine of Res judicata (or collateral estoppel) is

a question of law and does not rest in the court's discretion."). "The judgment is the bar,

and not the preliminary determination of the court… ." *Rudd v. Cornell*, 171 N.Y. 114

(1902). Where, as here, there is no formal judgment, let alone any entry of any decision

or order in the New York County Clerk's minutes, there is no bar.

In *Rudd v. Cornell*, the Court of Appeals of New York stated that:

> The requisites of this kind of an estoppel are: (1) There must be a
> judgment, as verdicts or other findings not followed by judgment are
> not binding; (2) the judgment must have been valid; (3) it must have
> been rendered upon the merits, - that is, the same cause of action
> must have been at issue and decided; (4) the judgment must have
> been final, as a preliminary decree or judgment will not ordinarily
> result in precluding the parties from drawing the matter into issue
> again; (5) the judgment must be in force at the time of the alleged
> res adjudicate; and (6) it must be certain, as certainty is the essence
> of such an estopppel.

"Both the doctrine of res judicata and collateral estoppel have as their

prerequisites the entry of a judgment" and "[i]t is, therefore, the Judgment in the previous

action or proceeding which acts as the bar to further litigation." *Peterson v. Forkey*, 50

A.D.2d 774, 774, 376 N.Y.S.2d 560, 561 (1st Dept. 1975). Moreover, "it is only a final

judgment upon the merits which prevents further contest upon the same issue, between

the same parties, that become conclusive between them and their privies, which is res

adjudicata." *Brown v. Cleveland Trust Co.*, 233 N.Y. 399, 405-406 (1922). "Until a

final judgment has been entered, the proceedings are subject to change and modification,

and avail nothing as a bar." *Brown v. Cleveland Trust Co.*, 233 N.Y. 399, 406 (1922).

*See also Peterson v. Forkey*, 50 A.D.2d 774, 774, 376 N.Y.S.2d 560, 561 (1st Dept.

1975)("Though a prior verdict appears to be decisive of precise issues raised in a later action, it cannot, absent entry of judgment, act as a bar.") and *Gallo v. Teplitz Tri-State Recycling, Inc.*, 254 A.D.2d 253, 253-254, 678 N.Y.S.2d 140, 142 (2nd Dept. 1998)("Because no order or final judgment was ever entered dismissing the prior action, the doctrines of collateral estoppel and res judicata are inapplicable.")

Defendants argue that J.H.O. Gammerman's *sua sponte* dismissal should be given *res judicata* and collateral estoppel effect because "any dismissal under NYCRR 202.27 is a default." *Defendants' MEMORANDUM OF LAW*, p. 6. Setting aside that the *sua sponte* dismissal could not have been based on NY Court Rules 202.27 (*see Point IX* above), defendants have no case law to support their argument. For example, defendants cites to *Martins v. Wood*, 251 A.D.2d 465, 675 N.Y.S.2d 544 (2nd Dept. 1998) and *Rosendale v. Citibank*, 691 N.Y.S.2d 901, 691 N.Y.S.2d 901 (2nd Dept. 1999). However, those two cases do not hold that a dismissal pursuant to NY Uniform Rule § 202.27 is automatically given res judicata effect. All that those two cases do say is that *res judicata* applies to a default judgment. *See e.g.*, *Martins v. Wood*, 251 A.D.2d at 465, 675 N.Y.S.2d at 545 ("A judgment in the prior action was entered upon the default of the plaintiffs herein.") and *Rosendale v. Citibank, N.A.*, 262 A.D.2d at 628, 691 N.Y.S.2d at 901 ("res judicata effect is given to default judgments.") Here, there is no default judgment – there is no judgment at all.

The *Martins* case is also distinguishable for another reason. In that case, the court explicitly points out that res judicata is being enforced because "the claims ... were previously found to be without merit by the Supreme Court... ." *Martins v. Wood*, 251 A.D.2d at 465, 675 N.Y.S.2d at 545 *citing to Wood v. Martins*, 232 A.D.2d 407, 648

N.Y.S.2d 312 (2nd Dept. 1996). No court has ever determined the merits of plaintiff Jefftex' claims.

