UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFTEX INTERNATIONAL LTD., <br><br> Plaintiff, <br><br> vs. <br><br> JPI TRADING CORP. and JOSEPH SAFDIEH, <br><br> Defendants. | CIVIL ACTION NO.: 07CV10460 (TPG) |

**SUPPLEMENTAL DECLARATION OF THOMAS G. CARULLI IN SUPPORT OF MOTION BY JPI TRADING CORP. AND JOSEPH SAFDIEH TO DISMISS THIS ACTION WITH PREJUDICE PURSUANT TO FRCP 12**

1.    I am duly admitted to practice law in the State of New York and before this Court, and am an attorney with the law firm of Kaplan, von Ohlen & Massamillo, LLC.

2.    Annexed hereto as Exhibit 6 is a true and correct copy of the December 27, 2005 decision in *Espinoza v. Concordia Int'l Forwarding Corp.*, Index No. 18863/05 (N.Y. Sup., Bronx Cty 2005).

3.    Defendants were prepared to proceed with trial on September 13, 2006 when served with Plaintiff's Note of Issue on September 6. Thereafter, Plaintiff's counsel proposed that Plaintiff would consider seeking to privately resolve the parties' claims, but only on the condition that Defendants make a payment of $100,000 as part of any agreement between the parties. Defendants, being interested in at least exploring this idea, promptly on September 11 delivered a *post-dated* check to Plaintiff's counsel, before Plaintiff had presented any proposed written terms and conditions of a possible agreement, under the express understanding that this check was to be held by Plaintiff's counsel while the parties tried to come to a definitive

written agreement. On September 12, Plaintiff's counsel forwarded two proposed companion stipulations that Plaintiffs sought as a package agreement (a simple stipulation to dismiss and a detailed stipulation containing numerous additional terms and conditions). Annexed hereto as Exhibit 7 is a true and correct copy of the September 12, 2006 facsimile from Plaintiff's counsel and the attached two draft stipulations. The attached detailed stipulation, written by Plaintiff's counsel, expressly recites that the check was to be "posted [sic] dated to November 10, 2006" (Ex. 7, p. 2 of the second stipulation).

4.      Annexed hereto as Exhibit 8 is a true and correct copy of the September 13, 2006 letter from Plaintiff's counsel to Defendants' counsel informing them that the September 14, 2006 appearance was to be before Judge Gammerman. Upon information and belief, this letter resulted from a telephone conference between counsel for Plaintiffs and Judge Gammerman to which Defendant's counsel was not a party.

5.      On the morning of September 14, 2006 while in court waiting to commence trial before Judge Gammerman, Plaintiff's counsel informed Defendant's counsel that Plaintiff was dropping its demands for any terms and conditions, and now wanted a simple stipulation to dismiss, and had brought one with him. Since that conformed in concept to what counsel felt Defendants would find acceptable, Defendant's counsel signed the proposed stipulation. Judge Gammerman ruled on this stipulation and rejected it, dismissing the action with prejudice.

8.      Plaintiff's attempt to characterize later events as if Defendants subsequently "filed"

-2-

with the clerk the stipulation that already had been ruled upon by Judge Gammerman is simply an incorrect reinterpretation of events. After the hearing, Plaintiff's counsel told us, as we were walking out of court together conversing, that he was going to file the stipulation with the clerk anyway. I replied that his doing so was meaningless since Judge Gammerman had already ruled and that rendered the stipulation ineffective, no matter what Plaintiff's did with it, and that it was my view that appeal was his procedural recourse in the circumstances, which I assumed he would file. It is true that all four attorneys walked out together, as they had after every hearing in the past, and that we all waited for a moment while he filed the stipulation in the clerk's office, but Defendant was not filing anything.

9.    Subsequent to the dismissal of the New York action, Defendants rejected yet another proposed stipulation from Plaintiff, which sought to have the parties disavow defenses such as *res judicata*, collateral estoppel, claim preclusion and the like. Annexed hereto as Exhibit 9 is true and correct copy of the September 19, 2006 facsimile letter and that proposed stipulation from Plaintiff's counsel.

Dated: New York, New York
       May 7, 2008

By: ____/s/ Thomas G. Carulli_____
       Thomas G. Carulli (TC-3085)
       Kaplan, von Ohlen & Massamillo
       555 5th Avenue, 15th Floor
       New York, New York 10017
       (212) 922-0450
       Fax: (212) 922-0530

EXHIBIT 6

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

------------------------------------------------------------------X

GLADYS ESPINOZA,

                     Plaintiff,

            -against-                  Index No.: 18863/05

CONCORDIA INTERNATIONAL FORWARDING
CORP., PROFESSIONAL LINE WAREHOUSING,
INC., d/b/a PRO LINE WAREHOUSING, INC., and
RAPHAEL HERNANDEZ, PROFESSIONAL LINE
WAREHOUSING, INC., PRO LINE WAREHOUSING,
INC., and RAPHAEL HERNANDEZ,

                     Defendants.

