UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x

JEFFTEX INTERNATIONAL LTD.,

                         Plaintiff,

        – against –

JPI TRADING CORP., et al.,

                     Defendants.

------------------------------------------------x

07 Civ. 10460 (TPG)

**OPINION**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/20/09

      Defendants move to dismiss this action on the ground of res judicata. The motion is granted.

## **Background**

      Plaintiff Jefftex International alleges that defendants JPI Trading and Joseph Safdieh failed to pay Jefftex for merchandise that JPI ordered and received from Jefftex. Jefftex asserts eleven causes of action related to these allegations, including breach of contract, unjust enrichment, and an alter ego claim as to Safdieh's relationship to JPI.

      Jefftex previously filed an action against the same defendants, raising essentially the same factual allegations and causes of action, in the Supreme Court, New York County. See Index No. 603811/04.

      In May 2006, the parties conferred with the trial court and scheduled the case for trial on September 13, 2006. On September 13, the parties appeared and the court ordered jury selection to begin.

However, the parties apparently disregarded that order and entered into a stipulation to dismiss the case without prejudice.

On September 14, the parties notified the trial judge of the stipulation, but the judge refused to recognize it because a dismissal without prejudice would merely operate as "an adjournment" of the case, which the judge was not inclined to accept. Instead, the judge insisted that the parties proceed to jury selection. The parties informed the court that they were not ready to proceed with trial, in part because plaintiff's lead attorney was scheduled to begin another trial a few days later, and its key witness was in Taiwan but had not yet applied for a visa to enter the United States. The judge therefore dismissed the case with prejudice for failure to prosecute. Plaintiff objected to the dismissal, but did not appeal or move to vacate the order.

## Res Judicata

Defendants move to dismiss the complaint primarily on res judicata grounds. Plaintiff responds, in essence, that the earlier judgment was invalid and non-final, and therefore does not have preclusive effect.

When determining the effect of a state court judgment, federal courts are required to apply the preclusion law of the rendering state. Conopco, Inc. v. Roll Int'l, 231 F.3d 82, 87 (2d Cir. 2000). Under New York res judicata law, a valid final judgment bars future actions between the same parties on claims arising out of the same series of transactions.

Parker v. Blauvelt Volunteer Fire Co., 93 N.Y.2d 343, 347 (1999). When a prior case was dismissed with prejudice, that dismissal is treated as a dismissal on the merits, even if the court did not actually address the merits of the case. Yonkers Contracting Co. v. Port Auth. Trans-Hudson Corp., 93 N.Y.2d 375, 380 (1999).

There is no dispute that the instant case involves the same parties and the same series of transactions as the state court case. Therefore, the only question for decision is whether the state court's dismissal with prejudice was a valid and final judgment.

Plaintiff raises three basic arguments. First, it argues that the dismissal was not a final judgment. Second, it argues that the dismissal with prejudice was invalid. Third, it argues that by asserting res judicata here, defendants are breaching their agreement in the state court stipulation that the dismissal would be without prejudice. None of these arguments has merit.

There is no merit to plaintiff's contention that a dismissal with prejudice is somehow a preliminary order without preclusive effect, rather than a final judgment. To the contrary, as discussed above, a dismissal with prejudice is a final judgment on the merits. See Yonkers Contracting, 93 N.Y.2d at 380; Bray v. Cox, 38 N.Y.2d 350, 353 (1976); Yoon v. Fordham Univ. Faculty, 173 Fed. App'x 936, 939 (2d Cir. 2006).

With regard to plaintiff's contention that the state court judgment was invalid because the parties had already voluntarily dismissed the

case, that argument should have been raised in an appeal in state court. Plaintiff cannot now avoid the effect of its decision not to take such an appeal by bringing a new case based on substantially the same claims. Sterrer v. Calestine, 59 N.Y.2d 1030, 1032 (1982).

In any event, the court had the authority to dismiss the action since, at "any scheduled call of a calendar . . . , if all parties do not . . . proceed or announce their readiness to proceed immediately . . . , the judge may make such order as appears just." N.Y. Comp. Codes R. & Regs. tit. 22, § 202.27, 202.27(c). Here, when the parties announced that they could not proceed with trial as scheduled, the court was empowered to dismiss the action. Moreover, the stipulation of voluntary dismissal appears to have been a nullity that did not deprive the court of jurisdiction over the case, since the court rules required that if "the action has been noticed for judicial activity within 20 days of such discontinuance, the stipulation or statement shall be filed before the date scheduled for such activity." Id. § 202.28. The cases cited by plaintiff are not to the contrary.

Finally, there is no merit to plaintiff's contention that defendants are violating the stipulation by asserting a defense of res judicata. That stipulation was invalid as a result of the court's order dismissing the case with prejudice.

The dismissal with prejudice of the state court action was a valid and final judgment on the merits. Plaintiff's claims in this action are therefore precluded by the prior decision of the New York state court.

### Conclusion

Defendants' motion to dismiss is granted, and the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: New York, New York
       March 20, 2009

Thomas P. Griesa<br>U.S.D.J.