## POINT XI

### This Court Has Diversity Jurisdiction
### and All the Indispensable Parties are Already Named in this Lawsuit

There is also no merit to defendants' claim that Jefftex' President, Jeff Young, and a dissolved New York corporation should be joined in this lawsuit. They are anything but indispensable parties. Defendants' claims on this point are nothing more than a ploy to destroy this Court's diversity jurisdiction.

All the true and indispensable parties are already named in this action. They are: Plaintiff Jefftex, the seller who sold goods; defendant JPI, the buyer who kept the goods but never paid for them; and defendant Safdieh, the individual who personally guaranteed the payment of said goods. Between their citizenship, and the claims here, this Court has diversity jurisdiction. To wit: (i) Plaintiff Jefftex is a citizen of Taiwan; and (ii) defendant JPI is a citizen of the State of New York and defendant Safdieh is a citizen of the State of New Jersey; and (iii) the matters in controversy exceed $75,000, exclusive of interest and costs. *See* ***28 U.S.C. § 1332(a)***.

Jeff Young's only connection to this lawsuit is the fact that he is Jefftex' President and the payee of post-dated check at issue. However, as stated in Mr. Young's declaration, the true beneficiary and owner of those checks was Jefftex. Mr. Young is at most only a nominal party, with no interest in this lawsuit. It is Jefftex, and not Mr. Young, who is owed money by JPI and Safdieh for goods delivered. As for the dissolved New York corporation, it has no connection to this lawsuit. There is no dispute, or even

the suggestion, that this dissolved New York corporation was one of the parties to the underlying transactions that gave rise to Plaintiff Jefftex' claims against the defendants.

In any event, diversity of the parties is determined at the time the action is commenced, and not when the injuries to plaintiff Jefftex arose. *See Grupo Dataflux v. Atlas Global, L.P.*, 541 U.S. 567, 124 S.Ct. 1920, 158 L.Ed.2d 866 (2004)(diversity is determined at the time the action is commenced); *Dole Food Co. v. Patrickson¸* 538 U.S. 468, 477 , 123 S.Ct. 1655, 1662, 155 L.Ed.2d 643 (2003) ("It is well settled … that federal-diversity jurisdiction dependents on the citizenship of the parties at the time suit is filed.")  Even according to a Seventh Circuit case, *Wild v. Subscription Plus, Inc.*, 292 F.3d 526, 528 (7th Cir. 2002), which espouses a minority view, a corporation continues to be a citizen of the state it is registered or incorporated until it is actually dissolved.  Here, the New York corporation was dissolved by a Certificate of Dissolution on July 18, 2004, months before the Prior Action was even commenced, and years before this lawsuit was commenced.

**CONCLUSION**

WHEREFORE, for each and every reason set forth herein and the aforesaid accompanying papers, it is respectfully submitted that this Court DENY each and every part of defendants' pre-answer motion in its entirety, with prejudice, and grant plaintiff such other and further relief this Court deems just and proper.

Dated: New York, New York
       April 23, 2008

                        Respectfully submitted:

                        **GOTTESMAN, WOLGEL, MALAMY,
FLYNN & WEINBERG, P.C.**

                        By::_____
                              Steven Weinberg (SW4382)
                              Stewart W. Lee (SL7698)
                              11 Hanover Square, 4th Floor
                              New York, New York 10005
                              Tel.: (212) 495-0100
                              E-Mail:  sweinberg@gottesmanlaw.com
                                          slee@gottesmanlaw.com

## CONCLUSION

WHEREFORE, for each and every reason set forth herein and the aforesaid accompanying papers, it is respectfully submitted that this Court DENY each and every part of defendants' pre-answer motion in its entirety, with prejudice, and grant plaintiff such other and further relief this Court deems just and proper.

Dated: New York, New York
       April 23, 2008

                        Respectfully submitted:

                        **GOTTESMAN, WOLGEL, MALAMY,**
                        **FLYNN & WEINBERG, P.C.**

                        By::_____

                            Steven Weinberg (SW4382)
                            Stewart W. Lee (SL7698)
                            11 Hanover Square, 4th Floor
                            New York, New York 10005
                            Tel.: (212) 495-0100
                            E-Mail:  sweinberg@gottesmanlaw.com
                                       slee@gottesmanlaw.com