------------------------------------------------------------------X

HON. GEORGE D. SALERNO:

      The Pre-Answer Motion by Defendants, PROFESSIONAL LINE

WAREHOUSING, INC., d/b/a PRO LINE WAREHOUSING, INC., (referred to

herein as PRO LINE) and RAPHAEL HERNANDEZ, to dismiss this action

pursuant to CPLR 3211(a)(4), and to impose sanctions, and the Cross Motion by

Defendant, CONCORDIA INTERNATIONAL FORWARDING CORP., to

dismiss this action pursuant to CPLR 3211(a)(4), are denied. Plaintiff's 2 Cross

Motions for sanctions are also denied.

      CPLR 3211(a)(4) provides that parties may move to dismiss an action

against them upon the ground that: "there is another action **pending** between the

same parties for the same cause of action in a court of any state ...; the court need

not dismiss upon this ground but may make such order as justice requires."

[emphasis added]

      Since there is no other action pending, CPLR 3211(a)(4) is inapplicable.

1

There *had* been a prior action, in this Court, under Index Number 21594/03; but that action was dismissed on April 1, 2004, at a Preliminary or Compliance Conference, for the failure of (probably) all Counsel to appear, ready to proceed, as discussed <u>infra</u>.

Since the statute of limitations had not expired, Plaintiff (having obtained new Counsel) -- properly -- commenced this new action.

There is no authority to support Defendants' contention that Plaintiff's only recourse in such a situation would be to besiege this Court with motion practice to restore the dismissed case.  Rather, parties should always endeavor to proceed in such a manner that would *not* cause this Court (which is already overloaded with motions) to be burdened with unnecessary motion practice, such as this.

In the case at bar, the April 1, 2004 dismissal was <u>not</u> made on the merits; and there is no written Order, made by the Justice presiding, explaining the reasons why the Clerk marked the case dismissed.  What can be gleaned from the parties' submissions, and the Court's Computer, is that Plaintiff's prior Counsel had made a motion to amend the pleadings to add PRO LINE, and HERNANDEZ, as party Defendants. That motion was granted on January 22, 2004.  However, Defendants had not served their Answers[1] to the Amended Complaint until (sometime after) late March 2004 -- although no affidavits of service of the same

---

[1] The Answer of Defendants, PRO LINE and HERNANDEZ, is dated March 22, 2004. The Answer of Defendant CONCORDIA was stamped "received" on March 29, 2004, although it is dated February 24, 2004 (<u>See</u> Movant's Exhibit "B" and "C").

2

have been provided to this Court. (See Movant's Exhibit "B" and "C").

Defendants' Counsel contend that it was because of Plaintiff's Counsel's failure to appear on the January 21, 2004, February 5, 2004, March 5, 2004, and April 1, 2004, Conferences, that the prior action was dismissed. However, Defendants' Counsel[2] do not allege that *they* had appeared, ready to proceed, on those dates. On *at least* 3 of those dates, the newly-added Defendants, PRO LINE and HERNANDEZ, had not yet, even, served their Answer; so neither they, nor the other Counsel, would have been in a position to enter into a preliminary, or compliance, conference Order. Defendants, also, do not allege whether, and how, all Counsel were notified of the dates of the Conferences.

"A judgment dismissing the complaint upon a plaintiff's failure to appear is not upon the merits (Harris v. Harris, 246 App. Div. 667)." Greenberg v. De Hart, 4 N.Y.2d 511, 516-517 (1958). See Iacono v. Japan Line, 89 A.D. 2d 948 (1st Dept. 1982).[3]

---

[2] In the first action, Defendant CONCORDIA was represented by other Counsel, (Herzfeld and Rubin), so its present Counsel, (Wilson, Elser, et al.) would not have first-hand knowledge of what transpired at those Conferences.

[3] It is noted that "CPLR 205 (subd [a]) was designed to effect a grace period so as to extend, if applicable, the time within which an action can be commenced. It serves the salutary purpose of preventing a Statute of Limitations from barring recovery where the action, at first timely commenced, had been dismissed due to a technical defect which can be remedied in a new action (see Graziano v Pennell, 371 F2d 761). Where, as here, the statutory time limit has not expired, due to a toll or otherwise, this section cannot be applied in such a way as to shorten the period otherwise available to the plaintiff." United States Fidelity & Guaranty Co. v. E. W. Smith Co., 46 N.Y.2d 498, 505 (1979) See Iacono v. Japan Line, 89 A.D. 2d 948 (1st Dept. 1982).

3

> A dismissal of a prior action between the same parties for failure to prosecute is not a dismissal on the merits and does not bar a second action based upon the same facts unless the order specifies otherwise (see *Mays v Whitfield*, 282 A.D.2d 721, 724 N.Y.S.2d 330 [2001]; *San Filippo v Adler*, 278 A.D.2d 402, 717 N.Y.S.2d 365 [2000]; *Medalie v Jacobson*, 120 A.D.2d 652, 502 N.Y.S.2d 247 [1986]; *Lewin v Yedvarb*, 61 A.D.2d 1025, 403 N.Y.S.2d 90 [1978]). Furthermore, "dismissal of an action by being marked off the trial calendar is not a dismissal on the merits" (*Gallo v Teplitz Tri-State Recycling*, 254 A.D.2d 253, 254, 678 N.Y.S.2d 140 [1998]).

Morales v. N.Y. City Hous. Auth., 302 A.D.2d 571, 571-572 (2d Dept. 2003).

Moreover, "because the prior determination ... did not indicate an intention to dismiss on the merits, the order cannot be deemed a basis for the application of the doctrines of res judicata or collateral estoppel." Mudry v. Giannattasio, 8 A.D.3d 455, 456 (2d Dept. 2004).

Accordingly, the Motion, and Cross Motions, are denied. This constitutes the decision and order of this Court.

Dated: December 27, 2005

George D. Salerno, JSC

4

EXHIBIT 7

**GOTTESMAN, WOLGEL, MALAMY, FLYNN & WEINBERG, P.C.**
**Attorneys at Law**
11 Hanover Square
New York, NY 10005
------------------------
(212) 495-0100

**GWMF&W FACSIMILE NO. (212) 480-9797**

FILE NO.: *14179*

CLIENT/MATTER *Zappia v. IPL*

M[ESSAGE TO: *Nicholas E. Pantelopoulos, Esq.*

FIRM/COMPANY:

CITY/STATE *NY, NY*

FAX NO.: *(212) 453-9251*

MESSAGE FROM: *Stewart O. Lee*

TOTAL NO. OF PAGES (INCLUDING COVER SHEET):

DATE OF TRANSMISSION: *8/12/06*

TIME OF TRANSMISSION: *5:45 PM*

REMARKS: *Draft Stips.*

A COPY OF THIS TRANSMISSION /WILL NOT BE FORWARDED BY FIRST CLASS MAIL.

IF YOU DO NOT RECEIVE THIS TRANSMISSION CLEARLY
OR IF YOU WOULD LIKE TO VERIFY AND CONFIRM WHAT YOU HAVE RECEIVED, PLEASE
CALL OUR OFFICE (212) 495-0100

PLEASE NOTE: THIS FACSIMILE CONTAINS PRIVILEGED AND CONFIDENTIAL INFORMATION
INTENDED SOLELY FOR THE USE OF THE INDIVIDUAL(S) OR ENTITY NAMED ABOVE. IF THE
READER OF THIS FACSIMILE IS NOT THE INTENDED RECIPIENT OR SPECIFIC EMPLOYEE OR
AGENT RESPONSIBLE FOR DELIVERING IT TO SAID RECIPIENT, YOU ARE HEREBY NOTIFIED
THAT ANY DISSEMINATION OR DUPLICATION OF THIS FACSIMILE IS STRICTLY PROHIBITED.
IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY
TELEPHONE AND RETURN THE ORIGINAL TO US AT THE ABOVE ADDRESS. THANK YOU.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------------x

JEFFTEX INTERNATIONAL LTD.,                      Index No. 603811/04

                          Plaintiff,            **STIPULATION**
                                                ~~**TO DISCONTINUE**~~
          - against -                           ~~**ACTION WITHOUT**~~
                                                ~~**PREJUDICE**~~
JPI TRADING CORP. and JOSEPH SAFDIEH,
                                                *Assigned to:*
                          Defendants.           Hon. Ira Gammerman

-----------------------------------------------------------------x

**IT IS HEREBY STIPULATED AND AGREED**, by and between the

undersigned, the attorneys of record for all parties to the above entitled action, that

whereas no party hereto is an infant, incompetent person for whom a committee has been

appointed or conservatee and no person not a party has an interest in the subject matter of

the action, the above entitled action be, and the same hereby is discontinued, without

prejudice, and without costs to either party as against the other.

**IT IS FURTHER STIPULATED AND AGREED** that this Stipulation to

Discontinue Action Without Prejudice may be executed in one or more counterparts

which together shall constitute one complete original document.

**IT IS FURTHER STIPULATED AND AGREED**, that this Stipulation to

Discontinue Action Without Prejudice may be filed with the Clerk of the Court by any

party without notice to any other party.

Dated: New York, New York
       September 12, 2006

---

THOMAS G. CARULLI                    STEWART W. LEE
NICHOLAS E. PANTELOPOULOS            Gottesman, Wolgel, Malamy,
Kaplan, von Ohlen & Massamillo, LLC  Flynn & Weinberg, P.C.
Attorneys for Defendants             Attorneys for Plaintiff

1

JPI Trading Corp. and Joseph Safdieh
90 Park Avenue, 18th Floor
New York, New York 10016
Tel.: (212) 455-9256

Jefftex International Ltd.
11 Hanover Square, 4th Floor
New York, New York 10005
Tel.: (212) 495-0100

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------x

JEFFTEX INTERNATIONAL LTD.,                    Index No. 603811/04

                        Plaintiff,         **STIPULATION
                                      TO PRESERVE ALL
    - against -                           <u>CLAIMS AND DEFENSES</u>**

JPI TRADING CORP. and JOSEPH SAFDIEH,

                        Defendants.

------------------------------------------------------------x

      THIS STIPULATION TO PRESERVE ALL CLAIMS AND DEFENSES

("STIPULATION") is made, entered and executed on this 12th day of September, 2006,

between JEFFTEX INTERNATIONAL LTD., a foreign corporation having an office at

No. 57, Fu Hsing North Road, Taipei, Taiwan, Republic of China ("JEFFTEX"), JEFF

YOUNG, an individual domiciled in Taiwan, Republic of China ("YOUNG"), JPI

TRADING CORP., a New York corporation having an office at 1370 Broadway, New

York, New York 10018 ("JPI TRADING"), and JOSEPH SAFDIEH, an individual

domiciled in the State of New York ("SAFDIEH"), by and through their attorneys who

they have authorized to execute this STIPULATION on their behalf and to bind same

unto them.

## R E C I T A L

      WHEREAS this action was commenced on or about November 15, 2004 against

JPI TRADING and SAFDIEH for, *inter alia*, breach of contract and non-payment;

      WHEREAS in answering the complaint in the above captioned action, JPI

TRADING and SAFDIEH asserted claims against JEFFTEX and YOUNG for, *inter alia*,

breach of contract;

WHEREAS the parties to this action and to the claims asserted therein have all denied the claims asserted against them and raised defenses to said claims;

WHEREAS this action is presently on the Court's September 13, 2006 trial calendar and the Court indicated at the last court conference its reluctance to further reschedule the trial of this action beyond September 13, 2006;

WHEREAS each party hereto seeks to conduct additional discovery, including depositions, notwithstanding that the Note of Issue was filed in this action to satisfy the court imposed deadline to file same;

WHEREAS the defendants wish to explore the possibility of settling all the claims in this action before incurring any additional cost and expense for discovery and trial, and have requested plaintiff to discontinue without prejudice the action and with all parties' claims and defenses preserved if settlement is not reached and the action has to be recommenced;

WHEREAS on September 11, 2006 as an inducement and as consideration for plaintiff to discontinue the action as aforesaid to allow the exploration of settlement, SAFDIEH delivered and tendered his personal check (no. 6607) for the sum of $100,000, posted dated to November 10, 2006, and made payable to "Gottesman, Wolgel, Attorneys for Jefftex" (the "SAFDIEH'S PERSONAL CHECK");

## STIPULATION, COVENANT AND WARRANTY

NOW, THEREFORE, for and in consideration of SAFDIEH'S PERSONAL CHECK, the foregoing premises and for other good and valuable consideration, receipt and sufficiency of which are hereby acknowledged, JEFFTEX, YOUNG, JPI TRADING and SAFDIEH, by and through their respective attorneys who by executing this

STIPULATION on behalf of their clients has advised their client of the terms and covenants of this STIPULATION and received express authority from their client to execute this STIPULATION and to bind said client thereto, hereby stipulate, covenant and warranty as follows:

1.  The above recitals to this Settlement Agreement are fully incorporated herein by this reference thereto with the same force and effect as though restated herein as a representation and covenant.

2.  JEFFTEX, YOUNG, JPI TRADING and SAFDIEH each hereby agree to discontinue the above captioned action WITHOUT PREJUDICE and WITH FULL RESERVATION AND PRESERVATION of all the claims, causes of action, and defenses (the "Original Claims and Defenses") pled, alleged, asserted and raised in the following pleadings (the "Original Pleadings"):

   a.  Plaintiff's Second Amended Verified Complaint dated October 11, 2005;

   b.  Defendants' Verified Answer to Second Amended Verified Complaint with Counterclaim dated November 14, 2005; and

   c.  Counterclaim Respondents' Reply to Counterclaims dated December 8, 2005.

Copies of said Second Amended Verified Complaint, Verified Answer to Second Amended Verified Complaint with Counterclaim, and Reply to Counterclaim are annexed hereto as Exhibit A.

3

3.     It is expressly understood that, unless the terms and conditions set forth in paragraph 6 below are all fully satisfied, any party to this STIPULATION may at any time hereinafter either:

          a.    recommence/restore the above captioned action to restore the Original Claims and Defenses; or

          b.    commence a new action for Original Claims and Defenses.

Notwithstanding anything herein to the contrary, each parties expressly agree and covenant that they each will not recommence/restore the above captioned action or commence a new action for the Original Claims and Defenses before November 10, 2006.

4.     It is further expressly understood, agreed and covenanted by all the parties to this STIPULATION that in the event that the above captioned action is recommenced/restored or in the event a new action is commenced, the statute of limitation and/or doctrine of laches shall not be a defense or be a basis of a dispositive motion if such defense or basis did not exist at the time when the above referenced lawsuit was originally commenced on November 15, 2004.

5.     It is further expressly agreed that a defense premised upon the statute of limitation or upon the doctrine of laches, to the extent such defense did not exist at the time when this action was originally commenced on November 15, 2004, is hereby irrevocably waived as a defense in a new action for the Original Claims and Defenses.

6.     Provided that all the conditions delineated in this paragraph are all fully satisfied, the parties to this STIPULATION further expressly agree and covenant that they will not recommence/restore the above captioned action and will not commence a new action for the Original Claims and Defenses earlier than February 1, 2007:

    a.     This STIPULATION is fully executed by the attorneys for all the parties who have full and irrevocable authority to execute the STIPULATION on behalf of their respective clients and to bind their clients to the terms, conditions, stipulations, covenants and warranties stated herein;

    b.     SAFDIEH'S PERSONAL CHECK shall be fully negotiable and fully payable on November 10, 2006 when same is presented for payment on November 10, 2006 or such date thereafter, without restrictions and without conditions whatsoever, and regardless of any restriction, conditions, instructions or orders imposed by drawer, drawee, payor, SAFDIEH, Israel Discount Bank of New York or any other person or company;

    c.     Document discovery is being conducted and exchanged between the parties' attorneys in accordance with the schedules and dates set forth in this STIPULATION which may be amended upon the consent of all the parties' attorneys, with the first set of responses to the documents already demanded by the parties' attorneys to be produced within 45 days of the date of the STIPULATION.

A copy of SAFDIEH'S PERSONAL CHECK is annexed hereto as Exhibit B.

    7.     SAFDIEH expressly acknowledges hereby that SAFDIEH'S PERSONAL CHECK and his promise that same will be fully negotiable and fully payable on November 10, 2006 are given freely and without duress as consideration and material inducement to JEFFTEX and YOUNG to execute this STIPULATION, without which

JEFFTEX and YOUNG would not agree to execute this STIPULATION.  SAFDIEH
further expressly covenants and warrants that he will not himself, and will not direct or
cause anyone else, to:

    a.    Stop Payment on the SAFDIEH'S PERSONAL CHECK; or

    b.    impose restrictions or conditions to the SAFDIEH'S PERSONAL
        CHECK from becoming anything less than being fully negotiable
        and fully payable on November 10, 2006 and any date thereafter;
        or

    c.    deplete the funds necessary and needed on November 10, 2006 to
        make the SAFDIEH'S PERSONAL CHECK fully negotiable and
        fully payable.

8.    SAFDIEH further acknowledges and agrees that if, for any reason not
caused by JEFFTEX, YOUNG or their attorneys and banks, SAFDIEH'S PERSONAL
CHECK is not fully negotiable and fully payable on November 10, 2006 or such later
date when same is presented for payment, then it shall constitute a material breach
hereunder and a material misrepresentation.  In such event, JEFFTEX and YOUNG's
remedies shall include, but not limited to the following which may be exercised
concurrently or exclusively in any manner:

    a.    recommencing/restoring the above captioned action immediately;
        or

    b.    commencing a new action on the Original Claims and Defenses; or

    c.    commencing an action on the SAFDIEH'S PERSONAL CHECK
        and its non-negotiability.

9.      SAFDIEH further expressly agrees and authorizes that in the event that an action is commenced on SAFDIEH'S PERSONAL CHECK, JEFFTEX may avail itself to the procedural remedy of Section 3213 of the NY Civil Practice Law and Rules, and SAFDIEH hereby acknowledges that any instructions for the stop payment of SAFDIEH'S PERSONAL CHECK is not a defense (nor an issue of fact) to any action on SAFDIEH'S PERSONAL CHECK, and to the extent it is a defense such defense is irrevocably waived.  SAFDIEH expressly agrees and acknowledges that SAFDIEH'S PERSONAL CHECK constitutes a money only instrument as that term is understood and used in Section 3213 of the NY Civil Practice Law and Rules, regardless if the check is dishonored for the lack of sufficient funds or stop payment instructions.  SAFDIEH also hereby expressly agrees and authorizes that in the event of an action on SAFDIEH'S PERSONAL CHECK, JEFFTEX is entitled to collect interest on SAFDIEH'S PERSONAL CHECK from the date of this STIPULATION at the legal rate of interest provided by NY Civil Practice Law and Rules, together with the cost and expenses of the enforcement of SAFDIEH'S PERSONAL CHECK which shall include but not limited to legal fees and expense incurred by JEFFTEX, and other fees or sums authorized by NY General Obligation Law.

10.     Notwithstanding whether the parties ultimately settle all the claims or commence a new action for the Original Claims and Defenses or recommence/restore the above caption action because a settlement was not reached, SAFDIEH'S PERSONAL CHECK is given as consideration for the execution of this STIPULATION by JEFFTEX and YOUNG and as consideration to discontinue the above captioned action without prejudice as aforementioned, and if and only if SAFDIEH'S PERSONAL CHECK is

7

fully negotiated and fully paid upon presentment for payment on November 10, 2006 or such later date, it will be credited toward the debt claimed in the Original Claims and Defenses to be owed by JPI TRADING CORP. to JEFFTEX. SAFDIEH hereby waives and releases forever any causes of action he may have by reason of making and delivery SAFDIEH'S PERSONAL CHECK.

11.    It is hereby represented, covenanted and warranted, as evidenced by the execution of this STIPULATION, that all the parties to this STIPULATION is of the appropriate legal age, and is of sound mind, legal capacity and competency, and possess all requisite authority and board approval, to enter into, execute and deliver this STIPULATION, make the representations and covenants set forth herein, and perform all the obligations stated herein, and to execute any documents contemplated herein.

12.    This STIPULATION and the exhibits annexed hereto, and all other instruments and documents executed in connection herewith, including the Stipulation to Discontinue Action WITHOUT Prejudice (the agreed but unsigned form being annexed hereto as Exhibit C), embody the entire agreement between the parties in connection with the transaction contemplated hereby and there are no oral or parol agreements, representations, or inducements existing between the parties relating to the transaction contemplated hereby that are not expressly set forth herein and covered hereby.  This Agreement may not be modified except in writing signed by all the parties hereto.

13.    This STIPULATION shall be binding upon and shall inure to the benefit of the parties hereto, and their respective successors and assigns, and may be signed in counterparts.

14.    This STIPULATION shall be construed, governed and subject to the laws of the State of New York.

15.    This STIPULATION may be executed in one or more counterparts which together shall constitute one complete original document.  A facsimile signature on this STIPULATION shall be deemed an original signature for all purposes.

IN WITNESS WHEREOF, the parties hereto have executed this STIPULATION as of the day and year first above written.

| | |
|---|---|
| THOMAS G. CARULLI | STEWART W. LEE |
| NICHOLAS E. PANTELOPOULOS | Gottesman, Wolgel, Malamy, |
| Kaplan, von Ohlen & Massamillo, LLC | Flynn & Weinberg, P.C. |
| Attorneys for Defendants | Attorneys for Plaintiff |
| JPI Trading Corp. and Joseph Safdieh | Jefftex International Ltd. |
| 90 Park Avenue, 18th Floor | 11 Hanover Square, 4th Floor |
| New York, New York 10016 | New York, New York 10005 |
| Tel.: (212) 455-9256 | Tel.: (212) 495-0100 |

EXHIBIT 8

# GOTTESMAN, WOLGEL, MALAMY, FLYNN & WEINBERG, P.C.

SAMUEL GOTTESMAN (1905-1974)
HAROLD H. WOLGEL
KENNETH W. MALAMY
LAWRENCE L. FLYNN
STEVEN WEINBERG
ROBERT A. DASHOW

STEWART W. LEE
RICHARD B. DEMAS
KATIE D. SILVERS
RACHAEL FORTE

ATTORNEYS AT LAW
11 HANOVER SQUARE
NEW YORK, N.Y. 10005-2870

(212) 495-0100
FACSIMILE (212) 480-9797

ARNOLD A. SECUNDA (EMERITUS)
GERALD M. SMITH (EMERITUS)

IN REPLY REFER TO

14179

September 13, 2006

**VIA FACSIMILE (212) 455-9251**
**and FIRST-CLASS MAIL**

Nicholas E. Pantelopoulos, Esq.
Thomas G. Carulli, Esq.
Kaplan, von Ohlen & Massamillo, LLC
90 Park Avenue, 18th Floor
New York, New York 10016

> Re:  Jefftex International Ltd. v. JPI Trading Corp. et al.
>      NYS Supreme Court, New York County, Index No. 603811/04

Dear Mr. Pantelopoulos and Mr. Carulli:

This letter is to inform you that Judge Gammerman have directed counsel for all the parties to appear before him tomorrow morning, September 14, 2006 at 9:30 a.m.

Very truly yours,

Stewart W. Lee

GOTTESMAN, WOLGEL, MALAMY, FLYNN & WEINBERG, P.C.
Attorneys at Law
11 Hanover Square
New York, NY 10005
----------------------
(212) 495-0100

GWMF&W FACSIMILE NO. (212) 480-9797

FILE NO.:   _14179_

CLIENT/MATTER

MESSAGE TO:         _Nicholas E. Pantelopoulos, Esq._
FIRM/COMPANY:       _Thomas G. Caruccio, Esq._
                    _Kaplan, von Ohlen & Massamillo, LLC_
CITY/STATE          _New York, New York_
FAX NO.:            _(212) 455-9251_
MESSAGE FROM:       _Stuart W. Lees_

TOTAL NO. OF PAGES (INCLUDING COVER SHEET):   _2_

DATE OF TRANSMISSION:   _9/13/06_

TIME OF TRANSMISSION:   _5:30 P.M._

REMARKS:   _See Attached Immediately_

A COPY OF THIS TRANSMISSION /WILL NOT BE FORWARDED BY FIRST CLASS MAIL.

IF YOU DO NOT RECEIVE THIS TRANSMISSION CLEARLY
OR IF YOU WOULD LIKE TO VERIFY AND CONFIRM WHAT YOU HAVE RECEIVED, PLEASE
CALL OUR OFFICE (212) 495-0100

PLEASE NOTE: THIS FACSIMILE CONTAINS PRIVILEGED AND CONFIDENTIAL INFORMATION
INTENDED SOLELY FOR THE USE OF THE INDIVIDUAL(S) OR ENTITY NAMED ABOVE. IF THE
READER OF THIS FACSIMILE IS NOT THE INTENDED RECIPIENT OR SPECIFIC EMPLOYEE OR
AGENT RESPONSIBLE FOR DELIVERING IT TO SAID RECIPIENT, YOU ARE HEREBY NOTIFIED
THAT ANY DISSEMINATION OR DUPLICATION OF THIS FACSIMILE IS STRICTLY PROHIBITED.
IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY
TELEPHONE AND RETURN THE ORIGINAL TO US AT THE ABOVE ADDRESS. THANK YOU.

EXHIBIT 9

**GOTTESMAN, WOLGEL, MALAMY, FLYNN & WEINBERG, P.C.**
**Attorneys at Law**
**11 Hanover Square**
**New York, NY 10005**
------------------------
**(212) 495-0100**

**GWMF&W FACSIMILE NO. (212) 480-9797**

FILE NO.:                          *14179*

CLIENT/MATTER          *Soffex v.    JPE*

MESSAGE TO:           *Thomas G Carnelli, Esq.*

FIRM/COMPANY:        *Kaplan, von Ohlen, & Massamello, LLC*

CITY/STATE               *New York, NY*

FAX NO.:                    *(212) 455-9251*

MESSAGE FROM:        *Steven W. Lee*

TOTAL NO. OF PAGES (INCLUDING COVER SHEET): *7*

DATE OF TRANSMISSION: *September 19, 2006*

TIME OF TRANSMISSION: *2:50 PM.*

REMARKS:                  *Please see the Attached.*


A COPY OF THIS TRANSMISSION /WILL NOT BE FORWARDED BY FIRST CLASS MAIL.

IF YOU DO NOT RECEIVE THIS TRANSMISSION CLEARLY
OR IF YOU WOULD LIKE TO VERIFY AND CONFIRM WHAT YOU HAVE RECEIVED, PLEASE
CALL OUR OFFICE (212) 495-0100

PLEASE NOTE: THIS FACSIMILE CONTAINS PRIVILEGED AND CONFIDENTIAL INFORMATION
INTENDED SOLELY FOR THE USE OF THE INDIVIDUAL(S) OR ENTITY NAMED ABOVE. IF THE
READER OF THIS FACSIMILE IS NOT THE INTENDED RECIPIENT OR SPECIFIC EMPLOYEE OR
AGENT RESPONSIBLE FOR DELIVERING IT TO SAID RECIPIENT, YOU ARE HEREBY NOTIFIED
THAT ANY DISSEMINATION OR DUPLICATION OF THIS FACSIMILE IS STRICTLY PROHIBITED.
IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY
TELEPHONE AND RETURN THE ORIGINAL TO US AT THE ABOVE ADDRESS. THANK YOU.

# GOTTESMAN, WOLGEL, MALAMY, FLYNN & WEINBERG, P.C.

ATTORNEYS AT LAW
11 HANOVER SQUARE
NEW YORK, N.Y. 10005-2870

———

(212) 495-0100
FACSIMILE (212) 480-9797

SAMUEL GOTTESMAN (1905-1974)
HAROLD H. WOLGEL
KENNETH W. MALAMY
LAWRENCE L. FLYNN
STEVEN WEINBERG
ROBERT A. DASHOW

———

STEWART W. LEE
RICHARD B. DEMAS
RACHAEL FORTE

ARNOLD A. SECUNDA (EMERITUS)
GERALD M. SMITH (EMERITUS)

IN REPLY REFER TO

14179

September 19, 2006

**VIA FACSIMILE (212) 455-9251**
**and FIRST-CLASS MAIL**

Thomas G. Carulli, Esq.
Kaplan, von Ohlen & Massamillo, LLC
90 Park Avenue, 18th Floor
New York, New York 10016

Re:     Jefftex International Ltd. v. JPI Trading Corp. et al.
         NYS Supreme Court, New York County, Index No. 603811/04

Dear Mr. Carulli:

Further to my telephone conversation this afternoon (9/19/06), enclosed is the Proposed Stipulation waiving the affirmative defenses premised upon the prior action dismissed, res judiciata, collateral estoppel, issue preclusion and claim preclusion with respect to claims and counterclaim raised in the above referenced lawsuit and to be raised in the subsequent lawsuit. If the stipulation is agreeable, please execute same and have your clients reconfirm and ratify same with their execution.

Thank you for your courtesy and cooperation.

Very truly yours,

Stewart W. Lee

Enc.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------x
JEFFTEX INTERNATIONAL LTD.,                       Index No. 603811/04

                             Plaintiff,           **STIPULATION**
                                                  **TO WAIVE DEFENSE**
           - against -                            **OF PRIOR ACTION**

JPI TRADING CORP. and JOSEPH SAFDIEH,

                             Defendants.
-------------------------------------------------------------------x

THIS STIPULATION TO WAIVE DEFENSE OF PRIOR ACTION

("STIPULATION") is made, entered and executed on this 19th day of September, 2006,

between JEFFTEX INTERNATIONAL LTD., a foreign corporation having an office at

No. 57, Fu Hsing North Road, Taipei, Taiwan, Republic of China ("JEFFTEX"), JEFF

YOUNG, an individual domiciled in Taiwan, Republic of China ("YOUNG"), JPI

TRADING CORP., a New York corporation having an office at 1370 Broadway, New

York, New York 10018 ("JPI TRADING"), and JOSEPH SAFDIEH, an individual

domiciled in the State of New York ("SAFDIEH"), by and through their attorneys who

they have authorized to execute this STIPULATION on their behalf and to bind same

unto them.

## R E C I T A L

WHEREAS this action was commenced on or about November 15, 2004 against

JPI TRADING and SAFDIEH for, *inter alia*, breach of contract and non-payment, and

the complaint was subsequently amended with the consent of the court and parties hereto;

WHEREAS in answering the amended complaint in the above captioned action, JPI TRADING and SAFDIEH asserted claims against JEFFTEX and YOUNG for, *inter alia*, breach of contract;

WHEREAS issued was joined on or about December 2005 and the parties to this action and to the claims asserted therein have all denied the claims asserted against them and raised defenses to said claims;

WHEREAS after the Court denied the parties' respective applications for an adjournment, the parties authorized their respective attorneys to voluntarily discontinue the above captioned action without prejudice, to execute and file a stipulation which voluntarily discontinues the above captioned action without prejudice, and to notify the Court that the parties have voluntarily discontinued the above captioned action without prejudice.

WHEREAS on September 14, 2006, the parties' respective attorneys did voluntarily discontinue the above captioned action without prejudice, and filed such stipulation voluntarily discontinuing the action without prejudice, and did notify the Court of the parties' voluntarily discontinuance without prejudice.

WHEREAS on September 14, 2006, notwithstanding that the parties already voluntarily discontinued the action without prejudice by oral agreement and written stipulation, the Court dismissed the lawsuit, including the counterclaims, with prejudice, for failure to prosecute;

## STIPULATION, COVENANT AND WARRANTY

NOW, THEREFORE, for and in consideration of the foregoing premises and for other good and valuable consideration, receipt and sufficiency of which are hereby

2

acknowledged, JEFFTEX, YOUNG, JPI TRADING and SAFDIEH, by and through their

respective attorneys who by executing this STIPULATION on behalf of their clients have

advised their client of the terms and covenants of this STIPULATION and received

express authority from their client to execute this STIPULATION and to bind said client

thereto, hereby stipulate, covenant and warranty as follows:

1.      The above recitals to this STIPULATION are fully incorporated herein by

this reference thereto with the same force and effect as though restated herein as a

representation and covenant.

2.      JEFFTEX, YOUNG, JPI TRADING and SAFDIEH each hereby agree to

waive, and agree not to assert or to raise in any future or subsequent lawsuit for the same

claims and counterclaims asserted in the above captioned action, the following:

> a. The affirmative defense premised upon a prior action dismissed with
>
>   prejudice;
>
> b. The affirmative defense premised upon a prior action dismissed with
>
>   prejudice;
>
> c. The affirmative defenses premised upon res judiciata, collateral
>
>   estoppel, issue preclusion or claim preclusion;

with respect to the claims and/or counterclaims raised in the above captioned action and

to be raised in the subsequent lawsuit.

3.      It is hereby represented, covenanted and warranted, as evidenced by the

execution of this STIPULATION, that all the parties to this STIPULATION is of the

appropriate legal age, and is of sound mind, legal capacity and competency, and possess

all requisite authority and board approval, to enter into, execute and deliver this

STIPULATION, make the representations and covenants set forth herein, and perform all the obligations stated herein, and to execute any documents contemplated herein after having had a reasonable opportunity to exercise and review with advice of counsel.

4.     This STIPULATION embody the entire agreement between the parties in connection with the transaction contemplated hereby and there are no oral or parol agreements, representations, or inducements existing between the parties relating to the transaction contemplated hereby that are not expressly set forth herein and covered hereby.  This Agreement may not be modified except in writing signed by all the parties hereto.

5.     This STIPULATION shall be binding upon and shall inure to the benefit of the parties hereto, and their respective successors and assigns, and may be signed in counterparts.

6.     This STIPULATION shall be construed, governed and subject to the laws of the State of New York.

7.     This STIPULATION may be executed in one or more counterparts which together shall constitute one complete original document.  A facsimile signature on this STIPULATION shall be deemed an original signature for all purposes.

IN WITNESS WHEREOF, the parties hereto have executed this STIPULATION as of the day and year first above written.

<table>
<tr><td>THOMAS G. CARULLI</td><td>STEVEN WEINBERG</td></tr>
<tr><td>Kaplan, von Ohlen & Massamillo, LLC</td><td>Gottesman, Wolgel, Malamy,</td></tr>
<tr><td>Attorneys for Defendants</td><td>Flynn & Weinberg, P.C.</td></tr>
<tr><td>JPI Trading Corp. and Joseph Safdieh</td><td>Attorneys for Plaintiff</td></tr>
<tr><td>90 Park Avenue, 18th Floor</td><td>Jefftex International Ltd.</td></tr>
<tr><td>New York, New York 10016</td><td>11 Hanover Square, 4th Floor</td></tr>
</table>

4

Tel.: (212) 455-9256                    New York, New York 10005
                                        Tel.: (212) 495-0100


Though this Stipulation is enforceable solely upon the above execution by the parties'
counsel, this Stipulation and the agreements therein are hereby re-confirmed and ratified
by:


_____        _____
JOSEPH SAFDIEH                          Dated:


_____        _____
JPI TRADING CORP.                       Dated:
By Joseph Safdieh as President


_____        _____
JEFF YOUNG                              Dated:


_____        _____
JEFFTEX INTERNATIONAL LTD.              Dated:


5